# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

SHANNON OLSON,

        Plaintiff,

    v.

TAKEDA PHARMACEUTICALS
AMERICA, INC., TAKEDA
PHARMACEUTICALS USA, INC., f/k/a
TAKEDA PHARMACEUTICALS
NORTH AMERICA, INC., TAKEDA
PHARMACEUTICALS COMPANY,
LIMITED, TAKEDA
PHARMACEUTICALS COMPANY
LIMITED, N.A., JODI GAYLE-
GARCIA, in her individual and official
capacities, MATTHEW HAND, in his
individual and official capacities,
GREGORY CROUCH, in his individual
and official capacities, CHRISTINE
MEALEY, in her individual and official
capacities, HEIDI MILLER, in her
individual and official capacities,

        Defendants.

**CASE NO: 8:23-CV-00590**

## DEFENDANT JODI GAYLE-GARCIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Shannon Olson attempts to equate ordinary disagreements in the workplace into conduct that is so outrageous it cannot be tolerated in a civilized society. She also seeks to hold Defendant Jodi Gayle-Garcia liable for alleged adverse actions under federal and Florida anti-discrimination laws, neither of which create civil liability for individuals unless they qualify as statutory employers.

Gayle-Garcia does not. Gayle Garcia therefore moves to dismiss Olson's claims against her with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**<u>MEMORANDUM OF LAW</u>**

## I.    INTRODUCTION

Plaintiff Shannon Olson filed a kitchen-sink lawsuit against Takeda and several current and formal employees alleging discrimination or retaliation based on almost every available protected class. While she tries to replace merit with prolixity, the core deficiency of her Complaint is that federal and Florida anti-discrimination and retaliation laws create a private right of action only against statutory employers. And, though Gayle-Garcia's counsel identified this blatant and incurable deficiency during the conferral process, Olson nonetheless chose to maintain these claims—even though these claims are directly barred by binding Eleventh Circuit authority. *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (noting "this court has held that neither [Title VII nor the ADEA] countenance individual liability . . . . we also have held that individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA" and holding no individual liability under the anti-retaliation provision of the ADA); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a

2

96692527v.2

private company."); *Tedder v. Inch,* No. 3:19-CV-742-MMH-JRK, 2021 WL 778909, at \*11 (M.D. Fla. Mar. 1, 2021) ("As a matter of law, the ADA, Title VII, and the [Florida Civil Rights Act] do not provide for individual liability.") (extensive citations omitted).

Olson's only remaining claim against Gayle-Garcia for intentional infliction of emotional distress ("IIED") (Count XV) likewise fails. Olson lists a litany of perceived slights and complaints about her employment at Takeda, but the facts alleged fall far short of the high standard to establish that Gayle-Garcia's alleged conduct is "atrocious, and utterly intolerable in a civilized community." *Malverty v. Equifax Info. Servs.,* LLC, 407 F. Supp. 3d 1257, 1263 (M.D. Fla. 2019) (citing *LeGrande v. Emmanuel,* 889 So. 2d 991, 994 (Fla. 3d DCA 2004)).

## II.    OLSON'S ALLEGATIONS

After nearly two decades of issue-free employment at Takeda, Plaintiff Shannon Olson hit a rough patch. (Compl. ¶ 1, ECF No. 1.) Olson, a long-time sales representative, began reporting to Defendant Jodi Gayle-Garcia, a District Business Manager at Takeda. (*Id.* ¶¶ 1-2.)

Gayle-Garcia, according to Olson, hired Jordan Davis, an under-40 African American male and family friend of the Gayle-Garcia's. (*Id.* ¶¶ 3-5, 9.). Olson suspects Gayle-Garcia hired Davis to fill unspecified obligations under Takeda's Diversity, Inclusion, and Equity Policy, which is neither described nor attached to the Complaint. (*Id.* ¶ 9.) Over the following months, Olson claims she suffered a series of slights from Gayle-Garcia ranging from not being immediately informed

96692527v.2

that she was selected to represent her sales district on conference calls (*id.* ¶¶ 8-9), to supposedly inadequate expressions of sympathy in response to personal family issues she experienced (*id.* ¶¶ 15-17), to being directed by Gayle-Garcia to spend additional time attempting to improve Davis's performance (*id.* ¶¶ 22-40). Olson then catalogues a series of meetings where Gayle-Garcia encouraged Olson to help Davis, a new employee, improve his performance, and she expresses her dissatisfaction with the disparity between his performance and her own. (*Id.* ¶¶ 22-42.)

