# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

SHANNON OLSON,

    *Plaintiff,*

v.

TAKEDA PHARMACEUTICALS
USA, Inc., *et al.,*

    *Defendants.*

Civil Action No. 8:23-cv-00590-TPB-CPT

## DECLARATION OF PLAINTIFF SHANNON OLSON IN RESPONSE TO JULY 25, 2023 ORDER

**I, SHANNON OLSON, declare as follows:**

1. I am an adult resident of Pinellas County, Florida and competent to render this declaration. I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

2. I am the Plaintiff in the above-captioned action and submit this declaration in response to the Court's July 25, 2023 Order regarding the venue in which this action was filed. (ECF No. 24). Specifically, the Court stated "the events alleged appear connected to the Neuroscience Division of Takeda's Jacksonville division office" and therefore "it is unclear whether venue is proper within the Tampa Division." *Id.* I was directed to file a response on or before August 1, 2023.

3. In response, I respectfully inform the Court that Takeda does not have physical "division offices"; rather, Takeda's business operations in the State of Florida

1

are organized based into four geographic regions, which are: (1) the Jacksonville Region; (2) the Southern Region; (3) the Coastal Region; and (4) the Northern Region.

4. Defendants Jodi Gayle-Garcia and Matthew Hand, and I all worked within the "Jacksonville Region" which is subsequently divided into six (6) different territories, including Saint Petersburg, Northern Orlando, Southern Orlando, Tallahassee, Daytona Beach, and Jacksonville.

5. I am a resident of Pinellas County, Florida and reside in St. Pete Beach, Florida. As a sales representative, my "office" is my home. Likewise, Defendants Jodi Gayle-Garcia, Matthew Hand, and Gregory Crouch also work from their respective homes. Ms. Gayle-Garcia and Mr. Hand both reside within this Division, in that Ms. Gayle-Garcia lives in the Tampa area (either Pasco or Hillsborough County) and Mr. Crouch lives in the Sarasota area (either Manatee or Sarasota County).[1] while Mr. Crouch is a resident of the State of Tennessee.

6. Based on the assignments, residences, remote nature of our work, and being that no physical geographic offices exists in Jacksonville, Florida, this venue was selected due to the convenience of the parties and the availability of witnesses.

7. No Defendant in this action resides, works, or physically lives in Jacksonville, Florida. The only connection to Jacksonville, Florida is the name of the region Takeda has applied to the territories in the northern and central portions of the State of Florida.

---

[1] Mr. Crouch is a resident of the State of Tennessee; therefore, his residence does not sway one way or another as to whether the appropriate venue is Tampa or Jacksonville.

8. I, along with all individual Defendants, either live within the Tampa area (in the geographic locations mentioned above) or if not a resident of the Tampa area, nonetheless conduct business within the Tampa area from their respective homes.

9. Most critical to the question concerning venue is the fact that no Defendant resides in Jacksonville, Florida, and no Defendant has any contacts or connection to Jacksonville Florida greater than its connection to the Saint Petersburg area and the division in which this action was filed.

10. Based on the location of the parties, the work conducted that concerns the Saint Peterburg area, the availability of witnesses, and the non-existence of a Jacksonville office, the Tampa Division of the Middle District of Florida is the appropriate venue for this action.

I declare under the penalty of perjury under the laws of the United States of America and the State of Florida that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: _31 July 2023_

_Shannon Olson_
SHANNON OLSON

3