| | |
|---|---|
| **SHANNON OLSON**, <br><br> *Plaintiff,* <br><br> v. <br><br> **TAKEDA PHARMACEUTICALS AMERICA, INC.**, *et al.*, <br><br> *Defendants.* | Case No.: 8:23-cv-00590-TPB-CPT |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'[1] PARTIAL MOTION TO DISMISS

## INTRODUCTION

On August 23, 2023, Plaintiff filed a 15-count First Amended Complaint ("FAC") against Takeda Pharmaceuticals America, Inc. ("Takeda") and Jodi Gayle-Garcia, Matthew Hand, Gregory Crouch, Christine Mealey, and Heidi Miller (collectively, the "Individual Defendants"), all of whom are current or Takeda former employees. [ECF No. 33].

On September 6, 2023, Takeda and the Individual Defendants filed respective Motions to Dismiss. [ECF No.'s 36 & 37]. The Individual Defendants seek dismissal of Plaintiff's intentional infliction of emotional distress ("IIED") claim (Count XV) lodged against each of the Individual Defendants, respectively.[2] Takeda seeks

---

[1] Plaintiff files this opposition in response to Defendants Jodi Gayle-Garcia, Matthew Hand, and Christine Mealey's (collectively, "Individual Defendants") Motion [ECF No. 36] as well as Defendant Takeda Pharmaceuticals America, Inc.'s Motion [ECF No. 37] as a single opposition to conserve the judicial economy of this Court.

[2] Plaintiff has already advised Defendants that it does not assert a Title VII claim against any of the Individual Defendants and any argument seeking the dismissal of such claim as to the Individual Defendants, *exclusively*

dismissal of Plaintiff's claims alleging disparate treatment (Count I), disparate impact (Count II), failure to accommodate (Counts VIII and XII), hostile work environment (Counts IX and XIII), and retaliation (Counts V, VI, X, and XIV). Plaintiff voluntarily dismisses her Title VII disparate impact claim (Count II), her ADA and FCRA failure to accommodate claims (Counts VIII and XII).

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; rather, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Importantly, "plausibility is not a probability standard." *Id*.

---

(i.e., not against Takeda), is moot as Plaintiff voluntarily dismisses any such potential claims in filing this Opposition.

<u>**ARGUMENT**</u>

**I:     PLAINTIFF'S TITLE VII DISPARATE TREATMENT CLAIM (Count I) IS WELL-PLED.**

The sole basis for which Takeda seeks dismissal of Plaintiff's disparate treatment claim rests upon the unfounded assertion that "Plaintiff did not suffer an adverse action." (Def.'s Mot. at 10). Interestingly, Takeda itself acknowledges that even a single "serious and material change in the terms, **conditions**, or privileges of employment" constitutes adverse employment action. (*Id.* at 11) (citing *Crawford v. Carroll*, 529 F.3d 961, 970-71 (11th Cir. 2008) (emphasis added).

A plain reading of Plaintiff's FAC unequivocally establishes that Plaintiff has pled sufficient facts to allege a "serious and material change in [*inter alia*] the terms of her employment." *Crawford*, 529 F.3d 961, 970-71. Specifically, the FAC alleges "Defendants purposefully, willfully, intentionally, or recklessly disparately treated Plaintiff by taking discrete action[3] against her, (FAC ¶ 142), and that each of the

---

[3] The specific examples of the discrete action alleged in the FAC include: "Harassing and ridiculing Plaintiff; Refusing to provide any information as to why it denied Plaintiff's accommodation request; Implementing, promulgating, and enforcing a mandatory vaccination policy without any intention of ever giving religious accommodation requests any meaningful review or consideration; Implementing, promulgating, and enforcing a mandatory vaccination policy without any intention of ever granting a religious accommodation to Plaintiff regardless of her lawful entitlement to a religious accommodation; Forcing Plaintiff to apply for a religious accommodation and participate in a "sham" accommodation request process where the decision to deny her request was pre-determined; Failing to give due consideration or review Plaintiff's accommodation request on a case-by-case basis; Screaming, demeaning, ridiculing, harassing, embarrassing, humiliating, condemning, threatening, and otherwise inflicting emotional distress upon Plaintiff because she requested an accommodation; Scheduling a "Discussion" meeting to facilitate an environment for Mr. Crouch and Mr. Hand to engage in the aforesaid action alleged in the above sub-paragraph; Lying to Plaintiff by claiming the vaccines effectuated the means sought to be effectuated by the COVID-19 vaccination policy; Concealing the efficacy and safety of the vaccines Takeda sought to coerce into Plaintiff's body; Lying to Plaintiff concerning the vaccines' ability to prevent contraction of COVID-19; Lying to Plaintiff concerning the vaccines' ability to prevent transmission of COVID-19; Lying to Plaintiff by telling her Takeda would endure an "undue hardship" if it maintained Plaintiff's employment if she remained unvaccinated; Assigning Plaintiff additional work outside the scope of her duties because she is religious; Failing to compensate Plaintiff for the additional work she performed at

enumerated examples of complained of discrete action "constitutes adverse employment action." Even assuming *arguendo* Takeda's arguments concerning Mr. Davis' second income stream and Takeda's outside employment policy, the denial of Plaintiff's short-term disability benefits, and the refusal to accommodate her sincerely held religious beliefs were controlling, Plaintiff has alleged another dozen examples of adverse employment action—namely, the serious and material change in *inter alia* the conditions of her employment—all of which remain unaddressed, unchallenged, and under the Rule 8 notice pleading standard, Plaintiff has therefore sufficiently pled that she has suffered adverse employment action.

