## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHANNON OLSON,

     Plaintiff,

v.                                                                 Case No: 8:23-cv-590-TPB-CPT

TAKEDA PHARMACEUTICALS
AMERICA, INC., JODI GAYLE-GARCIA,
in her individual capacities, MATTHEW
HAND, in his individual capacities,
GREGORY CROUCH, in his individual
capacities, CHRISTINE MEALEY, in her
individual capacities, HEIDI MILLER, in
her individual capacities, MATTHEW
HAND, in his official capacities,
GREGORY CROUCH, in his official
capacities, CHRISTINE MEALEY, in her
official capacities, HEIDI MILLER, in her
official capacities, and JODI GAYLE-
GARCIA, in her official capacities,

     Defendants.

_____

## CASE MANAGEMENT AND SCHEDULING ORDER

This cause is before the Court for consideration of completion of discovery and

the scheduling of pretrial procedures and trial.  The Court has considered the positions

of the parties as set forth in their case management report, and hereby enters the

following scheduling and case management requirements.  These provisions are

precise and *shall be strictly adhered to*.  Accordingly, it is **ORDERED:**

     1.     Parties are reminded that the Federal Rules of Civil Procedure are
"construed, administered, and employed by the court and the parties to secure the
just, speedy, and inexpensive determination of every action and proceeding."  Rule 1,
Fed. R. Civ. P.  It is expected that all parties will refrain from all conduct that violates
Rule 1 by frustrating the just, speedy, and inexpensive determination of the issues in
this case.

2.      Parties are directed to meet the agreed upon terms and time limits set forth in their case management report, which to the extent not inconsistent with the terms of this Order are specifically incorporated herein by reference, including as noted below (including any *exceptions* deemed appropriate by the Court):

| | |
|---|---|
| **Mandatory Initial Disclosures** | **November 3, 2023** |
| **Third Party Joinder/Amend Pleading** | **December 3, 2023** |
| **Plaintiff Expert Disclosure** | **April 5, 2024** |
| **Defendant Expert Disclosure** | **April 26, 2024** |
| **Rebuttal Expert Disclosure** | **May 24, 2024** |
| **Discovery Cut-Off** | **July 26, 2024** |
| **Summary Judgment, Daubert, and other Dispositive Motions** | **September 13, 2024** |

Parties are further directed to meet the pretrial disclosure requirements and deadlines in Rule 26(a)(3), Fed. R. Civ. P. and to adhere timely to all requirements in Local Rule 3.06 concerning final pretrial procedures, as supplemented herein.

3.      **Mediation:**  The parties shall participate in court-annexed mediation on or before **December 22, 2023**.  The list of certified mediators is available in the Clerk's Office or on the internet at www.flmd.uscourts.gov under "Attorney Resources."   At least thirty days prior to the mediation date, Plaintiff shall file a notice that informs the Court of the date and time of the scheduled mediation, along with the name of the selected mediator.

4.      **Case Management Conferences**:  Regular case management conferences will be held in this case to facilitate the just, speedy, and inexpensive determination of this case as required by Rule 1, Fed. R. Civ. P.  An initial case management conference was held in this case on **September 27, 2023**, and, at that time a follow-up case management conference was set in Courtroom 14A, 801 North Florida Avenue, Tampa, Florida, on **January 17, 2024**, at 1:30 PM.  Additional case management conferences will be set thereafter at the Court's discretion.  *During case management conferences the Court may conduct brief hearings on simple motions.*  More complex motions may be set for a hearing at a future date, or decided on the papers, as appropriate.  The parties may (jointly or unilaterally) request additional case management conferences by contacting Chambers by email at CHAMBERS_FLMD_BARBER@flmd.uscourts.gov and explaining the reason for such requests.

5.      **Trial**: This case is set for **Jury** trial, along with other civil and criminal matters, during the term commencing **March 3, 2025** before the Honorable Tom Barber in Courtroom 14A, 801 North Florida Avenue, Tampa, Florida.  This trial term is <u>not</u> a "time certain" setting and includes the entire month of **March** and shall be verified on a separate trial calendar issued after the pretrial conference.  Criminal cases have priority for trial over civil cases.  *Counsel must be ready to begin trial at any time during the assigned trial term upon forty-eight hours' notice.*  Parties desiring more certainty as to scheduling may consent to proceed before a U.S. Magistrate

Judge. *See* ¶ 15 below. The trial in this case will take no longer than **4 days** (including jury selection if applicable).

