UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON OLSON,

    Plaintiff,

v.                                        Case No. 8:23-cv-590-TPB-CPT

TAKEDA PHARMACEUTICALS
AMERICA, INC., et al.,

    Defendants.
_____/

**ORDER GRANTING "DEFENDANTS GAYLE-GARIA, HAND, AND MEALEY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT;"**

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT;**

**ORDER DENYING AS MOOT "DEFENDANT TAKEDA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT"**

This matter is before the Court on "Defendants Gayle-Garcia, Hand, and Mealey's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 36) and "Defendant Takeda's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 37), both filed on September 6, 2023. On September 27, 2023, Plaintiff Shannon Olson filed a partial response in opposition. (Doc. 43). After reviewing the motions, response, court file, and the record, the Court finds as follows:

**<u>Background</u>**[1]

For over twenty-three years, Plaintiff Shannon Olson, a Caucasian female, has worked as a pharmaceutical sales representative for Defendant Takeda Pharmaceuticals America, Inc. in the Jacksonville district's neuroscience division. During her career, Plaintiff was a star employee, consistently receiving positive evaluations and awards. However, she began to experience problems when Defendant Jodi Gayle-Garcia became her manager and direct supervisor. Plaintiff's lengthy amended complaint details numerous grievances against her employer and supervisors that she believes demonstrate harassment, discrimination, retaliation, and disparate treatment based on Plaintiff's race, sex, religion, and disability.

On March 15, 2023, Plaintiff filed the instant lawsuit. In the operative amended complaint, which includes 310 individually numbered paragraphs spanning 101 pages, she attempts to assert fifteen different substantive claims against Takeda and her individual former supervisors: Title VII Disparate Impact (Race and Gender) (Count I), Title VII Disparate Impact (Race and Gender) (Count II), Title VII Religious Discrimination (Count III), FCRA Religious Discrimination (Count IV), Title VII Retaliation (Religion) (Count V), FCRA Retaliation (Religion) (Count VI), ADA Disability Discrimination (Count VII), ADA Failure to

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Accommodate (Disability) (Count VIII), ADA Hostile Work Environment (Disability) (Count IX), ADA Retaliation (Disability) (Count X), FCRA Disability Discrimination (Count XI), FCRA Failure to Accommodate (Disability) (Count XII), FCRA Hostile Work Environment (Disability) (Count XIII), FCRA Retaliation (Disability) (Count XIV), and Intentional Infliction of Emotional Distress (Count XV).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic*

*Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### *Defendants Gayle-Garia, Hand, and Mealey's Motion to Dismiss Plaintiff's Amended Complaint*

In her amended complaint, Plaintiff asserts two counts against the individual defendants: a Title VII disparate treatment claim in Count I and an intentional infliction of emotional distress claim in Count XV.  The individual Defendants move to dismiss the Title VII claim arguing that Plaintiff cannot proceed with claims for individual liability against them, and they move to dismiss the emotional distress claim for failure to state a viable claim.

Considering the Title VII claim, Plaintiff agrees in her response in opposition that she cannot proceed with individual liability under Title VII against these Defendants.  *See* (Doc. 43).  The motion to dismiss is therefore granted as to this ground, and Count I is dismissed with prejudice as Defendants Jodi Gayle-Garcia, Matthew Hand, Gregory Crouch, Christine Mealey, and Heidi Miller in their individual capacities.

In addition, to the extent Plaintiff sues these individuals in their official capacities, the claims are dismissed because they are duplicative of the claims against Takeda – the official capacity claims serve no purpose and may confuse a jury.  *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *C.P. by and through Perez v. Collier County*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015).

With respect to the emotional distress claims in Count XV, Defendants argue that Plaintiff cannot state any viable claims because she cannot allege the conduct cited was sufficiently outrageous to constitute the intentional tort of intentional infliction of emotional distress under Florida law. The Court agrees – even assuming Plaintiff's facts are true and viewed in the light most favorable to Plaintiff, she cannot establish the requisite degree of outrageousness to state a viable claim under these facts. *See, e.g., Cala v. Moorings Park Comm. Health, Inc.*, No. 2:22-cv-635-JES-NPM, 2022 WL 17405581, at *4-5 (M.D. Fla. Dec. 20, 2022). If true, the conduct may be actionable under different legal theories, but as a matter of law, it does not constitute the intentional tort of intentional infliction of emotional distress under Florida law. *See id*. The motion to dismiss is therefore granted as to this ground, and Count XV is dismissed.

