UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON OLSON,

    Plaintiff,

v.                                                      Case No. 8:23-cv-590-TPB-CPT

TAKEDA PHARMACEUTICALS
AMERICA, INC., et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANT TAKEDA'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT"**

This matter is before the Court on "Defendant Takeda's Motion to Dismiss Plaintiff's Third Amended Complaint" and memorandum of law, filed on December 28, 2023. (Doc. 57). On January 11, 2024, Plaintiff Shannon Olson filed a partial response in opposition.[1] (Doc. 59). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

For over twenty-three years, Plaintiff Shannon Olson, a Caucasian female, has worked as a pharmaceutical sales representative for Defendant Takeda Pharmaceuticals America, Inc., in the Jacksonville district's neuroscience division. During her career, it appears that Plaintiff was a star employee, receiving positive evaluations and awards. According to Plaintiff, she began to experience severe

---

[1] As discussed more below, Plaintiff opposes the dismissal of some claims but concedes to the dismissal of others.

misconduct and discrimination when Defendant Jodi Gayle-Garcia became her manager and direct supervisor. Plaintiff's lengthy complaint details numerous grievances against her employer and supervisors that she believes demonstrate harassment, discrimination, and disparate treatment based on Plaintiff's race, sex, religion, and disability.

On March 15, 2023, Plaintiff filed the instant lawsuit. In the operative third amended complaint, Plaintiff asserts five claims for relief: Disparate Treatment (Race) under Title VII (Count I), Religious Discrimination under Title VII (Count II), Religious Discrimination under the Florida Civil Rights Act ("FCRA") (Count III), Disability Discrimination under the Americans with Disabilities Act ("ADA") (Count IV), and Disability Discrimination under the FCRA (Count V).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### *Racial Discrimination Claim (Count I) and Disability Discrimination Claims (Counts IV and V)*

<u>General Framework for Employment Discrimination Claims</u>

Although a plaintiff does not need to plead a prima facie case to survive a motion to dismiss, she must allege sufficient facts to plausibly suggest intentional discrimination. *See, e.g., Swierkiewiz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002); *Booth v. City of Roswell*, 754 F. App'x 834, 836-37 (11th Cir. 2018).

Title VII prohibits an employer from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Prohibited discrimination includes both taking tangible adverse employment actions, such as hiring, firing, and promotion. *See, e.g., Carter v. Cellco P'ship*, No. 8:15-cv-1033-T-17EAJ, 2016 WL 8981056, at *4 (M.D. Fla. Mar. 23, 2016).

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job applications, procedures, the

hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. §12112(a).  Similarly, the FCRA prohibits an employer from discriminating against an employee because of her disability.  § 760.10, *F.S.*  Because the FCRA is modeled on the ADA, FCRA disability discrimination claims are analyzed using the ADA framework.  *Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (citing *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1224 n.2 (11th Cir. 2005)).

Adverse Employment Action(s)

Defendant first argues that Plaintiff fails to sufficiently state a racial discrimination claim or disability discrimination claims because the conduct and actions complained of do not constitute adverse employment actions.  Plaintiff's claims require an adverse employment action.  *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (*en banc*) (explaining that adverse employment action is required to make out a prima facie case of racial discrimination); *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (*per curiam*) (same); *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001) ("If establishing discrimination by disparate treatment, a plaintiff must show [...] that [she] was subject to an adverse employment action.").

It is true that not every unpleasantry or trivial slight associated with the workplace constitutes an "adverse employment action."  *Grimsley v. Marshalls of MA, Inc.*, No. 1:05-CV-3252-TCB, 2007 WL 9710142, at *3 (N.D. Ga. Sept. 28, 2007), *aff'd*, 284 F. App'x 604 (11th Cir. 2008) (quoting *Davis v. Town of Lake Park*, 245

F.3d 1232, 1244-45 (11th Cir. 2001)); *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) ("Title VII, as it has been aptly observed, is not a 'general civility code.'"). An adverse employment action requires either an ultimate employment decision, such as hiring or firing, or other conduct that constitutes a serious and material change in the terms, conditions, or privileges of employment. *See Davis*, 245 F.3d at 1238-39. Conduct that does not rise to the level of an ultimate employment decision must still meet a threshold level of substantiality, going beyond the "ordinary tribulations of the workplace." *Id.* at 1239 (internal quotation omitted). The employee's subjective view of the employer's action is not controlling; the action must be materially adverse as viewed by a reasonable person under the circumstances. *Id.* at 1239-40.

