UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON OLSON,

Plaintiff,

v. Case No. 8:22-cv-590-TPB-CPT

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

Defendant.
______________________________/

**O R D E R**

Before the Court is the parties' *Joint Motion for Entry of a Confidentiality Order*. (Doc. 67). For the reasons set forth below, the parties' motion is denied without prejudice.

The issuance of protective orders is governed generally by Federal Rule of Civil Procedure 26(c). That rule provides that, upon a showing of good cause, a court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam).

Here, a review of the parties' proposed protective order reveals it to be lacking in at least two respects. In paragraph VII.B of the order, it states:

> If the [p]arty that designated the information as [c]onfidential [i]nformation desires that the materials be filed under seal, then the filing [p]arty shall file the materials under seal, in accordance with any applicable court rules, unless the [p]arties after conferral mutually agree that sealing is not appropriate under those rules. If a motion to file under seal is required, the [p]arties agree to cooperate in the filing of such motion. However, if such motion is denied, the [p]arty seeking to rely on the materials may then file the materials in the public record.

(Doc. 67-1). Although this provision expressly states that a party seeking to seal confidential information must comply with the Local Rules, it omits the requirement that the parties establish to the Court's satisfaction why sealing such information is necessary in the first place. *See* M.D. Fla. R. 1.11(b), (c). As a result, this paragraph appears to be improper, insofar as it suggests that the Court will mechanically seal any item at the parties' behest. *See* M.D. Fla. R. 1.11(a) (reaffirming the presumption of public access to materials filed in a case and prohibiting the submission of documents under seal absent a compelling justification). Paragraph VII.B also seemingly violates Local Rule 1.11 to the extent it fails to acknowledge the procedure for a non-party to weigh in on the matter of sealing. *See* M.D. Fla. R. 1.11(c).

In light of all the above, the parties' *Joint Motion for Entry of a Confidentiality Order* (Doc. 67) is denied without prejudice.

SO ORDERED in Tampa, Florida, this 18th day of July 2024.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record