**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANNON OLSON,

      Plaintiff,

  v.

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

      Defendant.

Case No. 8:23-CV-00590-TPB-CPT

**[PROPOSED] CONFIDENTIALITY AND QUALIFIED HIPAA**
**PROTECTIVE ORDER**

Upon the Parties' Request, the Court hereby enters a Confidentiality and

Qualified HIPAA Protective Order, providing as follows:

**I.    DESIGNATION OF CONFIDENTIAL INFORMATION**

    A.    Any Party may designate information or documents produced or

furnished by that Party or a third party during the course of this

proceeding as "Confidential Information." A Confidential

Information designation shall constitute a representation by the Party

and its counsel that they, in good faith, believe that the material so

designated contains or constitutes, at the time of the designation,

commercial or business information, personal information or other

information of a non-public nature considered by the producing Party

to be confidential and/or proprietary.

B.    Any document or information that a Party deems to contain Confidential Information and that is furnished by such Party shall be conspicuously labeled by such Party on each page of such document with the designation "Confidential." The label shall not obscure or make the contents of any portion of a document or information to which it is affixed unreadable or undecipherable. If a Party deems any documents or information furnished by a third party to contain Confidential Information, that Party shall designate such documents or information Confidential Information by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential Information.

C.    Information that is exchanged or transmitted between the parties or counsel verbally or through means other than an exchange of documents can be designated as Confidential Information by describing the means of exchange and indicating, in writing, that the information so exchanged is designated as Confidential Information.

## II.    DESIGNATION DISPUTE

A.    In the event a Party disagrees with the designation of Confidential Information by the other Party, the Parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. If

it is necessary to present the dispute to the Court for resolution, it shall be up to the Party opposing the designation to seek from the Court an order removing the disputed Confidential Information designation. Unless and until the Court shall issue a final ruling on any disputed Confidential Information designation, the material in question shall continue to be treated by all Parties as Confidential Information.

## III.    DISCLOSURE AND EXCEPTIONS

A.    Confidential Information, which herein includes any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order, except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the proceedings captioned *Shannon Olson v. Takeda Pharmaceuticals America, Inc.,* Case No. 8:23-cv-00590-TPB-CPT (M.D. Fla.) and not for any other pending or threatened proceeding, or any other purpose. Except as expressly permitted herein or by further order of the Court, all Confidential Information shall be maintained and kept by the other Party in this case in a confidential manner.

B.      The following persons shall be the only persons permitted to have access to Confidential Information and such access shall be subject to the limitations set forth below:

1.      Counsel for the Parties, including both outside counsel and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this action;

2.      The Parties to this action and the officers, directors, or employees of the Parties who are actively participating, or supporting those who are actively participating, in the prosecution or defense of this action;

3.      Witnesses, potential witnesses, or consultants whom counsel for the Parties reasonably deem necessary for the preparation and trial of this action; provided, however, that these persons, prior to receiving any Confidential Information, shall first sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown;

4.      Mediators enlisted by all Parties to assist in the resolution of this matter; and

5.      The Court and court reporters engaged to record depositions, hearings or trials in this action.

## IV.    INADVERTENT DISCLOSURE

A.      If a Party inadvertently fails to designate a document or other information as Confidential Information, that Party may thereafter designate the document or other information as Confidential Information provided that the Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate. Thereafter, such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party.

B.      Any inadvertent or unintentional disclosure by the Party supplying the Confidential Information (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, shall not be deemed a waiver in whole or in part of a

5

Party's claim of confidentiality or privilege, provided that the supplying Party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving notice of inadvertent disclosure, the receiving Party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing Party's claim either by the Court or by this Protective Order. The parties intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

C.  Unless obvious, a receiving Party shall be entitled to rely on the absence of the "Confidential Information" designation, and shall not violate this Order by good faith disclosure of information during the time it was not designated as Confidential Information.

## V.  DISCLOSURE TO A STATE OR FEDERAL REGULATORY AGENCY

A.  Nothing in this Protective Order shall prevent disclosures beyond the terms of this Protective Order by any Party compelled to disclose Confidential Information to any state or federal regulatory agency.

Said disclosure shall be made after reasonable notice and leave of court.

## VI.    SUBPOENA OF CONFIDENTIAL INFORMATION

A.    If, in another action or proceeding, any Party in receipt of Confidential Information receives or has received a subpoena, summons, or demand which seeks Confidential Information, the Party receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Information takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary.

## VII.    USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS AND IN COURT FILINGS

A.    To the extent documents designated as Confidential Information are used in the taking of depositions, such documents shall remain subject to the provisions of this Protective Order and shall be

maintained as confidential by the court reporter. Deposition testimony shall be deemed Confidential Information only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential and shall be made no later than thirty (30) days after receipt of the transcript.

B.  Before filing any information that has been designated Confidential Information with the Court, or filing any pleadings, motions or other papers that disclose any such information, filing counsel shall confer with counsel for the Party that designated the information Confidential Information about how it should be filed. If the Party that designated the information as Confidential Information desires that the materials be filed under seal, then the filing Party shall a motion to file the materials under seal, in accordance with any applicable court rules, unless the Parties after conferral mutually agree that sealing is not appropriate under those rules. Any Party or Non-Party interested in establishing or opposing the seal may file an appropriate memorandum according to the timeframes and requirements set by Local Rule 1.11(c). The Parties' filing of a motion to seal does not mandate that the sealing will be allowed;

8

rather, the Court shall have full discretion in ruling upon the motion, including in determining whether the Parties have shown to the Court's satisfaction that sealing of the information is necessary. If a motion to file under seal is required, the Parties agree to cooperate in the filing of such motion. However, iIf such motion is denied, the Party seeking to rely on the materials may then file the materials in the public record.

## VIII.  USE AT TRIAL

A.  This Protective Order shall **not** apply to the disclosure of Confidential Information at the time of trial through the receipt of documents designated Confidential Information into evidence or through the testimony of witnesses. The closure of trial proceedings and the sealing of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon motion of the parties.

## IX.  A PARTY'S USE OF ITS OWN CONFIDENTIAL INFORMATION

A.  This Order has no effect upon, and shall not apply to, each Party's use of its own Confidential Information for any purpose.

## X.    RETURN TO COUNSEL

A.    Within thirty (30) days after the conclusion of this action or the final conclusion of any appeal taken from a final judgment in this action, the Confidential Information and all copies of the same which are not part of the public record or filed under seal with the Court, shall be returned to Defendant's counsel.

## XI.    QUALIFIED HIPAA PROTECTIVE ORDER

A.    The Parties are granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

B.    This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding

attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

C.    The Parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this Order for any purpose other than this action. Further, the Parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 164.502(b), 164.512(e)(1)(v).

**DONE** and **ORDERED** on this _____ day of _____, 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

11