# EXHIBIT F

SHANNON OLSON,

     Plaintiff,

v.

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

     Defendant.

Case No: 8:23-CV-00590-TPB-CPT

## <u>DECLARATION OF SHERRI HAINES</u>

1.

My name is Sherri Haines. I am currently employed at Takeda as a Leave Administration Lead and have been in that role since March 2018. I have personal knowledge of the facts set forth in this Declaration, and I am of competent age and mind to give this Declaration.

2.

In my role as Leave Administration Lead, I have personal knowledge concerning Takeda's policies and practices relating to short-term-disability ("STD") leave and benefits, as well as the handling of Shannon Olson's applications for STD benefits.

3.

Takeda utilizes a third-party administrator, Lincoln Life Assurance Company of Boston, which is part of Lincoln Financial Group (collectively, "Lincoln") to handle employee requests for STD leave and to make corresponding

eligibility determinations. Takeda did not influence any STD eligibility determination made concerning Olson.

4.

In 2021, once an employee made a claim to Lincoln for STD benefits, Takeda's practice was to pay benefits to the employee for up to six weeks while the employee was awaiting an initial eligibility determination from Lincoln. Once the initial eligibility determination was made by Lincoln, STD benefits were only paid if the employee's request was approved by Lincoln. If, however, Lincoln determined that the employee was ineligible for STD benefits, payments from Takeda ceased unless and until Lincoln reversed its determination after an appeal. If an employee successfully appealed a determination of ineligibility, she thereafter received a lump sum payment covering the time period during which benefits were not paid.

5.

On May 4, 2021, Lincoln determined that Olson was ineligible for STD benefits in connection with her April 9, 2021 request for the same. Although Takeda had paid Olson STD benefits to that point, it ceased further payments upon learning of Lincoln's ineligibility determination, consistent with Takeda's normal policy and practice. However, after Olson appealed the determination and Lincoln determined that Olson's STD benefits were payable, Takeda retroactively paid Olson for the amounts initially not paid while the denial was in effect and continued to pay Olson for the remaining period of her leave.

6.

Olson was ultimately permitted to take STD leave for the full period from April 9, 2021 to June 30, 2021.

7.

Olson was also paid all STD benefits owed to her by Takeda.

I declare under penalty of perjury that the foregoing is true and correct. Executed pursuant to 28 U.S.C. § 1746.

_____

Sherri Haines

_____9/25/24_____

Date

3