**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SHANNON OLSON,

    Plaintiff,

v.

TAKEDA PHARMACEUTICALS AMERICA, INC.,

    Defendant.

Case No: 8:23-CV-00590-TPB-CPT

**DEFENDANT'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES**

**I.   INTRODUCTION**

Plaintiff Shannon Olson had multiple opportunities to consider the lack of merit in her claims, both factually and legally, with clear eyes. She knew before filing her original Complaint that her allegations against Takeda had no factual basis. She knew after receiving two orders from the Court expressing doubt as to the legal viability of her claims that she had no prospect of ultimately prevailing in this case. And she knew after admitting during her deposition that the overwhelming majority of the critical allegations in her Third Amended Complaint were untrue, that the entry of summary judgment was an inevitability. Nevertheless, she forced Takeda to file multiple motions to dismiss, engage in substantial discovery, and file a lengthy motion for summary judgment on a wide range of claims, before she finally acceded to the entry of summary judgment (because she had no basis for opposing it).

At bottom, this case should never have been filed. And although Olson has been brazenly willing to ignore the factual falsity and legal futility of her claims for nearly two years, while Takeda incurred substantial expense defending against her frivolous claims, her obstinance has consequences. As discussed below, Takeda now moves this Court determine that Takeda is entitled to recover its reasonable attorneys' fees and expenses under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(k); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205; and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.11(5).

## II.   PROCEDURAL BACKGROUND

The Court is already familiar with the essential facts in this matter, based on Takeda's motion for summary judgment and the Court's order granting the same. (Dkt Nos. 77, 81.) Thus, rather than recite all of those facts again, this Motion will focus on the procedural history that led to this filing.

Olson first brought this action on March 15, 2023, with a 102-page, 15-count Complaint against Takeda and eight other defendants. (Dkt. No. 1.) After Takeda and the other defendants filed a series of motions to dismiss (Dkt Nos. 17, 20, 22, 24), Olson filed an Amended Complaint, dropping three defendants, but still consisting of 101 pages and 15 counts. (Dkt. No. 33.) Takeda and the remaining individual defendants again filed motions to dismiss (Dkt. Nos. 36–37), which Olson opposed (Dkt. No. 43).

On November 29, 2023, the Court entered an order (1) dismissing the claims against the individual defendants in full; (2) dismissing the Amended Complaint

as a shotgun pleading; and (3) denying Takeda's motion to dismiss as moot. (Dkt. No. 54.) In its Order, the Court observed its doubt as to the legal viability as to a number of issues upon which Olson had based her claims:

> [M]any of Plaintiff's grievances do not constitute adverse employment actions that can be addressed in a court of law. Things such as "conditioning Plaintiff's retention and continued employment on her performance" and "refusing to commend Plaintiff for performing exceptionally well and significantly better than [her co-worker]" surely cannot constitute adverse actions for which a legal remedy exists. And though it may certainly be insensitive to request that Plaintiff inquire about a co-worker's emotional well-being during a national protest movement while failing to acknowledge Plaintiff's emotional state in 2005 or 2009 after the unfortunate deaths of Plaintiff's siblings, such conduct is not actionable.

(*Id.* at 7.) The Court also noted that many of Takeda's arguments in the motion to dismiss "appear to be well-taken," including whether Jordan Davis (the only purported comparator identified by Olson) was a viable comparator as a matter of law, whether Olson had sufficiently alleged a failure to accommodate claim, and whether Olson sufficiently alleged retaliation or hostile work environment claims. (*Id.* at 8.)

Despite the Court's stated concerns, Olson filed a Second Amended Complaint on December 14, 2023, before filing a 196-paragraph, five-count Third Amended Complaint against Takeda the next day. (Dkt. No. 56.) In the Third Amended Complaint, Olson asserted claims for (1) race-based disparate treatment under Title VII (Count I); (2) religious discrimination, consisting of disparate treatment and a purported failure to accommodate, under Title VII and the FCRA (Counts II and III); and (3) disability discrimination, consisting of disparate

3

treatment, a purported failure to accommodate, failure to promote, retaliation, and hostile work environment, under the ADA and FCRA (Counts IV and V). (*Id.*)

Takeda moved to dismiss the Third Amended Complaint, arguing again (among other things) that Olson's claims failed because she had not pled any adverse employment action or viable comparator for her claims. (Dkt. No. 57.) In response, Olson admitted that her religious discrimination claims must be dismissed with prejudice. (Dkt. No. 59, at 2 n.1.) Nevertheless, as to her remaining claims, Olson described Takeda's arguments as a "hail mary [sic] attempt," while she doubled-down on allegations (Dkt. No. 59, at 1, 3–9) that—as reflected in Takeda's summary judgment motion and the Court's summary judgment order—she subsequently admitted during her deposition were patently untrue.

