# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHANNON OLSON,

    Plaintiff,

v.

TAKEDA PHARMACEUTICALS AMERICA, INC.,

    Defendant.

Case No: 8:23-CV-00590-TPB-CPT

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES

Plaintiff, Shannon Olson, by and through undersigned counsel, submits this Brief in Opposition to Defendant's Motion to Determine Entitlement to Attorneys' Fees and Expenses pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(k), the Americans with Disabilities Act (ADA), 42 U.S.C. § 12205, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.11(5). For the reasons set forth below, Defendant's motion should be denied.

### I. INTRODUCTION

Defendant seeks an award of attorneys' fees and expenses, asserting that it prevailed on summary judgment and that Plaintiff's claims had no factual basis. However, the record demonstrates that Plaintiff initiated and pursued this action in good faith based on the information available at the time. Further, the manager that Plaintiff claimed was engaged in the race-based discrimination, has another

lawsuit pending against her, alleging similar types of claims and behavior, even after she left her employment with Defendant and became employed with a new company. Other critical facts regarding the legitimacy of Plaintiff's claims only became known during discovery—specifically, during the Rule 30(b)(6) deposition of Defendant's corporate representative. Upon the filing and review of Defendant's Motion for Summary Judgment, Plaintiff offered to withdraw the action, an offer Defendant ignored but acknowledges in their Motion. Defendant's subsequent summary judgment victory was unopposed due to Plaintiff's good-faith decision not to prolong litigation, not because the case lacked merit from the outset. Awarding fees under these circumstances would contravene the purposes of Title VII, the ADA, and the FCRA, which aim to encourage legitimate civil rights claims, not punish plaintiffs who act reasonably based on available information.

## II. STATEMENT OF FACTS

Plaintiff filed this action alleging violations of Title VII, the ADA, and the FCRA based on disparate treatment based on race, religious discrimination, and disability discrimination. At the time of filing, Plaintiff had a reasonable belief that the claims were meritorious, as Defendant had not disclosed any disciplinary action or termination of the comparator employee central to Plaintiff's allegations.

During discovery, Plaintiff deposed Defendant's Rule 30(b)(6) corporate representative on September 25, 2024. At that deposition, Plaintiff first learned that the comparator employee had been disciplined and ultimately terminated.

Prior to this disclosure, Defendant had not provided any indication of these facts, which materially altered the basis of Plaintiff's case. Recognizing the impact of this new information, Plaintiff promptly offered to withdraw the action on November 19, 2024, seeking to avoid further litigation costs for both parties. Defendant ignored this offer. Plaintiff, acting in good faith and to conserve judicial resources, did not oppose Plaintiff's Motion for Summary Judgment, resulting in Defendant's default summary judgment victory on January 29, 2025.

Defendant now seeks attorneys' fees and expenses, claiming entitlement as the prevailing party. Plaintiff opposes this request, as the original action was neither frivolous nor baseless, and Plaintiff's conduct throughout the litigation reflects reasonableness and good faith.

### III. LEGAL STANDARD

Under Title VII, 42 U.S.C. § 2000e-5(k), the ADA, 42 U.S.C. § 12205, and the FCRA, Fla. Stat. § 760.11(5), a prevailing defendant may recover attorneys' fees only if the plaintiff's action was "frivolous, unreasonable, or without foundation," or if the plaintiff continued to litigate after it became clear the action was baseless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978); *see also Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188 (11th Cir. 1985) (applying *Christiansburg* standard). Courts must exercise caution in awarding fees to prevailing defendants to avoid chilling legitimate civil rights claims. *Christiansburg*, 434 U.S. at 422. The determination is fact-specific and considers

the plaintiff's knowledge and conduct at the time of filing and throughout the litigation. *Id.* at 421.

IV. ARGUMENT

**Plaintiff's Claims Were Not Frivolous, Unreasonable, or Without Foundation at the Time of Filing**

Plaintiff initiated this action in good faith based on the information available at the time. Plaintiff was reasonable in her belief, especially considering that the same manager that she accused of racial discrimination against her, Ms. Jodi Garcia, is now the subject to another litigation in the Eastern District of Tennessee Knoxville under Case No. 3:24-cv-00076, brought by a white male, alleging facts very similar to the facts alleged by Plaintiff in this action. Ms. Garcia was Plaintiff's manager at Defendant's company who left her position with Defendant and accepted a new position for another pharmaceutical company, Alkermes, Inc. The Plaintiff in that case, Travis Williams, accuses Ms. Garcia of being a female, black supervisor with racial motivations. Mr. Williams, like the Plaintiff in this action, was a top performing employee for Alkermes, Inc., prior to being terminated, for what he claims to be racial discrimination. Further, Defendant failed to disclose the comparator employee's discipline and termination prior to the Rule 30(b)(6) deposition, leaving Plaintiff with no reason to doubt the validity of the claims. A claim is not frivolous merely because it ultimately fails; it is frivolous only if it lacks any arguable basis in law or fact. *See Sullivan*, 773 F.2d at 1189. Here, Plaintiff's

4

claims had a reasonable foundation until Defendant revealed the critical facts during discovery. Thus, the *Christiansburg* standard for fee-shifting is not met.

**Plaintiff Acted Reasonably Upon Learning New Information**

Once Plaintiff discovered the comparator employee's discipline and termination during the Rule 30(b)(6) deposition, Plaintiff offered to withdraw the action within sixty (60) days. This demonstrates Plaintiff's good faith and intent to avoid unnecessary litigation. Defendants ignored this offer forcing the Defendant's motion for summary judgment to progress, which Plaintiff did not oppose in a further effort to minimize costs and conserve judicial resources. Plaintiff's decision not to contest summary judgment does not render the original action frivolous; it reflects a reasonable response to newly discovered facts. Courts have declined to award fees where a plaintiff ceases litigation upon learning their case lacks merit. *See Quintana v. Jenne*, 414 F.3d 1306, 1312 (11th Cir. 2005) (affirming denial of fees where plaintiff's conduct was not unreasonable).

**Awarding Fees Would Undermine the Purposes of Title VII, the ADA, and the FCRA**

The remedial purposes of Title VII, the ADA, and the FCRA are to encourage individuals to vindicate their civil rights without fear of financial ruin. *Christiansburg*, 434 U.S. at 420. Imposing fees on Plaintiff here—where the action was brought in good faith and abandoned upon discovery of new facts—would deter future plaintiffs from pursuing legitimate claims. Defendant's insistence on

litigating through summary judgment, despite Plaintiff's offer to withdraw, should not be rewarded with a fee award.

## V. CONCLUSION

Defendant is not entitled to attorneys' fees and expenses under Title VII, the ADA, or the FCRA. Plaintiff's action was neither frivolous nor unreasonable at its inception, and Plaintiff acted in good faith by offering to withdraw the case upon learning new facts during discovery. Defendant's disregarding of that offer and subsequent default summary judgment do not justify a fee award. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

Respectfully submitted this 20th day of March 2025.

                              YODER DREHER PEARSON LLP

                              By: */s/ Rachel Lee Dreher*
                                    Rachel Lee Dreher
                                    631 Lucerne Avenue, Suite 53
                                    Lake Worth Beach, FL 33460
                                    Telephone: (561) 801-8661
                                    rdreher@ydplaw.com

                                    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025, the document was filed via CM/ECF, which served a copy of the same on all counsel of record.

                                                */s/ Rachel Lee Dreher*
                                                Rachel Lee Dreher