SHANNON OLSON,

     Plaintiff,

    v.

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

     Defendant.

Case No: 8:23-CV-00590-TPB-CPT

## DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES

Defendant Takeda Pharmaceuticals America, Inc., pursuant to Local Rule 3.01(d), respectfully requests leave to file a reply in support of its motion for attorney's fees and expenses, stating as follows:

1. On February 13, 2025, Defendant filed its motion to determine entitlement to attorneys' fees and expenses. (Dkt. 84.) On February 24, 2025, the Parties filed a joint notice, noting that, while "Plaintiff does not dispute that there is an entitlement to some attorneys' fees and expenses requested in Defendant's motion," the Parties had not resolved the issues raised in Defendant's motion as to the extent of the entitlement. (Dkt. 88, at 1.) On March 20, 2025, Plaintiff filed a response in opposition to Defendant's motion, arguing that Defendant's motion should be denied in full. (Dkt. 91.)

2. Under Local Rule 3.01(d), a party may only file a reply brief after receiving leave from the Court for such a filing.

3. In her response brief, Plaintiff argued, among other things, that at the September 25, 2024 30(b)(6) deposition, "Plaintiff first learned that the comparator employee had been disciplined and ultimately terminated" and that "Plaintiff had no reason to doubt the validity of the claims," among other similar statements. (Dkt. 91, at 1–2, 4.) Such statements were unambiguously false.

4. A reply brief is needed for Defendant to address (1) the falsity of Plaintiff's contentions noted above, including as reflected in her communications with the EEOC and her own deposition; and (2) the fact that it, in any event, would have no bearing on the resolution of the motion and Plaintiff's obligation to conduct a good-faith investigation before filing claims.

5. Further, Plaintiff made other arguments in her response, including that a separate lawsuit concerning an entirely different defendant filed in 2024 should have some impact on the Court's analysis. Defendant has not had an opportunity to address this and the other arguments raised in Plaintiff's response concerning the supposed defensibility of her litigation conduct.

6. Given the foregoing—and particularly the need to address the false factual statements made by Plaintiff—Defendant requests leave to file a 5-page reply brief (exclusive of attachments) within 7 days of the Court's entry of an order on the same. Defendant respectfully submits that the foregoing presents good cause for the requested relief.

## LOCAL RULE 3.01(g) CERTIFICATE

Defendant certifies that it attempted to confer with Plaintiff's counsel via emails dated March 24, 2025 and March 25, 2025, but that Plaintiff's counsel did not respond. Thus, despite Defendant's conferral efforts, it has not been told whether Plaintiff consents or opposes the relief request in this motion. Defendant will file a supplemental certification as required by Local Rule 3.01(g)(3).

Respectfully summited this 26th day of March 2025.

**SEYFARTH SHAW LLP**

By: */s/ Andrew M. McKinley*
     Andrew M. McKinley
     Florida Bar No. 122069
     1075 Peachtree Street, N.E.
     Suite 2500
     Atlanta, GA 30309-3958
     Telephone:  (404) 885-1500
     Facsimile:   (404) 892-7056
     amckinley@seyfarth.com

     *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, the document was filed via CM/ECF, which served a copy of the same on all counsel of record.

/s/ Andrew M. McKinley
Andrew M. McKinley