**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANNON OLSON,

       Plaintiff,

   v.

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

       Defendant.

Case No: 8:23-CV-00590-TPB-CPT

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DETERMINE ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES

Plaintiff Shannon Olson's response brief fails to identify any valid reason why this Court should not impose fees and expenses on Olson for her frivolous claims. She does not address *any* of the factors discussed in Takeda's motion that guide the Court's analysis under governing law. Instead, she relies on assertions that she knows are untrue, presents a series of irrelevant non-sequitors, and ignores the full scope of the frivolous claims she baselessly pursued in this litigation. Her decision to oppose Takeda's motion in full is especially perplexing in light of her prior representation to the Court that she "does not dispute that there is an entitlement to some attorneys' fees and expenses requested in Defendant's motion." (Dkt. 88 ¶ 2.) Ultimately, Olson's response brief is nothing more than yet another reflection of why an award of fees and awards is warranted in this litigation—her obstinate refusal to litigate claims and arguments to the Court for which she never had any legitimate factual or legal basis.

## I.   OLSON'S STATEMENTS CONCERNING HER KNOWLEDGE OF HER COMPARATOR ARE FALSE AND IRRELEVANT.

In opposing Takeda's motion, Olson made several assertions—without evidence—that she knew to be false. Specifically, she argued that during Takeda's September 5, 2024 30(b)(6) deposition[1] "Plaintiff first learned that the comparator employee[Jordan Davis,] had been disciplined and ultimately terminated," and second, that "[p]rior to this disclosure, Defendant had not provided any indication of these facts." (Dkt. 91, at 2-3, 4.) These assertions are unambiguously false.

As an initial matter, Olson knew that Takeda disciplined and terminated her alleged comparator, Jordan Davis, long before Plaintiff filed this lawsuit on March 15, 2023. Indeed, Olson worked with Davis in a "two-person pod" (Dkt. 77-1, at 59:8–14, 235:23-236:4), and she thus necessarily knew his employment ended when he stopped working with her on July 6, 2021—almost four years before she filed her lawsuit. In fact, during her *own* deposition—which occurred before the 30(b)(6)—Olson admitted that she knew he had been fired by Takeda on July 6, 2021. (*Id.* at 236:8–237:4.)

Takeda also made Olson aware of the fact that Davis had been disciplined and terminated in the position statement submitted in connection with the EEOC's pre-suit investigation. For example, Takeda explicitly noted that Davis was "under a performance improvement plan in February 2021 and was terminated on July 6, 2021, whereas [Olson] was not under a performance improvement plan and is still

---

[1] Olson falsely claimed in her brief the 30(b)(6) depositions occurred on September 25, 2024. (Dkt. 91, at 2.) In reality, both of the 30(b)(6) representatives were deposed on September 5, 2024.

employed." (*See* Decl. of Andrew McKinley, Exhibit A, at Ex. 1, p. 7.) The EEOC investigator emailed the position statement to Olson on April 26, 2022 (*id*. at Ex. 2, p. 3), and the activity log reflects that Olson separately downloaded the position statement on at least May 25, 2022, at 3:15 p.m., and October 10, 2022, at 11:54 a.m. (*id*. at Ex. 3, p. 4-5 .) Simply put, Olson's claims in her response brief are false.

Even so, those false statements have no bearing on the Court's analysis, which asks "whether the plaintiff established a *prima facie* case." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). Olson does not even attempt to argue—because she cannot—that she established *any* prima facie showing for *any* claim. And Olson's factually unsupported assertion that she had "no reason to doubt the validity of her claims" (Dkt. 91, at 4) confirms nothing more that Olson failed to conduct even a good-faith investigation prior to filing her claims. *See, e.g.*, *Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1381 (S.D. Fla. 2011) (noting, when awarding fees, that "had Plaintiff done even a minimal amount of due diligence, he would have found that some of the claims . . . were meritless even at the time of filing the initial Complaint").

## II.    OLSON WHOLLY FAILS TO ADDRESS MOST OF HER CLAIMS.

Olson's response also fails to establish any aspect of her case other than the claims relating to Davis, including her religious, disability, and retaliation-based claims discussed at length in Takeda's motion. Thus, she has failed to present any defense of those claims at all.

### III. OLSON'S ATTEMPT TO PLACE WEIGHT ON THE BELATED ABANDONMENT OF HER CLAIMS IS MERITLESS.

Olson next argues that she should not be required to pay Takeda's fees because she "offered to withdraw the action within 60 days" of the 30(b)(6) depositions. (Dkt. 91, at 5.) That ignores three critical facts. *First*, there was never any factual, good-faith basis for Olson to file her claims in the first place. *Second*, Olson only indicated that she would agree to a "discontinuance of the matter" on November 19, 2024—after discovery had already closed, Takeda had been forced to file its summary judgment motion, and Olson's deadline to respond had passed. Olson's communication after all substantive work had already occurred in no way indicates that her conduct in the litigation was reasonable. In fact, it demonstrates that her conduct in pursuing baseless claims to that point was patently unreasonable. *Finally*, there was good reason for Takeda not to stipulate to a "discontinuance of the matter"—it intended to seek recovery of the significant attorneys' fees, costs, and expenses that resulted from Olson's frivolous litigation conduct. Takeda was under no obligation to abandon its right to the same.

### IV. OLSON'S REFERENCE TO A LAWSUIT INVOLVING A DIFFERENT DEFENDANT IS IRRELEVANT.

Olson next bizarrely argues that her claims were "not frivolous, unreasonable, or without merit at the time of filing" because Jodi Gayle-Garcia was "accused of racial discrimination" in a lawsuit filed against an entirely different company on February 20, 2024. (Dkt. 91, at 4.) Unsurprisingly, Olson provides no explanation about how a lawsuit filed in *February 2024* against a different

company could have had any impact on the lawsuit she filed against Takeda in *March 2023*. It also ignores that a complaint is evidence of nothing; indeed, Olson also filed a complaint alleging discrimination by Gayle-Garcia, only to ultimately acknowledge that her allegations were inaccurate and she had no basis to defend against a grant of summary judgment to Takeda. Nor does it in any way change the fact that Olson never had any good-faith factual basis for any of *her* claims.

## V.   CONCLUSION

For the reasons outlined above and in Takeda's motion, the Court should enter an order finding that Takeda is entitled to recover attorneys' fees and expenses.

Respectfully submitted April 14, 2025.

SEYFARTH SHAW LLP

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, the document was filed via CM/ECF,

which served a copy of the same on all counsel of record.

/s/  Andrew M. McKinley
Andrew M. McKinley

6