**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANNON OLSON,

Plaintiff,

v.

TAKEDA PHARMACEUTICALS AMERICA, INC.,

Defendant.

Case No: 8:23-CV-00590-TPB-CPT

**TAKEDA PHARMACEUTICALS AMERICA, INC.'S SUPPLEMENTAL MOTION ON AMOUNT OF ATTORNEYS' FEES AND EXPENSES**

## I. INTRODUCTION

On July 18, 2025, the Court entered an order determining that Takeda is entitled to an award of attorneys' fees resulting from Plaintiff Shannon Olson's indefensible filing and pursuit of her claims in this action. It further ordered Takeda to file a supplemental motion to determine the precise amount of fees and expenses that would be awarded. Takeda now does so and requests that the Court award fees and nontaxable costs in the amounts detailed below.

## II. DISCUSSION

According to the bifurcated procedure established by Local Rule 7.01, a party seeking an award of attorneys' fees must first move the court for an order establishing entitlement to fees. Local Rule 7.01(b). If the motion on entitlement is granted, the party seeking fees must then file a supplemental motion relating to the amount of fees requested. Local Rule 7.01(c). Here, because the Court has

determined that Takeda is entitled to fees in connection with its defense of the claims asserted by Olson, Takeda now files this supplemental motion on the amount of fees and expenses pursuant to the requirements of Local Rule 7.01(c).

Takeda first discusses its efforts to meet and confer, before discussing the other items required by Local Rule 7.01(c).

**A. The Results of the Parties' Meet and Confer, as Well as Outstanding Issues.**

Counsel for the Parties have engaged in telephonic conversations to discuss the potential for resolving both this motion specifically and all outstanding disputes more broadly. Olson's counsel has informed Takeda's counsel that Olson objects to any order being entered with respect to this motion, despite Olson's prior acknowledgment that "there is an entitlement to some attorneys' fees and expenses requested in Defendant's motion." (Dkt. 88.) Olson's counsel has stated an intent to move to set aside the judgment entered in Takeda's favor. Thus, all issues related to the motion, including the appropriate hourly rates, time, and overall amount to be awarded remain unresolved.

**B. The Lodestar Method Applies to the Court's Determination.**

In cases brought under fee-shifting statutes like Title VII and the FCRA, the Eleventh Circuit has adopted the lodestar method for determining reasonable attorney fees, which multiplies the hours reasonably expended by reasonable

hourly rate.[1] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Under the lodestar method, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). Takeda may meet this burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* Notably, "[w]hat [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'" *Dillard v. Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 2000). Even in the absence of evidence, the Court may base its determination based on its own experience as to the reasonable rates for employment discrimination cases in the relevant geographic area. *See, e.g.*, *Johnson v. Bay Bays Chicken & Waffles, LLC*, No. 17-80021-CIV-MARRA/MATTHEWMAN, 2017 WL 5952895, at *3 (S.D. Fla. Nov. 6, 2017), *R&R adopted*, 2017 WL 5952894 (S.D. Fla. Nov. 28, 2017). That is because "'the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience

---

[1] "Fees recoverable include both those incurred in obtaining a judgment on the merits and those incurred [in] the preparation of a motion for fees." *Webb v. Venice*, No. 8:19-CV-3045-TPB-TGW, 2024 WL 4132317, at *2 (M.D. Fla. Sept. 10, 2024); *see also Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 F. App'x 543, 550 (11th Cir. 2007) ("[F]ederal statutory fee-shifting provisions ordinarily authorize fees on fees . . . .").

concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). With respect to the reasonableness of hours expended, the touchstone is "billing judgment." *River Cross Land Co., LLC v. Seminole Cnty.*, No. 6:18-CV-1646-ACC-LHP, 2022 WL 20622333, at *5 (M.D. Fla. Dec. 12, 2022), *report and recommendation adopted*, No. 6:18-CV-1646-ACC-LHP, 2023 WL 5748424 (M.D. Fla. Jan. 5, 2023). After the moving party provides sufficient documentation to support a fee award, the burden shifts to the opposing party to submit specifical and reasonably precise objections and proof. *Id.*

After the lodestar is determined, the Court then considers the necessity of an adjustment of the results obtained. "Ultimately the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

### C. The Amount of Attorneys' Fees Requested and Backgrounds of Timekeepers

Takeda requests $332,859.50 in attorneys' fees. That amount is derived based on the timekeepers, hourly rates, and hours billed that are detailed in the following chart:

| Legal Professional | Title | Hourly Rate Billed | Total Hours Billed |
|---|---|---|---|
| Andrew McKinley | Partner | $700.00 until 12/31/24; $755 thereafter | 190.3 |
| Alex Meier | Partner | $700.00 | 64.8 |
| Shannon Cherney | Associate | $490.00 until 12/31/24; $555 thereafter | 236.4 |
| Mariame Dangnokho | Associate | $515.00 | 48.7 |
| Lisa Gonzalez | Paralegal | $335.00 until 12/31/24; $360 thereafter | 30.4 |

(Exhibit A, Decl. of Andrew McKinley, ¶ 6.)

