## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **SHANNON OLSON** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:23-cv-00590-TPB-CPT |
| | ) | |
| **TAKEDA PHARMACEUTICALS,** | ) | |
| **USA, Inc., et al.,** | ) | |
| | **)** | |
| *Defendants.* | ) | |

## PLAINTIFF SHANNON OLSON'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES

### I.    INTRODUCTION

Plaintiff, Shannon Olson, respectfully submits this Opposition to Defendant's Supplemental Motion for Attorneys' Fees and Expenses (Docs. 113, 113-1). This Motion for Attorneys' Fees is premature and inequitable. Plaintiff's Rule 60(b) motion, filed in good faith and supported by newly discovered evidence of counsel abandonment and disciplinary proceedings, is pending with the simultaneous filing of this Opposition. Resolution of that motion will directly impact whether any fee award is appropriate.

This motion should be denied in its entirety, or, in the alternative, stayed or dismissed without prejudice pending the Court's ruling on Plaintiff's concurrently filed Rule 60(b) Motion for Relief from Judgment, which was conferred in good

faith with counsel for several weeks prior to the submission of their motion (as evidenced in their exhibits instant motion for fees[1]) and filed the same day as this Opposition.

Defendant's request for nearly $390,000.00 in fees and expenses is procedurally premature, factually unsupported, and/or legally inequitable. The underlying judgment is now subject to a pending Rule 60(b) motion based on attorney abandonment and extraordinary circumstances. Additionally, as required in Plaintiff's 60(b) motion, Plaintiff outlines her meritorious claims; therefore, should she prevail, it would render this motion moot.

Even if the Court ultimately affirms entitlement, the claimed rates and hours are excessive, duplicative, redacted, and inconsistent with prevailing Tampa market rates and Local Rule 7.01(c).

## II.    LEGAL STANDARD

Under 42 U.S.C. § 2000e-5(k) and related provisions of the ADA and FCRA, a prevailing defendant may recover attorneys' fees only if the plaintiff's claims were "frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

---

[1] Plaintiff objects to the classification itemized on the billing statement as "threatening" the 60(b) motion, as it is well-within her legal right to explore, and the undersigned conducted a meet and confer in good faith and pursuant to the local rules.

Even when entitlement is found, courts must still ensure that requested fees are reasonable under the lodestar method, excluding hours that are excessive, redundant, and/or unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Under *Hensley v. Eckerhart*, the lodestar is calculated by multiplying the reasonable hours expended by the reasonable hourly rate prevailing in the local community. The fee applicant bears the burden to document both. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Courts may reduce claimed hours or rates to exclude clerical tasks, duplicative efforts, or non-local rate inflation. *Loranger v. Stierheim*, 10 F.3d 776, 782–83 (11th Cir. 1994).

III.   ARGUMENT

   A. The Motion is Procedurally Premature Pending Plaintiff's Rule
      60(b) Motion

A fee award should not be adjudicated while a Rule 60(b) motion remains pending, as the judgment's finality is unresolved.

Here, Plaintiff's Rule 60(b) motion, filed contemporaneously with this Opposition, squarely challenges the summary-judgment ruling based on attorney abandonment and undisclosed disciplinary proceedings against prior counsel. Additionally, provides a sound argument supported by exhibits that show a meritorious claim, or at least a genuine dispute of material fact left for a Judge or Jury.

Until the Court rules on that motion, the judgment lacks finality, and it would be inequitable to impose fees against a client who may be entitled to reinstatement of her claims.

### B.  Plaintiff's Claims Are Not Frivolous, Unreasonable, or Groundless

Under *Christiansburg*, prevailing defendants may not recover fees merely because they prevailed. The record here, including deposition testimony, contemporaneous recognition emails, and evidence of unequal treatment, demonstrates that Plaintiff's claims were colorable and factually supported.

Any procedural default resulted solely from prior counsel's abandonment, not from Plaintiff's bad faith. Plaintiff relies on and incorporates the simultaneous filing of her 60(b) motion to support this claim; however, should that motion be granted, this motion becomes premature and/or moot.

### C.  The Claimed Rates and Hours Are Excessive and Unsupported

Even assuming arguendo that Defendant is entitled to fees, the amounts claimed are unreasonable under controlling Eleventh Circuit precedent.

**Excessive Rates**: Seyfarth Shaw seeks hourly rates up to $755.00 for partners and $555.00 for associates, rates far exceeding Tampa market norms ($400.00–$525.00 and $275.00-$400.00, respectively).

**Redundant Billing**: Numerous entries reflect internal communications, email correspondence, and docket checks, resulting in unnecessary duplication. *Hensley,* 461 U.S. at 433 (reducing for redundancy).

**Clerical Tasks**: Billing for "calendar deadlines," "review ECF notice," and "prepare transmittal letter" are administrative and non-compensable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

**Travel Costs**: Defendant seeks reimbursement for Atlanta-to-Tampa travel and lodging. Such costs are disallowed where competent local counsel could appear. *Avirgan v. Hull*, 705 F. Supp. 1544, 1557 (S.D. Fla. 1989).

**Fees-on-Fees**: Defendant includes time for preparing this fee motion, which is improper absent statutory authorization. *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 915 (11th Cir. 2018) (unpublished).

Collectively, these defects require substantial reduction or outright denial under *Hensley and Norman*, respectively.

### D. Equitable Considerations Preclude a Fee Award Against Plaintiff

Plaintiff should not be punished for her attorney's dereliction. Courts applying *Christiansburg* and *Rule 60(b)* consistently refuse to impose sanctions where counsel, not the client, was at fault.  See *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (emphasizing justice on the merits).

Moreover, Plaintiff's new counsel acted diligently, conferred with defense counsel in good faith, and promptly sought to remedy the prior neglect, while obtaining the full case file through extraordinary measures from prior counsel. Under these equitable circumstances, awarding Defendant's fees would compound, not correct, injustice.

## IV.    ALTERNATIVE RELIEF

If the Court declines to deny the motion outright, Plaintiff respectfully requests that the Court stay or dismiss the fee motion without prejudice pending resolution of Plaintiff's Rule 60(b) motion.

Given the simultaneous filing of the Rule 60(b) motion, especially after conferral with Defendant's counsel, judicial efficiency and fairness both favor a stay.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

-   DENY Defendant's Supplemental Motion for Attorneys' Fees and Expenses (Docs. 113, 113-1) in its entirety;

-   Alternatively, STAY or DISMISS WITHOUT PREJUDICE Defendant's motion pending resolution of Plaintiff's Rule 60(b) Motion for Relief from Judgment; and

- Award any further relief deemed just and proper, including costs associated with responding to this premature and defective motion.

Respectfully submitted October 14, 2025.

**LAW OFFICES OF JARED M. WICHNOVITZ, P.C.**

By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.
*Pro Hac Vice Granted*
N.J. Bar I.D. Number 414022022
50 Harrison Street, Suite 206, P.O. Box 631
Hoboken, New Jersey 07030
Phone: (732) 765-2157
Fax: (732) 358-0178
Email: Jared@WichnovitzLaw.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 14, 2025, a true copy of the foregoing Opposition to Defendant's supplemental motion was filed and served upon all parties and counsel of record via PACER'S ECF.


/s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.