SHANNON OLSON,

        Plaintiff,

    v.

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

        Defendant.

Case No: 8:23-CV-00590-TPB-CPT

## DEFENDANT'S MOTION TO SEAL OR, IN THE ALTERNATIVE, FOR *IN CAMERA* REVIEW, AND INCORPORATED MEMORANDUM OF LAW

Defendant Takeda Pharmaceuticals America, Inc., hereby files this Motion to Seal text messages between Plaintiff Shannon Olson and her former counsel, Rachel Dreher, submitted in connection with Takeda's response in opposition to Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule 60(b). In support of this Motion, Takeda states as follows:

1.      On October 14, 2025, Olson filed her Motion for Relief from Judgment Pursuant to Federal rule 60(b). In that motion, Olson argued, among other things, that she was "total[ly] abandon[ed]" by her prior counsel, and that her former attorneys, not Olson, should be required to "reimburs[e] Defendant's reasonable fees" as a result. (Dt. 115, at 7, 14.) In a declaration submitted with the motion, Olson also claimed that the decision to not oppose Takeda's motion for summary judgment was "without [her] knowledge or participation." (Dkt. 114, at 168 ¶ 26.)

2. Under Florida Rule of Professional Conduct 4-1.6(a), a lawyer generally should not reveal information related to the representation of a client, unless certain exceptions apply. Two such exceptions allowing a lawyer to reveal confidential information are when doing so is (1) "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client"; or (2) "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Fla. R. Prof'l Conduct 4-1.6(c)(2), (4). The Rule permits disclosure "to the extent the lawyer reasonably believes necessary" to accomplish the foregoing. *Id.*

3. It is Takeda's belief, based on Florida Rule of Professional Conduct 4-1.6 and applicable caselaw, that Olson unambiguously waived any originally existing privilege to the extent she placed communications with her former counsel at issue in her Rule 60(b) motion. *See, e.g.*, *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("The privilege is not an inviolable seal upon he attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").

4. Takeda also recognizes, however, that Olson's former counsel is not a party to the action and is not a party to the communications between Olson and her counsel. It also recognizes that that determinations concerning the necessity

2

of a filing being made public are best decided, in the first instance, by the Court, and that Olson appears to oppose any public filing.

5. To that end, Takeda requests that the declaration of Rachel Dreher in support of Takeda's opposition to Olson's Rule 60(b) motion, be placed under seal. A copy of that declaration is attached as "Exhibit A" to this motion. While it is Takeda's belief that Olson, by virtue of the arguments raised by her, waived any privilege, Takeda believes that the instant request to seal the declaration respects the sensitive nature of attorney-client communications implicated and ensures that disclosure is no broader than necessary to permit the Court to rule on the Rule 60(b) motion. At the same time, the declaration implicated is needed to respond to the arguments in the Rule 60(b) motion concerning issues of abandonment and awareness. Takeda respectfully submits that sealing is the only way to ensure the protections of the Parties' (and Olson's former counsel's) interests in addressing substantive issues raised by Olson, while proceeding cautiously in light of the sensitive matters covered by Florida Rule of Professional Conduct 4-1.6. *See, e.g.*, *Glover v. Atlanta*, No. 1:20-cv-04302-SDG, 2021 WL 12315524, at *2 (N.D. Ga. Aug. 18, 2021) (granting a motion to seal attorney-client communications, to "prevent disclosure" that was broader than necessary).

6. Takeda further understands and respects that Olson's former counsel, Ms. Dreher, also wishes to submit text messages to the Court showing the content of her communications with Olson, to respond to Olson's claims concerning her communications with counsel. It also understands and respects Ms. Dreher's

desire to proceed with caution in light of Rule 4-1.6. To that end, Takeda further requests that Ms. Dreher be permitted to submit a supplemental declaration providing her text messages with Olson for the Court's review *in camera*, for review by the Court to determine how the documents should be filed on the docket or reviewed by the Court—e.g., under seal or otherwise—in connection with the Rule 60(b) motion. *See, e.g.*, *Glover v. Atlanta*, No. 1:20-cv-04302-SDG, 2021 WL 12315524, at *2 (N.D. Ga. Aug. 18, 2021) (granting a motion to seal attorney-client communications, to "prevent disclosure" that was broader than necessary).

7.      This motion is being solely out of an abundance of caution. Takeda notes that, on November 4, 2025, it was informed by Olson, through counsel, that Olson is "not consenting to any motion [to file under seal] nor waiving any attorney-client privilege/conceding waiver," and that Olson "reserves all rights, privileges, defenses, and any possible claims."

8.      Despite its view that Olson plainly waived privilege in her Rule 60(b) filing, Takeda does not oppose either *in camera* review of the text messages by the Court or sealing, to strike a balance between the interests in (1) the Court being able to review relevant information and (2) the prudence in proceeding cautiously when communications between a former attorney and her client are implicated— especially in light of Ms. Dreher's status as a non-party. Ultimately, Takeda believes that all interested parties are best served—and that the substantive issues implicated by the Rule 60(b) motion may be addressed—through these protective

measures, rather than through Takeda's unilateral decision that a public filing is warranted.

9.  Should the Court deem that *in camera* review is the appropriate first step, Takeda respectfully requests that Ms. Dreher be permitted to email a supplemental declaration with the text messages to chambers, so that the Court may determine whether the communications should be permitted to be filed under seal or if they must be filed otherwise.

10.  Given that the items covered by this motion concern attorney-client communications, Takeda respectfully submits that the seal should be maintained indefinitely. Although the items would not implicate retrieval, to the extent any retrieval should become necessary in the future, Rachel Dreher should be authorized to do so. Her contact information is: 631 Lucerne Avenue, Suite 53, Lake Worth Beach, FL 33460, 561-801-8661, dreherlawgroup@gmail.com. Ms. Dreher, as a non-party has an interest in establishing and maintaining the seal, and this Motion will be delivered to her on November 4, 2025—the day it was filed.

In light of the foregoing, Takeda respectfully requests that the Court (1) seal the declaration of Rachel Dreher, which is submitted as Exhibit A, for consideration with the pending Rule 60(b) motion; and (2) permit Dreher to submit a supplemental declaration providing the text messages relevant to Olson's assertions in her Rule 60(b) motion, for the Court's consideration, including with respect to whether such messages should be placed under seal.

## LOCAL RULE 3.01(g) CERTIFICATION

Takeda states that it conferred with Plaintiff's counsel concerning this motion, and that Takeda was informed by email on November 4, 2025, that Olson opposed the motion.

Respectfully submitted November 4, 2025.

**SEYFARTH SHAW LLP**

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone:  (404) 885-1500
Facsimile:   (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, the document was filed via CM/ECF, which served a copy of the same on all counsel of record.

/s/ Andrew M. McKinley
Andrew M. McKinley