# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| **SHANNON OLSON** | **)** | |
| | **)** | |
| *Plaintiff,* | **)** | |
| | **)** | |
| v. | **)** | Civil Action No. 8:23-cv-00590-TPB-CPT |
| | **)** | |
| **TAKEDA PHARMACEUTICALS,** | **)** | |
| **USA, Inc., et al.,** | **)** | |
| | **)** | |
| *Defendants.* | **)** | |


## PLAINTIFF'S CONSENT TO IN-CAMERA REVIEW AND RESERVATION OF <u>PRIVILEGE</u>

Plaintiff, Shannon Olson, by and through undersigned counsel, respectfully submits this filing to (1) consent to in camera review of certain attorney–client text communications referenced by Defendant and former counsel in relation to Plaintiff's Rule 60(b) motion, and (2) clearly reserve all applicable privileges beyond this limited submission.

This filing is made solely to ensure the Court has a complete and balanced record in resolving disputed factual issues raised in Defendant's opposition and in the Declaration of former counsel, Rachel Dreher.

## I. CONSENT TO IN CAMERA REVIEW

Defendant has requested that certain privileged text communications between Plaintiff and former counsel be reviewed by the Court in camera in connection with Plaintiff's Rule 60(b)

motion. Plaintiff does not oppose in camera review of such communications for the limited purpose of assisting the Court in resolving the factual disputes presented by competing declarations concerning:

1. Plaintiff's knowledge regarding the non-filing of a summary-judgment opposition[1];

2. Communications between Plaintiff and former counsel; and

3. Whether prior counsel abandoned Plaintiff or otherwise failed to inform her of critical deadlines.

To ensure that the Court receives a complete and accurate picture, Plaintiff intends to submit, for in camera review only, a set of communications between Plaintiff and her former counsel that are relevant to these disputed factual issues.

Plaintiff respectfully requests that all such materials be maintained under seal, reviewed only by the Court, and not disclosed to Defendant absent a further Court order after the opportunity to be heard.

## II. RESERVATION OF PRIVILEGE AND LIMITED WAIVER

Plaintiff expressly states that any submission of attorney–client communications is made solely for the limited purpose of rebutting specific factual assertions raised by former counsel and Defendant concerning counsel's representation.

Plaintiff does not intend, and does not agree, to waive the attorney–client privilege, work-product protection, or any other protection beyond what is strictly necessary for in camera review by the Court.

---

[1] As further clarified in the simultaneously filed Motion for Leave to File a Reply Brief (with consent).

Accordingly:

1. This is <u>not </u>a general waiver or subject-matter waiver.

2. Plaintiff reserves all privileges as to all communications not expressly included in the in-camera submission.

3. Plaintiff objects to any broader disclosure of privileged communications to Defendant or any third party.

4. Nothing in this filing should be construed as consent for Defendant to obtain, review, or use the privileged materials.

This reservation is consistent with Florida Rule of Professional Conduct 4-1.6(c)(4), which permits limited disclosure only to the extent reasonably necessary to address allegations concerning counsel's representation.

### III. CONCLUSION

Plaintiff respectfully submits that in camera review is the most appropriate mechanism for the Court to consider the disputed facts at issue while protecting the confidentiality of privileged communications and the integrity of the attorney–client relationship.

Dated: November 18, 2025

Respectfully submitted,

By: /s/*Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.
Law Offices of Jared M. Wichnovitz, P.C.
50 Harrison Street, Suite 206 P.O. Box 631
Hoboken, New Jersey 07030
*Counsel for Plaintiff, Pro Hac Vice Granted*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on November 18, 2025, a true copy of the foregoing Letter of Consent and Reservation of Privilege was filed and served upon all parties and counsel of record via CM/ECF.

/s/ *Jared M. Wichnovitz*

Jared M. Wichnovitz, Esq.