# EXHIBIT A

SHANNON OLSON,

      Plaintiff,

    v.

TAKEDA PHARMACEUTICALS
AMERICA, INC.,

      Defendant.

Case No: 8:23-CV-00590-TPB-CPT

## DECLARATION OF RACHEL DREHER

1.

My name is Rachel Dreher. I previously served as counsel for Shannon Olson in this matter, until the Court approved my motion to withdraw as counsel on June 25, 2025. I have personal knowledge of the facts set forth in this Declaration, and I am of competent age and mind to give this Declaration.

2.

I have reviewed the Motion for Relief from Judgment Pursuant to Federal Rule 60(b) that was filed by Shannon Olson on October 14, 2025. I am aware that Ms. Olson claimed in that motion that she was "abandoned" by her prior counsel, and that prior counsel failed to "communicate" with her. I am also aware that, while the motion explicitly focuses on Michael Yoder (one of her other attorneys in this case), Ms. Olson submitted a declaration with the motion claiming that the decision to not oppose summary judgment occurred "without [her] knowledge or participation." The above assertions by Ms. Olson are false. I informed Ms. Olson

on multiple occasions—before the deadline to file a response to the summary judgment motion, on the deadline, and after it—that no opposition to the summary judgment motion would be filed. Ms. Olson was thus aware long before the Court granted the summary judgment motion that no response was being filed.

3.

I have text messages showing that Ms. Olson's claim that she was not made aware that a response would not be filed to Takeda's summary judgment motion is false. I am aware that, under Florida Rule of Professional Conduct 4-1.6(c), Ms. Olson waived attorney-client privilege by making allegations in this case concerning my representation of her and also by requesting that fees be shifted to me based on those allegations. I am further aware that, despite that waiver, I am obligated to disclose information only to the extent necessary to respond to Ms. Olson's allegations. I am happy to submit the text messages to the Court to demonstrate the falsity of Ms. Olson's assertions in her declaration submitted with her Rule 60(b) motion. However, I do believe that my professional obligations require that seek leave from the Court for those messages be submitted under seal, rather than as a public filing, to ensure that my disclosure is no broader than necessary. It is my understanding that a corresponding motion to seal, to accomplish that purpose, is being separately filed.

4.

The decision to not oppose Takeda's summary judgment motion was a strategic decision. After reviewing information learned during discovery—

including both Ms. Olson's deposition testimony and deposition testimony from Takeda's witnesses—I did not believe that an opposition could be filed that would comply with Rule 11 of the Federal Rules of Civil Procedure. I have reviewed the information submitted by Ms. Olson in connection with her Rule 60(b) motion, and nothing in it changes my belief that the strategic decision made to not oppose the summary judgment motion and multiply litigation was the correct one.

5.

I did not abandon Ms. Olson at any point during my representation with her in this litigation. In addition to making her aware that no response to the summary judgment motion would be filed (and discussing the same with her), I discussed the legal insufficiency of documents she provided me with her; promptly informed her of the summary judgment ruling; discussed Takeda's motion to determine its entitlement to fees with her; made multiple filings on her behalf, including a response in opposition to the motion to determine an entitlement to fees; and otherwise communicated with her concerning the litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed pursuant to 28 U.S.C. § 1746.

Executed on this 3rd day of November 2025.

_____
Rachel Dreher