**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| **SHANNON OLSON** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:23-cv-00590-TPB-CPT |
| | ) | |
| **TAKEDA PHARMACEUTICALS,** | **)** | |
| **USA, Inc., et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S SUPPLEMENTAL REPLY IN SUPPORT OF HER MOTION FOR
RELIEF FROM JUDGMENT UNDER RULE 60(b)**

**I.      INTRODUCTION**

Pursuant to the Court Order entered on December 2, 2025, Plaintiff supplements her Reply

Brief in Support of her Motion for Relief from Judgment Under *Rule* 60(b), in an effort to clarify

some of the communications that occurred between prior counsel and Plaintiff. Nothing herein is

to be construed as a waiver or rescission of the Reply Brief previously filed by Plaintiff.

**II.      DEFENDANT'S OPPOSITION RAISES NEW FACTUAL ASSERTIONS THAT
DIRECTLY CONFLICT WITH PLAINTIFF'S DECLARATION**

Plaintiff supplements Point III in her previously filed reply brief (now Point II) with the

following statements and exhibits. In her declaration, former counsel Rachel Dreher states that

she reviewed information learned throughout discovery, including depositions, creating the

inference that she had access to and reviewed the complete discovery record. However, the

emails, text messages, and representations exchanged during the relevant period demonstrate that Ms. Dreher did not possess the full case file, or even substantial portions of critical materials, prior to the deadline for responding to the Motion for Summary Judgment.

Although Ms. Dreher characterizes herself as "not the lead attorney," the record shows that Mr. Yoder was simultaneously facing ongoing disciplinary issues, and Ms. Dreher formally entered her appearance on September 27, 2023. By that point, she had already been actively involved in the case for more than a year, including communicating with the client and appearing in the matter. Given these circumstances, her lack of access to the full file, despite effectively functioning as the responsible attorney on the case, is deeply concerning. It raises the question of how she could have rendered competent legal advice or formed a professional opinion regarding the summary-judgment response without a complete understanding of the case.

Moreover, the messages reflect that counsel was requesting substantial information from Plaintiff only days before the summary-judgment deadline, further evidencing that the file was incomplete and not properly reviewed.

Annexed hereto as **Exhibit A** is Plaintiff's declaration, as well as the undersigned's declaration as **Exhibit B**, along with supporting exhibits consisting of the text messages and emails exchanged with both Ms. Dreher and Mr. Yoder, including group communications involving them both.

### III.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff's Motion for Relief from Judgment under Rule 60(b)(6);

2. In the alternative, schedule an evidentiary hearing to resolve the conflicting declarations; and
3. Stay all fee-related proceedings until the Rule 60(b) motion is fully resolved.

Dated: November 18, 2025

Respectfully submitted,

By: /s /*Jared M. Wichnovitz*

Jared M. Wichnovitz, Esq.
Law Offices of Jared M. Wichnovitz, P.C.
50 Harrison Street, Suite 206,P.O. Box 631
Hoboken, New Jersey 07030
*Counsel for Plaintiff, Pro Hac Vice Granted*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 4, 2025, a true copy of the foregoing Supplemental Reply Brief and supporting Declarations and Exhibits (Reply Brief) in Support of Plaintiff's Motion for Relief from Judgment under Rule 60(b) was filed and served upon all parties and counsel of record via CM/ECF.

/s/ *Jared M. Wichnovitz*

Jared M. Wichnovitz, Esq.