On January 8, 2021, Takeda promoted Gayle-Garcia to a new role, and Olson does not allege any additional activity by Gayle-Garcia in the balance of her Complaint.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. The Court accepts the factual allegations as true and construes them in the light most favorable to the non-moving party. *Echols v. Lawton, 913 F.3d 1313, 1319 (11th Cir. 2019)* (citation omitted). Legal conclusions, though, "are not entitled to the assumption of truth," *Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)*, and the complaint, stripped of all legal conclusions, must make a claim for relief not merely possible, but plausible. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*.

## IV.    ARGUMENT

4

96692527v.2

Gayle-Garcia should not be a defendant in this lawsuit. As an individual, she cannot be liable for alleged discrimination or retaliation under Title VII, the ADA, or the FCRA. And Olson's common-law claim for IIED is similarly defective, because Gayle-Garcia's alleged actions are not remotely close to the "extreme and outrageous" conduct required to state a viable IIED claim. Gayle-Garcia therefore requests that the Court dismiss Olson's claims against her with prejudice.

### A.      Individual liability does not exist under Title VII , the ADA, or the FCRA.

Olson's claims against Gayle Garcia under Title VII, the ADA, and the FCRA all fail because these statutes do not generate individual liability. *See, e.g.*, *Albra, 490 F.3d at 830* (noting "this court has held that neither [Title VII nor the ADEA] countenance individual liability . . . . we also have held that individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA" and holding no individual liability under the anti-retaliation provision of the ADA); *Dearth, 441 F.3d at 933* ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company."); *Tedder, 2021 WL 778909, at *11* ("As a matter of law, the ADA, Title VII, and the FCRA do not provide for individual liability.") (extensive citations omitted).

In each of these statutes, a private right of action is available only against a statutory "employer," which requires the "employer" to "employ" a specified

5

96692527v.2

number of employees. 42 U.S.C. § 2000e-2; 42 U.S.C. § 12111(5)(A); Fla. Stat. § 760.02(7). Gayle-Garcia is an individual *employee* who does not qualify as a statutory employer, and the statutory claims against her are clearly and unambiguously barred by binding Eleventh Circuit precedent.

**B.   Olson cannot state an IIED claim against Gayle-Garcia based on petty work disagreements.**

Olson's IIED claim fares no better because she failed to allege sufficiently extreme or outrageous conduct by Gayle-Garcia. "To state a cause of action for intentional infliction of emotional distress, a complaint must allege four elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. 2d DCA 2007)*. The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* (internal citation and quotations omitted).

In evaluating whether conduct is adequately outrageous, "the subjective response of the person who is the target of the actor's conduct does not control . . . Rather, the court must evaluate the conduct as objectively as is possible to determine whether it is atrocious, and utterly intolerable in a civilized community." *Malverty v. Equifax Info. Servs., LLC, 407 F. Supp. 3d 1257, 1263 (M.D. Fla. 2019)* (citing *Liberty Mut. Ins. Co., 968 So. 2d at 595*.

Florida law requires a "particularly high" degree of outrageousness to survive a motion to dismiss. *See Patterson v. Downtown Med. &Diagnostic Ctr.,*

96692527v.2

*Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994). False accusations, threats, or insults are insufficiently outrageous or intolerable to generate liability. *See Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012) (quoting *Williams v. Worldwide Flight Servs., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (per curiam)). And even prolonged courses of disturbing or inappropriate conduct cannot state a claim as a matter of Florida law. *See Lay v. Roux Labs., Inc.*, 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (finding insufficient, as a matter of law, plaintiff's claim for intentional infliction of emotional distress when employer threatened her with job loss and used humiliating language).

Florida courts elevate this lofty standard even further when the alleged IIED occurred in the course of employment. *See Lara v. Painting Concepts, Inc.*, No. 09-81573-CIV, 2010 WL 11505192, at *2 (S.D. Fla. May 21, 2010) (collecting cases and noting that precedent "especially within the employment context" demonstrates "an unwillingness by Florida courts to allow a plaintiff to proceed on [an IIED] theory").