To the extent Takeda asserts that Plaintiff's FAC fails to specifically define the adverse employment action as a serious and material change in conditions of employment, such specificity is not required to survive a Rule 12 motion. Indeed, a Complaint "does not need detailed factual allegations" . . . [n]or must a complaint allege with precision all of the elements of a cause of action . . .". *Welch v. Theodorides*, 677 F.Supp.2d 1283 (N.D. Fla. 2010) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)). Rather, Fed. R. Civ. P. 8 requires no more than "a short and plain statement of the claim showing that the pleader is entitled to relief . . .", and Plaintiff has overwhelmingly satisfied this low-threshold pleading standard.

---

Takeda outside the scope of her duties because she is religious; and Refusing to accommodate Plaintiff despite her lawful entitlement to such an accommodation."

## II: PLAINTIFF'S TITLE VII, FCRA, AND ADA RETALIATION AND HOSTILE WORK ENVIRONMENT CLAIMS (COUNTS V, VI, X, and XIV) ARE WELL-PLED.

Faced with insurmountable factual support that sufficiently pleads *prima facie* claims for retaliation and hostile work environment under Title VII, the FCRA, and the ADA, Takeda wholly ignores the well-established Rule 8 pleading standard and instead, argues that Plaintiff's retaliation and hostile work environment claims should be dismissed because the comprehensive factual allegations in Plaintiff's FAC are allegedly "impermissible shotgun complaint allegations that fail to identify the activity underlying the claim." (Def.'s Mot. at 19). But this argument is without merit.

Plaintiff's FAC is not a shotgun Complaint. In *Alvarez v. Lakeland Area Mass Transit Dist.*, this Court squarely addressed this very issue, holding that a Complaint that "does not combine claims under different statutes into the same count" is not subject to dismissal under Rule 12 on the basis of a "shotgun-type" pleading basis. 406 F. Supp. 1348, 1353 (M.D. Fla. 2019) (denying motion to dismiss and rejecting "shotgun complaint" argument).

Under Counts V[4] and VI[5], Plaintiff specifically alleges that Defendants retaliated against her "because she protested, opposed, and or spoke out against Defendants' religious discrimination." (FAC ¶¶ 207, 214). Plaintiff defines "Defendants' religious discrimination in paragraph 179 of the FAC, specifically articulating *sixteen fact-specific examples* of the impermissible and unlawful

---

[4] Count V of Plaintiff's FAC asserts a claim for retaliation on the basis of religion in violation of Title VII.
[5] Count VI of Plaintiff's FAC asserts a claim for retaliation on the basis of religion in violation of the FCRA.

discriminatory conduct Takeda engaged in because of Plaintiff's religion and sincerely held religious beliefs. (*Id.* ¶ 179).

Plaintiff then alleges that Takeda "retaliated against her because she protested, opposed, and or spoke out against *Defendants' religious discrimination*" by "Harassing and ridiculing [her] because of her disability; threatening her; refusing to compensate her, forcing her to work while on Short Term Disability Leave, publicizing that Plaintiff was disabled to one or more persons, denying Plaintiff's request for a medical accommodation without any justification, and refusing to inform Plaintiff why her accommodation request was denied." (*Id.* ¶¶ 207, 214, 256). As such, there is no dispute Plaintiff's retaliation claims are well-pled. To the extent that Takeda wishes for Plaintiff to file an errata or Second Amended Complaint to correct a typographical error (misnaming Takeda as the Defendant in paragraphs 255-56), Plaintiff is more than willing to do so.

## III: PLAINTIFF'S IIED CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE WELL-PLED.

To state a claim for intentional infliction of emotional distress under Florida law, the following four elements must be shown: (1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress. *See Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990). Here, the Individual Defendants merely raise a question of fact as to whether Plaintiff's IIED claim meets the "outrageous" standard.

(Def.'s Mot at 20-21). But fact-specific inquires do not give rise to dismissal under Rule 12. Instead, the Individual Defendants raise an issue that should be entertained on a motion for summary judgment after discovery has been conducted.

While it is true that liability for intentional infliction of emotional distress will lie only where the conduct in question has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community, *see Metropolitan Life Insurance Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla.1985), it is fair to say that an overwhelming amount of conduct that we as a society once viewed as normal or otherwise fell far short of constituting conduct "atrocious and utterly intolerable in a civilized community", this standard has rapidly changed and therefore, this question of fact is best positioned to be addressed, at the earliest, after discovery has been completed.

## **CONCLUSION**

For these reasons, the Court should deny the Individual Defendants' motion to dismiss Plaintiff's IIED claim, and also deny Takeda's motion to dismiss as to Plaintiff's disparate treatment claim, hostile work environment claims, and retaliation claims and allow these claims to be adjudicated on the merits along with the uncontested religious discrimination and disability retaliation claims asserted in her FAC. Alternatively, to the extent this Court finds Plaintiff's retaliation and hostile work environment claims remain unclear, Plaintiff respectfully requests that this Court grant her leave to file a Second Amended Complaint clarifying the factual allegations.

Such request is in accordance with the relief Takeda seeks; namely, that this Court dismiss the claims without prejudice with leave to re-plead the same. *See* Def.'s Mot. at 3 ("Olson's claims for retaliation and hostile work environment should be dismissed with leave to replead.").

Dated: September 27, 2023

Respectfully submitted,

/S/ MICHAEL A. YODER
Michael A. Yoder
LAW OFFICE OF MICHAEL A. YODER, PLLC
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (202) 595-4504
Fax: (571) 327-5554
michael@yoderesq.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2023, a true copy of the foregoing was filed and served upon all parties of record via the Court's CM/ECF electronic filing system.

/S/ MICHAEL A. YODER
Michael A. Yoder