6.      **Pretrial Conference**: A pretrial conference will be held before Judge Tom Barber, in Courtroom 14A, 801 North Florida Avenue, Tampa, Florida, on **February 18, 2025**, at 1:30 PM.

> THE COURT WILL NOT ADDRESS DISCOVERY DISPUTES OF ANY KIND AT TRIAL. ANY DISCOVERY DISPUTE FOR WHICH THE PARTIES SEEK JUDICIAL RESOLUTION MUST BE ADDRESSED AT OR BEFORE THE PRETRIAL CONFERENCE. THE PARTIES MAY AGREE ON ANY MATTER REGARDING DISCOVERY, BUT EACH PARTY ASSUMES THE RISK OF NON-COMPLIANCE BY THE OTHER UNLESS THE ISSUE HAS BEEN ADDRESSED BY THE COURT AT THE PRETRIAL CONFERENCE.

The Pretrial Conference shall be attended by counsel who will act as lead trial counsel in the case and who is vested with full authority to make agreements with respect to all matters pertaining to the trial. *Furthermore, every party shall have a client with full settlement authority (or other person with full settlement authority if the client does not have such authority) in attendance at the pretrial conference.*

7.      **Final Pretrial Meeting:** Pursuant to Local Rule 3.06(a), at least fourteen days before the pretrial conference, the parties must conduct a final pretrial meeting to discuss jury instructions, verdict forms, and all matters identified in Local Rule 3.06(a). All parties share responsibility for scheduling and participation in the final pretrial meeting. However, Plaintiff's counsel shall have the *primary* responsibility to coordinate compliance with the sections of this Order that require meeting, coordination, and submission of joint materials. If the Plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

8.      **Final Joint Pretrial Statement:** Pursuant to Local Rule 3.06(b), at least seven days before the pretrial conference, the parties shall file a final joint pretrial statement with the Clerk of Court that will govern the trial and includes all of the information required by Local Rule 3.06(b)(1-15). Any claim, defense or issue not included in the Pretrial Statement is deemed abandoned and waived. This is a *joint* document and parties shall not file individual pretrial statements.

9.      If the case involves a jury trial, at least seven days before the pretrial conference, the parties shall file with the Clerk of Court the following:

**Joint Statement of the Nature of the Action**. The parties are directed to prepare a concise, one paragraph statement to be used in providing a basic explanation of the case to the jury venire on the morning of jury selection. This can be identical to that required by Local Rule 3.06(b)(2).

**Proposed Jury Instructions and Verdict Form.**  The parties are directed to confer on the jury instructions at the final pretrial meeting (as required by ¶ 7 above) and file with the Court a joint set of all proposed jury instructions, bearing a cover sheet with the complete style of the case.  *The parties are not permitted to avoid the requirement to meet and confer to discuss jury instructions by simply submitting their own proposed jury instructions individually.*  The joint set of proposed instructions must include: (1) instructions that are agreed upon, each titled "Joint Instruction No. __"; and (2) instructions proposed by each party, each titled "Plaintiff's [or Defendant's] Proposed Instruction No. __ ."  There should be no more than one instruction per page.  Each instruction must include at the bottom of the last page of the instruction: (1) a brief citation to supporting authority (including the Eleventh Circuit Pattern Jury Instruction, where applicable); and (2) a notation whether the opposing party objects to the instruction and, if so, brief citation to opposing authority.   In addition to the set of proposed jury instructions, the parties should submit an agreed-upon verdict form.  If the parties are not in agreement, then each side should file its proposed verdict form.  The proposed instructions and verdict form(s) should be based to the extent possible on the United States Court of Appeals for the Eleventh Circuit Pattern Jury Instructions and the parties should use the Eleventh Circuit's jury instruction builder.  By utilizing Eleventh Circuit Pattern Jury Instructions, it is expected that agreement will be reached on most instructions.  In addition to filing a copy, counsel must e-mail the set of proposed jury instructions and verdict form(s) in Microsoft Word (.doc or .docx) format to CHAMBERS_FLMD_BARBER@flmd.uscourts.gov.  The cover e-mail should include the case number and case name in the subject line.