***Shotgun Pleading***

Plaintiff asserts numerous counts against Takeda in her amended complaint. In response, Takeda asserts numerous arguments in support of dismissal. Takeda seeks to dismiss Plaintiff's discrimination claims with prejudice because she fails to allege sufficient adverse employment actions and fails to state claims for disparate treatment, disparate impact, discrimination, or retaliation under Title VII, the ADA, or the FCRA. In addition, Takeda argues that aspects of the discrimination claims are not viable because Plaintiff has failed to identify a comparator. As to her failure to promote and disparate impact claims, Takeda asserts that Plaintiff has

failed to exhaust her administrative remedies. Takeda further argues that Plaintiff's hostile work environment and retaliation claims are inadequately pled.

The lengthy and somewhat rambling nature of the amended complaint has caused many of these issues and, frankly, provided Takeda with the opportunity to raise numerous arguments in support of dismissal. Although Plaintiff may feel strongly about her treatment and want to highlight every one of the wrongs she believes she has suffered, the amended complaint and Plaintiff's individual claims are neither short nor plain. The amended complaint constitutes what the Eleventh Circuit has called a "shotgun pleading." *See* Fed. R. Civ. P. 8.

The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). More important than fitting neatly into these four roughly defined categories is the reason these types of pleadings are so problematic: they all fail "to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Plaintiff's amended complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland. See* 792 F.3d at 1322-23. More specifically, several counts incorporate "all preceding paragraphs" and "all […] subsequent paragraphs," thereby incorporating all counts into those counts. The amended complaint also combines several claims into one count – for example, combining race and gender discrimination claims in Counts I and II. This constitutes the most egregious form of shotgun pleading. This defect alone would result in the Court's dismissal of the amended complaint.

Significantly, the amended complaint is replete with conclusory and immaterial facts not obviously connected to any particular cause of action. For instance, many of Plaintiff's grievances do not constitute adverse employment actions that can be addressed in a court of law. Things such as "conditioning Plaintiff's retention and continued employment on her performance" and "refusing to commend Plaintiff for performing exceptionally well and significantly better than [her co-worker]" surely cannot constitute adverse actions for which a legal remedy exists. And though it may certainly be insensitive to request that Plaintiff inquire about a co-worker's emotional well-being during a national protest movement while failing to acknowledge Plaintiff's emotional state in 2005 or 2009 after the unfortunate deaths of Plaintiff's siblings, such conduct is not actionable.

The Court will dismiss the amended complaint in its entirety as a shotgun pleading, and Plaintiff will be permitted to file an amended complaint that focuses and narrows the issues – such as alleged adverse employment actions – so that Takeda may frame a response and the Court may better adjudicate the claims.

With this in mind, the Court advises Plaintiff to consider the number of claims she actually wants to assert and to better clarify those claims. In many situations, the better approach may be "less is more," as opposed to "more is better." The Court notes that many of Takeda's arguments in the motion to dismiss appear to be well-taken, including issues concerning (1) whether Mr. Davis is a viable comparator in the discrimination claims, (2) whether Plaintiff exhausted her administrative remedies related to any failure to promote claims, (3) whether Plaintiff has sufficiently alleged a failure to accommodate claim in Count VIII where she has failed to allege her disability and the requested accommodation(s), and (4) whether Plaintiff has sufficiently alleged retaliation or hostile work environment claims.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants Gayle-Garcia, Hand, and Mealey's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 36) is hereby **GRANTED**. The claims against Defendants Jodi Gayle-Garcia, Matthew Hand, Gregory Crouch, Christine Mealey, and Heidi Miller in their individual and official

capacities are **DISMISSED**. The Clerk is directed to terminate these defendants as parties to this case.

2. The amended complaint (Doc. 33) is **DISMISSED** as a shotgun pleading. Plaintiff is directed to file an amended complaint on or before December 14, 2023. Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

3. "Defendant Takeda's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 37) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of November, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**