At this stage of the proceedings, the Court assumes that all factual statements are true, including Plaintiff's allegations that she was assigned additional work tasks in addition to her regular duties, and that Defendant conducted a frivolous investigation into whether she had a second income. Although it appears that many of her allegations ultimately may not survive the threshold for adverse employment actions, the Court would be moving too quickly and too far if it were to dismiss the claims at this time.[2] *See Green v. City of*

---

[2] For instance, the failure to tell Plaintiff that she should be present on a conference call and her supervisor's suggestion that she should inquire about Davis's mental state seem particularly nebulous and do not appear to show a tangible impact on Plaintiff's employment. Holding a meeting during which Plaintiff received – in tandem with Davis – constructive feedback that she feels was not warranted would also likely not be an adverse employment action. *See Davis*, 245 F.3d at 1242 ("Employer criticism, like employer praise, is an ordinary and appropriate feature of the workplace" and only "rarely" will support a discrimination claim absent a "tangible impact on the terms, conditions, or privileges of employment."). In addition, the Eleventh Circuit has further cautioned that the adverse

*Tarrant*, No. 2:09-cv-402-JHH, 2009 WL 10688414, at *5 (N.D. Ala. Sept. 3, 2009) (denying motion to dismiss although allegations seemed unlikely to survive "*Davis* threshold for adversity."). These claims require discovery. The motion to dismiss is denied as to this ground. The Court notes, however, that as the case progresses, it may become appropriate to enter judgment as to the racial and disability discrimination claims.

Administrative Remedies

Defendant argues that Plaintiff's discrimination claims should be dismissed to the extent they are based on a failure to promote due to Plaintiff's failure to exhaust her administrative remedies. A "plaintiff's judicial complaint is limited by the scope of the [Equal Employment Opportunity Commission] investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004). In the EEOC charge, Plaintiff sets out adverse actions that she believes demonstrate she was treated differently based on her race and disability. In the midst of her complaints of disparate treatment, she specifically alleges that her employee review may have affected the territory manager position she had worked hard to achieve.

---

action requirement must be carefully applied where the plaintiff's claim is based on disagreement with the employer's work assignments. Such claims "strike at the very heart of an employer's business judgment and expertise" and "challenge an employer's ability to allocate its assets in response to shifting and competing market priorities." *Davis*, 245 F.3d at 1244. It is therefore unusual for a change in work assignments, without any tangible harm, to be "so substantial and material that it does indeed alter the 'terms, conditions, or privileges of employment.'" *Id.* at 1245; *see also Morton v. Astrue*, 380 F. App'x 892, 894 (11th Cir. 2010) (explaining that changes in assignments will not constitute adverse employment action "'in the vast majority of instances'") (quoting *Davis*, 245 F.3d at 1245).

The failure to promote claim therefore appears to be within the scope of the EEOC charge.[3]  The motion is denied as to this ground.

### Viable Comparator

Defendant moves to dismiss the racial discrimination claim in Count I due to Plaintiff's failure to identify a viable comparator.  To allege a Title VII racial discrimination claim, a plaintiff must allege, among other things, that she was treated less favorably than a similarly situated individual outside her protected class.  *Lewis*, 918 F.3d at 1224.  To be direct, it does not appear that Davis is a viable comparator due to his and Plaintiff's wildly different employment histories – Plaintiff worked as a Field Senior Sales Representative and was employed by Takeda for twenty-three years, while Davis was a Sales Representative and new hire.  However, the Court is not comfortable dismissing the racial discrimination claim at this stage of the proceedings.[4]  Discovery is needed to determine whether Davis truly is a viable comparator.  The motion to dismiss is denied as to this ground, but this issue may be revisited at summary judgment with a more developed factual record.

---

[3] The Court notes, however, there may be other issues with Plaintiff's failure to promote claim – namely, whether Plaintiff even applied for the position at issue, or whether an exception to the general rule requiring a plaintiff to apply for the position is applicable.  *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005); *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002); *see also Williams v. VWR Int'l, LLC*, 685 F. App'x 885, 887 (11th Cir. 2017).  These issues are not before the Court at this time and, in any event, would be better resolved on a more developed factual record.

[4] The cases cited by Defendant appear limited to the summary judgment context.

*Religious Discrimination Claims (Counts II and III)*

Defendant seeks to dismiss Plaintiff's religious discrimination claims in Counts II and III. In her response, Plaintiff agrees to dismissal of her religious discrimination claims with prejudice. As such, the Court grants the motion as to this ground. Counts II and III are dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Takeda's Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. 57) is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is granted to the extent that Counts II and III are **DISMISSED WITH PREJUDICE**.

3. The motion is otherwise **DENIED**.

4. Defendant is directed to file an answer on or before February 6, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2024.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**