In resolving that motion, the Court dismissed Olson's religious claims, in full, with prejudice. (Dkt. No. 62.) Although it denied Takeda's request to dismiss the remaining claims, the Court again noted that "it appears that many of [Plaintiff's] allegations ultimately may not survive the threshold for adverse employment actions," including her claim that she should have been told to be present on a conference call, her claim regarding her supervisor's suggestion that she inquire about Davis's mental state after the death of George Floyd, and her claim that she received constructive feedback in tandem with Davis. (*Id.* at 5 & n.2.) Additionally, the Court observed: "To be direct, it does not appear that Davis is a viable comparator due to his and Plaintiff's wildly different employment histories—Plaintiff worked as a Field Senior Sales Representative and was

4

employed by Takeda for twenty-three years, while Davis was a Sales Representative and new hire." (*Id.* at 7.) Nevertheless, the Court determined that it would permit Olson to engage in discovery. (*Id.* at 6–7.)

Discovery commenced, including the exchange of written requests and document productions. Takeda deposed Olson on August 15, 2024. (Dkt. No. 77-1.) Olson, for her part, conducted 30(b)(6) depositions of two corporate representatives of Takeda on a wide range of topics.

On September 27, 2024, Takeda filed a motion for summary judgment, relying heavily on Olson's admissions during her deposition. (Dkt. No. 77.) Olson declined to oppose that motion. Thus, on January 29, 2025, the Court granted the motion and entered judgment in favor of Takeda on all of Olson's remaining claims. (Dkt. No. 81.) Takeda now moves for an award of attorneys' fees and expenses that resulted from Olson's indefensible filing of her claims, which she knew had no merit.

### III.  ARGUMENT

Under Title VII, the ADA, and the FCRA, reasonable attorneys' fees, expenses, and costs may be awarded to "the prevailing party." 42 U.S.C. § 2000e-5(k) (Title VII); 42 U.S.C. § 12205 (ADA); Fla. Stat. § 760.11(5) (FCRA). A defendant is a prevailing party on a claim when it has obtained (1) a dismissal with prejudice, *see Glob. Pat. Holdings, LLC v. Panthers BRHC LLC*, No. 08-CV-80013, 2009 WL 10667023, at *1 (S.D. Fla. Jan. 7, 2009) ("In light of the dismissal with prejudice, [d]efendants are clearly prevailing parties . . . ."); or (2) summary

5

judgment, *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (holding that a defendant who obtains summary judgment is a prevailing party). Because Counts II and III were dismissed with prejudice (Dkt. No. 62) and summary judgment was entered as to all remaining claims (Dkt. No. 81), Takeda is a prevailing party as to each of those claims.

As a prevailing party, to establish an entitlement to attorneys' fees, Takeda must show that Olson's claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[1] *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). Similarly, attorney's fees and costs may be awarded where a plaintiff continued to litigate claims after they clearly became frivolous, unreasonable, or groundless. *Id.* at 422. Three factors generally guide a court's analysis: "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan*, 773 F.2d at 1189. While not all factors must lean in favor of the defendant for a fee award to be warranted, *see Head*, 62 F.3d at 356 (reversing denial of attorneys' fee request, even though plaintiff established a *prima facie* case), as

---

[1] Title VII, the ADA, and the FCRA all apply the *Christiansburg* standard for determining an entitlement to reasonable fees and costs. *See, e.g.*, *Hodges v. Publix Super Markets, Inc.*, 372 F. App'x 74, 78 (11th Cir. 2010) ("When a prevailing party in an ADA case seeks attorneys' fees, the court should analyze the request according to the *Christiansburg* standard, as it would a similar request in a Title VII case."); Fla. Stat. Ann. § 760.11 ("[T]his provision for attorney's fees [shall] be interpreted in a manner consistent with federal case law involving a Title VII action.").

discussed below, each factor supports an award to Takeda under the circumstances of this case.

### A. Olson Did Not Establish a Prima Facie Case for Any of Her Claims.

With respect to the first factor, Olson did not establish a prima facie case for *any* of her claims. Olson's religious claims were dismissed after Olson agreed that her claims must be dismissed,[2] in response to Takeda's motion to dismiss. (Dkt. No. 62, at 8.). Moreover, after Takeda filed a motion for summary judgment arguing, among other things, that Olson could not make a prima facie showing for any claim (Dkt. No. 77), Olson did not oppose Takeda's arguments. Although a full discussion of the record and relevant legal arguments was included in Takeda's summary judgment motion, the following outlines the primary holdings in the Court's summary judgment order:

Racial Discrimination Claims: The Court observed that (1) "none of the [actions cited by Olson] constitute an adverse employment action." (Dkt. 81, at 6–9); and (2) Olson had not establish any viable comparator (*id*. at 9–10).