Takeda respectfully submits that the experience, credentials, and results in this case support the attorneys' fees sought in this motion. Andrew McKinley is a partner with Seyfarth Shaw LLP. (*Id.* ¶ 2.) He has been a practicing attorney since 2012 and a partner since January 2022. (*Id.* ¶ 3.) Mr. McKinley graduated with honors from the Emory University School of Law, where he also served as an Executive Managing Editor of the *Emory Law Journal*. (*Id.*) He previously clerked for the Honorable Karla R. Spaulding of the U.S. District Court for the Middle District of Florida, Orlando Division, from 2015 to 2016. (*Id.*) He has also served as a Head of Seyfarth's Worker Classification Group. (*Id.*)

Alex Meier is a former partner with Seyfarth Shaw LLP. (*Id.* ¶ 7.) He became a partner in January 2023, before starting his own law firm in 2024 (at which time his representation in this matter ceased). (*Id.*) Mr. Meier graduated from the Emory University School of Law, where he served on the *Emory Bankruptcy Developments Journal*. (*Id.*) Mr. Meier clerked for the Honorable William C.

O'Kelley of the U.S. District Court for the Northern District of Georgia. (*Id.*) Mr. Meier has been recognized as a "Ones to Watch" lawyer for *Best Lawyers in America* from 2022 through 2025. (*Id.*)

Shannon Cherney is an associate with Seyfarth Shaw LLP. (*Id.* ¶ 8.) Ms. Cherney graduated with honors from the Emory University School of Law in 2023. (*Id.*) Ms. Cherney was on the Philip C. Jessup International Moot Court Team and was elected to the Order of the Barristers. (*Id.*)

Mariame Dangnokho was an associate with Seyfarth Shaw LLP. (*Id.* ¶ 9.) Ms. Dangnokho graduated from the Georgetown University Law Center in 2021. (*Id.*) Ms. Dangnokho was a Senior Notes Editor for the *Georgetown Journal of Poverty Law and Policy*. (*Id.*)

Lisa Gonzalez has been a paralegal with Seyfarth Shaw LLP since 2019. (*Id.* ¶ 10.) Ms. Gonzalez graduated with a Bachelor of Business Administration from Hofstra University. (*Id.*) She received her paralegal certificate from Adelphi University in 1992 and has worked as a paralegal for over 30 years. (*Id.*)

In addition to the qualifications outlined above, lead counsel for Takeda verifies that the rates cited for the above-referenced individuals were the rates actually billed to Takeda for the work performed in this litigation and, in fact, reflect a discount from counsel's standard rates and are in line with what counsel has charged for other cases in Florida. (*Id.* ¶ 12; *see also, e.g. Dillard*, 213 F.3d at 1354–55 (observing that the rates actually billed are the "best evidence" of a reasonable market rate, as they are reflective of "supply and demand").)

Further, with this motion, Takeda submits its billing records—with appropriate redactions for attorney-client privilege and information related to Olson's medical providers —that reflect the specific tasks performed (and time and timekeeper corresponding to the same) over the lifespan of this litigation. (Ex. A ¶ 14.)[2] Tasks for which recovery is not presently sought have been fully redacted. (*Id.*) Lead counsel further verifies that he has reviewed each task on the billing record submitted, and that it is his opinion that the charges not removed are not excessive duplicative, clerical, or otherwise unreasonable. (*Id.*)

Takeda also observes that the amount of time it was required to expend on the case was a direct consequence of Olson's stubborn litigiousness. That includes—as reflected in Takeda's motion on entitlement to fees—her assertion of claims that she knew from the start had no basis in fact, the continued pursuit of her claims after the Court expressed serious concerns with the same when ruling on early motions to dismiss, and her ultimately forcing Takeda to pursue a complete motion for summary judgment (before conceding she had no basis for further pursuing her claims). The time entries for which recovery is now sought were reasonable and necessary to Takeda prevailing on each and every one of the many claims that Olson pursued in this litigation. (*Id.* ¶ 15.)

Thus, the fees requested, hours worked, and overall fee award requested are reasonable and should be granted to Takeda.