Olson's allegations do not come close to meeting this standard. Her allegations against Gayle-Garcia are based on her apparent belief that Davis received better treatment than her, that his poor performance generated more work for her, Takeda personnel expressed more empathy towards him than toward her, and Gayle-Garcia treated Davis better due to his relationship with her family or because of supposed obligations under Takeda's DEI policy. (Compl. ¶¶ 3, 5, 9, 22-40, ECF No. 1.)

96692527v.2

Garden-variety disagreements during a job—even those involving allegedly hostile behavior or "vicious verbal attacks"—are insufficiently extreme and outrageous to form a viable IIED claim. *Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012); *see also Roberts v. Amtrust Bank*, 2014 U.S. Dist. LEXIS 176128, *7 ("the complained-about conduct concerns allegations that Plaintiff was held to a 'higher' standard than other employees and was subjected to criticisms of her work performance and unjust evaluations . . . Given the outrageousness requirement, the Court finds that this behavior does not meet the [IIED] standard."); *Lay, 379 So. 2d at 452* (rejecting IIED claim when employer threatened plaintiff with job loss and used humiliating language); *Williams, 877 So. 2d 869, 870-71 (Fla. 3d DCA 2004)* (constant use of racial slurs and offensive racial language and false accusations are insufficiently outrageous because liability for IIED "does not extend to mere insults, indignities, threats, or false accusations"). The Court should therefore also dismiss Olson's IIED claim with prejudice.

## C. Olson's freestanding claims for "damages" and "declaratory relief" are not viable.

To the extent that Olson's freestanding claims for "damages" and "declaratory relief" are viewed as claims rather than requests for relief, those claims fail because they lack any explanation for why Gayle-Garcia is liable and because Olson's statutory and common-law claims are defective.

## V. CONCLUSION

8

If any harassment occurred, it has been Olson's harassment of current or former Takeda employees by asserting obviously defective and frivolous claims against them. Binding Eleventh Circuit precedent forecloses any individual liability against Gayle-Garcia under Title VII, the ADA, and the FCRA. And Olson's IIED claim against Gayle-Garcia likewise fails because she does not allege sufficiently extreme and outrageous conduct. Gayle-Garcia therefore requests the dismissal of all claims against her and reserves her right to see fee-shifting for frivolity grounds if Olson's response is anything other than the prompt dismissal of her claims against Gayle-Garcia.

## **Local Rule 3.01(g) Certification**

The undersigned certifies that he repeatedly attempted to confer regarding the bases identified in this motion. On Tuesday, July 18, counsel requested clarification regarding whether Olson intended to raise statutory discrimination and retaliation claims against the individual defendants in light of the extensive and uniform Eleventh Circuit case law holding otherwise. The same day, counsel requested to confer with Olson's counsel on Wednesday, Thursday, or Friday. On July 20, counsel sent a follow-up email again requesting Olson's counsel's availability to confer. At the time this motion was filed, Olson's counsel had not responded.

96692527v.2

DATED: July 21, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Alex Meier*
    Alex Meier
    ameier@seyfarth.com
    Florida Bar No. 1011557
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia 30309-3958
    Telephone: (404) 885-1500
    Facsimile: (404) 892-7056

    Attorney for Defendant Takeda
    Pharmaceuticals America, Inc.

10

96692527v.2

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

SHANNON OLSON,

        Plaintiff,

   v.

TAKEDA PHARMACEUTICALS
AMERICA, INC., TAKEDA
PHARMACEUTICALS USA, INC., f/k/a
TAKEDA PHARMACEUTICALS
NORTH AMERICA, INC., TAKEDA
PHARMACEUTICALS COMPANY,
LIMITED, TAKEDA
PHARMACEUTICALS COMPANY
LIMITED, N.A., JODI GAYLE-
GARCIA, in her individual and official
capacities, MATTHEW HAND, in his
individual and official capacities,
GREGORY CROUCH, in his individual
and official capacities, CHRISTINE
MEALEY, in her individual and official
capacities, HEIDI MILLER, in her
individual and official capacities,

        Defendants.

**CASE NO: 8:23-CV-00590**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed DEFENDANT

JODI GAYLE-GARCIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS

MOTION TO DISMISS PLAINTIFF'S COMPLAINT using the CM/ECF system,

which will automatically send e-mail notification of such filing to all counsel of

record.

96692527v.2

By:    /s/ *Alex Meier*
        Alex Meier
        Attorney for Defendant

12