**Proposed Voir Dire Questions (optional).**  The Court will conduct a limited voir dire focusing on general matters including scheduling, comprehension, and trial procedures.  Attorneys will be permitted to conduct their own individual voir dire with reasonable time limits determined on a case-by-case basis.  If the parties wish, the Court to ask questions beyond general matters, proposed voir dire should be submitted, individually or jointly, and discussed at the pretrial conference.

**Motions in Limine.**  Motions in limine shall be filed no later than seven days before the pretrial conference and will be discussed at the pretrial conference. The Court does not generally have availability to hear motions in limine between the pretrial conference and before the start of trial.  *Motions in limine concerning complex and/or time-consuming issues shall be filed well in advance of the pretrial conference to allow the Court adequate time to consider them and schedule any necessary hearings.*  The Court will not grant continuances to accommodate hearings on untimely-filed motions in limine.  Counsel shall certify compliance with Local Rule 3.01(g) in any such motions.

**Deposition Designations and Objections.** The parties must file with the Court color-coded copies of deposition transcripts (preferably mini-script versions) reflecting, in different highlighted colors, the deposition excerpts each party has designated to be read at trial, with objections noted in the margin.

10.    **Bench Trial**: If the case involves a bench trial, at least seven days before the pretrial conference, the parties shall file with the Clerk of Court their proposed findings of fact and conclusions of law (each shall be separately stated in numbered paragraphs; findings of fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; conclusions of law shall contain a full exposition of the legal theories relied upon by counsel). These documents shall be emailed in Word format to CHAMBERS_FLMD_BARBER@flmd.uscourts.gov.

11.    **Trial Briefs:** Trial briefs are permitted, but they are not required. In some cases, the Court may request them. Trial briefs are limited to ten pages and may be filed at any time before trial. Trial briefs should include citations to authorities and arguments specifically addressing disputed issues of law likely to arise at trial. If a party chooses to file a trial brief, a response is not required, unless requested by the Court, and shall also be limited to ten pages.

12.    **Motions to Amend or Continue:** Motions to amend any pleading or motions for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are highly disfavored.

13.    **Settlements:** Counsel shall immediately notify Chambers or the Courtroom Deputy Clerk if their case has settled. *See* Local Rule 3.09. Notices of settlement must be in writing.

14.    **Summary Judgment Procedures:** The following procedures shall be followed by the parties:

(a)    Generally, only one motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court. However, the Court may grant leave to file multiple motions for summary judgment, including at different stages of the proceedings, if appropriate and if it appears possible to expedite resolution of the case.

(b)    A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, shall include a memorandum of law, and shall be accompanied by affidavits and other evidence in the form required by Rule 56, Fed. R. Civ. P. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. Local Rule 3.01(a).

(c)      Each party opposing a motion for summary judgment shall serve, within twenty-one days after being served with such motion, a legal memorandum of not more than twenty pages with citation of authorities in opposition to the relief requested as required by Local Rule 3.01(b).  The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Rule 56, Fed. R. Civ. P.

(d)      Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact.  General references to a deposition are inadequate.

(e)      When resolving a motion for summary judgment, the Court has no independent duty to search and consider any part of the record not otherwise referenced and pinpoint cited in the statement of material facts and response thereto. *See* Rule 56(c)(3), Fed. R. Civ. P. ("The court need consider only the cited materials, but it may consider other materials in the record.").

(f)      Pursuant to Rule 56(c), Fed. R. Civ. P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day of filing papers pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court.  Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.

(g)      Motions to extend time or to alter any requirements set forth in this Order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules, are distinctly disfavored.

(h)      In some cases, hearings may be held on summary judgment motions, but counsel should not assume this will happen in all cases.

(i)      A violation of any of these directives may result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

15.    **Consent to Magistrate Judge:**  In accordance with 28 U.S.C. § 636(c) and Rule 73, Fed. R. Civ. P., at any point in the proceedings the parties may consent to have the assigned United States Magistrate Judge conduct any and all further proceedings in this case, including the trial.  United States Magistrate Judges are able to provide "time certain" trial dates.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of September, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record
Unrepresented Parties