Failure-to-Accommodate Claim: The Court held that not only could Olson not show any failure to engage in an interactive process, but she had been able to

---

[2] The assertion of the failure-to-accommodate claim was nothing short of egregious. As Olson has admitted (and contrary to what she asserted in her pleadings, she *was exempted* from Takeda's vaccine policy and ultimately was not vaccinated while the policy was in place, without consequence. (Dkt. 77-1, at 186:9-188:25.)

7

take her full short-term disability leave and was paid all short-term disability benefits. (*Id.* at 11.)

Disability Discrimination Claims: The Court observed that Olson's claims "lack record factual support." (Dkt. No. 81, at 12.) That was because she recanted each of the issues cited as a basis for the claims in her Third Amended Complaint once deposed. (*Id.*) The Court further observed that Olson had no evidence that any decisionmaker knew of any disability she may have had prior to taking any action. (*Id.* at 12–13.)

Failure to Promote Claim: The Court observed that Olson showing that she was qualified for the promotion was an element of the required prima facie case, and that Olson had not opposed Takeda's arguments that she was not qualified for the promotion she had placed at issue. (*Id.* at 13.) The Court further observed that she had not identified any comparator for the claim—i.e., a nondisabled individual chosen for a territory manager role. (*Id.*)

Retaliation Claims: The Court held that (1) Olson "fail[ed] to show a 'materially adverse action'" and (2) there was no record evidence of causation between a protected activity and adverse action. (*Id.* at 14–15.)

Hostile Work Environment Claim: The Court observed that Olson "has no evidence of harassment at all." (*Id.* at 15.)

Given the broad scope of claims asserted in the Third Amended Complaint, Olson's failure to establish any prima facie case—and, indeed, *failure to respond to Takeda's summary judgment motion at all*—weighs particularly in favor of an

8

award of attorneys' fees and expenses. *See, e.g.*, *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1423 (11th Cir. 1996) (affirming an award of attorneys' fees where "Plaintiff failed to oppose [defendant's] motion for summary judgment precisely because they had no basis for doing so"); *Vargas v. Borg Warner Auto. Sys.*, No. IP 98-0726-C H/G, 2002 WL 424968, at *2 (S.D. Ind. Feb. 26, 2002) (awarding attorneys' fees where the plaintiffs "filed no response at all" to a summary judgment motion, and thus "ha[d] not shown that they had any reasonable basis for asserting or pursuing any claims").

The fact that summary judgment was ultimately entered on the above grounds could hardly have been surprising to Olson. The Court informed Olson on two separate occasions of its skepticism as to whether she had raised any viable adverse action, noting authority suggesting she had not. (*See* Dkt. No. 54, at 7–8; 62 at 5–6 & n.2; *see also Flowers v. Fulton Cty. Sch. Dist.*, No. 1:14-cv-3976-SCJ, 2015 WL 12911728, at *3 (N.D. Ga. Aug. 18, 2015) (noting that a fee award was warranted where "Plaintiff was on notice" of issues with his legal positions, and failed to address those issues after forcing the litigation to proceed).) The Court also informed Olson that that it did not appear that Jordan Davis—the only individual Olson has ever claimed was treated differently—was a viable comparator, given their "wildly different" circumstances. (Dkt. No. 54, at 8; Dkt. No. 62, at 7.) Nevertheless, after Olson opposed dismissal of her claims, the Court determined that it would allow her to engage in discovery to explore whether any viable claim could be developed. (Dkt. No. 62, at 7.)

9

But discovery only reinforced that Olson's claims should never have been filed. Indeed, the foundation of Takeda's summary judgment motion was *Olson's own admissions* during her deposition, which made clear that Olson never had any legitimate factual basis for the claims she asserted. (*See, e.g.*, Dkt. 77-1, at 271:12–272:8, 273:20–274:11 (admitting that she could not identify anyone who did or said anything she considered discriminatory on the basis of race or disability); *id.* at 247:25–248:4, 292:8–16 (acknowledging that she could not identify any individual treated more favorably on the basis of race); *id.* at 256:2–10 (admitting that, contrary to the allegations in the complaint, she did present during the ELT calls); *id.* at 232:9–14 (admitting that she could not say any communication related to George Floyd was inappropriate); *id.* at 61:14–62:7, 63:12–16 (admitting that the job expectations placed at issue were ones she was already responsible for); *id.* at 206:9–12, 218:13–219:1 (admitting that she was given full STD leave and ultimately paid all STD benefits); *id.* at 279:19–22 (admitting that she is unaware of her disability being disclosed to anyone without a need to know); *id.* at 265:20–24, 267:5–17 (admitting she was unaware of any nondisabled individual being promoted over her).