---

[2] Although Takeda believes that the redacted information is unnecessary to address Takeda's motion to determine the fee amount, Takeda is willing to provide unredacted records upon request, with appropriate protections. (*Id.*)

### D. Disputed Reasonable Non-Taxable Expenses

Nontaxable expenses are also recoverable under Federal Rule of Civil Procedure 54(d)(2), including costs for mediation and travel (including airfare, hotel transportation, and meals). *See Smith v. City of New Smyrna Beach*, No. 611CV1110ORL37KRS, 2015 WL 13738777, at *8-9 (M.D. Fla. Apr. 24, 2015), *report and recommendation adopted*, No. 611CV1110ORL37KRS, 2015 WL 13738776 (M.D. Fla. May 20, 2015); *Fielder v. Shinseki*, No. 8:07-CV-1524-T-TBM, 2010 WL 1708621, at *5 (M.D. Fla. Apr. 26, 2010), *aff'd sub nom. Gowski v. Peake*, 682 F.3d 1299 (11th Cir. 2012); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001).

Lead counsel verifies that it incurred nontaxable[3] expenses in the amount of $6,559.16. (Ex. A ¶ 16 & Ex. 2.) The details of those expenses are as follows:

| Expense Description | Amount |
|---|---|
| Airport parking in connection with 9/27/23 case management conference | $36.00 |
| Roundtrip flight (Atlanta–Tampa) for 9/27/23 case management conference | $611.80 |
| Rideshare from airport to court for 9/27/23 case management conference | $42.00 |
| Rideshare to airport following 9/27/23 case management conference | $20.93 |
| Mediator fee for 1/9/24 mediation | $1,512.50 |
| Airport parking in connection with 1/17/24 case management conference | $72.00 |
| Roundtrip flight (Atlanta–Tampa) for 1/17/24 case management conference | $592.20 |

[3] Takeda filed a Bill of Costs on February 13, 2025. (Dkt. 85.) That filing has not yet been resolved by the Court. Takeda anticipates that the Court may intend to resolve all such matters at once. But it notes that it in no way waives its right to recover such taxable costs and instead requests that such costs be taxed at the time the Court deems appropriate.

| | |
|---|---|
| Rideshare from airport to hotel in connection with 1/17/24 case management conference | $34.72 |
| Hotel in connection with 1/17/24 case management conference | $378.44 |
| Rideshare from court to airport in connection with 1/17/24 case management conference | $28.32 |
| Airport parking in connection with Plaintiff's 8/15/24 deposition | $38.00 |
| Roundtrip flight (Atlanta–Tampa) for Plaintiff's 8/15/24 deposition | $756.94 |
| Baggage fee for flight to Tampa in connection with Plaintiff's 8/15/24 deposition | $35.00 |
| Baggage fee for return flight in connection with Plaintiff's 8/15/24 deposition | $35.00 |
| Rental car fuel in connection with Plaintiff's 8/15/24 deposition | $6.20 |
| Hotel in connection with Plaintiff's 8/15/24 deposition | $583.39 |
| Hotel parking in connection with Plaintiff's 8/15/24 deposition | $37.63 |
| 8/14/24 meal in connection with Plaintiff's 8/15/24 deposition | $10.32 |
| 8/14/24 meal in connection with Plaintiff's 8/15/24 deposition | $24.83 |
| 8/15/24 meal in connection with Plaintiff's 8/15/24 deposition | $23.90 |
| Deposition parking in connection with Plaintiff's 8/15/24 deposition | $35.00 |
| Airport parking in connection with 8/28/24 case management conference | $38.00 |
| Roundtrip flight (Atlanta–Tampa) for 8/28/24 case management conference | $994.96 |
| Baggage fee for flight to Tampa in connection with Plaintiff's 8/28/24 case management conference | $35.00 |
| Baggage fee for return flight in connection with Plaintiff's 8/28/24 case management conference | $35.00 |
| Rental car in connection with 8/28/24 case management conference | $60.60 |
| Rental car fuel in connection with 8/28/24 case management conference | $3.28 |
| Hotel in connection with 8/28/24 case management conference | $329.97 |
| Hotel parking in connection with 8/28/24 case management conference | $43.00 |
| 8/27/24 meal in connection with 8/28/24 case management conference | $54.23 |
| 8/28/24 meal in connection with case management conference | $60.00 |
| **Total** | **$6,559.16** |

(*Id.*) Receipts for the foregoing are filed with this motion. (*Id.*) Takeda respectfully requests that these amounts be incorporated into the Court's award.

## III. CONCLUSION

For the reasons outlined above, Takeda respectfully requests an award of $332,859.50 in attorneys' fees and $6,559.16 in expenses against Olson.

## LOCAL RULE 3.01(g) CERTIFICATION

Consistent with Local Rule 3.01(g), counsel for Takeda conferred with counsel for Olson, who indicated that Olson does not consent to any aspect of this Motion.

Respectfully submitted September 30, 2025.

**SEYFARTH SHAW LLP**

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, the foregoing document was filed via CM/ECF, which served a copy of the same on all counsel of record.

*/s/ Andrew M. McKinley*
Andrew M. McKinley