Simply put, Olson knew she had no factual basis for her claims when she filed them, and she confirmed that reality during her deposition. Yet she still forced Takeda to waste its time and resources engaging in extensive discovery, before filing a lengthy motion for summary judgment on all of her remaining claims. *See, e.g.*, *Turner*, 91 F.3d at 1423 (affirming a fee award when the plaintiff "continu[ed]

to prosecute an action after it became clear that Plaintiff's claim had no basis in fact"); *Smith v. Chandler*, No. 6:11-cv-1332-Orl-31KRS, 2013 WL 2467781, at *2 (M.D. Fla. June 7, 2013) (awarding fees because, "[d]espite it becoming obvious that the claim was groundless," the plaintiff "forc[ed] the [defendant] to file a motion for summary judgment"). In fact, Olson's counsel informed Takeda's counsel *only after* the summary judgment motion had been filed that Olson did not oppose the entry of judgment on her claims because of what occurred "during discovery." (*See* Nov. 19, 2024 Email, attached as Exhibit A.) Of course, that relevant discovery was almost entirely Olson's own testimony. Olson's inability to establish a *prima facie* case—and her unreasonable pursuit of claims for which she had no factual basis, before ultimately not opposing Takeda's request for summary judgment after discovery closed—weigh heavily in favor of an award of attorneys' fees and expenses.

### B.   The Settlement Factor Supports a Fee Award.

On September 9, 2023, the Court ordered the parties to attend an early-case mediation. (Dkt. 50.) Although Takeda attended the mediation in compliance with the Court's directive (Dkt. 58), to assess whether unnecessary fees could be avoided, it made no pre- or post-mediation settlement offers to Olson. Thus, this factor also supports an award of attorneys' fees and expenses.[3]

---

[3] Even if this factor were neutral or somehow favored Olson, an award of attorneys' fees would still be warranted based on the other two factors discussed in this Motion.

11

### C. No Trial Was Held.

Finally, as reflected above, all of Olson's claims were disposed of in connection with either a motion to dismiss or motion for summary judgment. No trial on the merits occurred. *See Patsalides v. Fort Pierce*, No. 15-14431-CIV, 2017 WL 10402990, at *2 (S.D. Fla. Sept. 29, 2017) ("Lastly, there was no trial on the merits and this case was resolved on summary judgment, which favors Defendant's position [awarding attorney's fees]."), *R&R adopted*, No. 15-14431-CIV, 2018 WL 4963241 (S.D. Fla. Feb. 22, 2018). And while that alone would cause this factor to favor Takeda, the fact that Olson did not even attempt to argue that a trial was warranted once faced with a motion for summary judgment (because she could not) makes this factor particularly weighty.

Thus, in line with both *Christiansburg* and *Sullivan*, it is clear that Plaintiff continued to bring her claims without any reasonable basis in fact or law, after this Court explicitly explained several issues related to her claims. As such, Plaintiff's claims were frivolous, unreasonable, and without foundation.

### IV. CONCLUSION

At bottom, for the reasons outlined above, the totality of the circumstances warrant an award of attorneys' fees and expenses against Olson and in favor of Takeda. Takeda presently estimates that it has incurred and will seek approximately $318,869.50 in attorneys' fees and expenses incurred to date. Following entry of an order that Takeda is entitled to an award of attorneys' fees

and expenses, under Local Rule 7.01(b), Takeda will provide a supplemental motion concerning the specific amount of fees and expenses sought.

## LOCAL RULE 3.01(g) CERTIFICATION

Consistent with Local Rule 3.01(g), counsel for Takeda attempted to confer with counsel for Olson via emails dated February 10, 2023, and February 13, 2023, but Olson's counsel did not respond. Thus, despite Defendant's conferral efforts, it has not been told whether Olson consents to or opposes the relief requested in this motion. Takeda will file a supplemental certification as required by Local Rule 3.01(g)(3).

Respectfully submitted this 13th day of February 2025.

**SEYFARTH SHAW LLP**

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025, the document was filed via CM/ECF, which served a copy of the same on all counsel of record.

*/s/ Andrew M. McKinley*
Andrew M. McKinley
