IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHANNON OLSON,<br><br>Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS AMERICA, INC.,<br><br>Defendant. | Case No.: 8:23-CV-590 |

**CASE MANAGEMENT CONFERENCE PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS P. BARBER**
**UNITED STATES DISTRICT JUDGE**

**January 17, 2024**
**1:18 p.m. to 1:23 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:** RACHEL LEE DREHER, ESQUIRE
Dreher Law Group
631 Lucerne Avenue
Suite 53
Lake Worth Beach, Florida 33460

**FOR THE DEFENDANT:** ALEXANDER C. MEIER, ESQUIRE
Lee Meier
695 Pylant Street NE
Suite 105
Atlanta, Georgia 30306

(Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813) 301-5380 | r.lockwooduscr@gmail.com
801 North Florida Avenue, Tampa, Florida 33602

(Call to Order of the Court at 1:18 p.m.)

**MR. MEIER:** Good afternoon, Your Honor. Olson v. Takeda.

**THE COURT:** Where is the other side of this thing?

**MS. DREHER:** Right here.

**THE COURT:** Come on down.

Might take me a while to find it in my stack. I don't have them organized that way.

All right. This is Case Number 23-CV-590.

Please introduce yourselves, starting with the plaintiff, for the court reporter.

**MS. DREHER:** Good afternoon. Rachel Dreher on behalf of the plaintiff, Shannon Olson.

**MR. MEIER:** Alex Meier on behalf of Defendant Takeda.

**THE COURT:** This is an employment case, a pharmaceutical rep. Am I remembering that right?

**MS. DREHER:** Correct.

**MR. MEIER:** Yes, Your Honor.

**THE COURT:** Yeah. Let's see. We talked about this case. Been around almost a year now. I dismissed it. I guess I dismissed it maybe twice now.

**MR. MEIER:** We're on motion to dismiss number three, Your Honor.

**THE COURT:** Yeah. Did you try to mediate this already?

**MR. MEIER:** We did. That was unsuccessful.

**THE COURT:** Did you get close? I mean, what's -- she wants a zillion dollars? Is she working someplace else?

**MS. DREHER:** She's still working there, actually.

**THE COURT:** Oh, okay. That should be easy to resolve. She's still working there.

**MS. DREHER:** I think part of the mediation was kind of going back and forth under two different scenarios, one if she stayed up as an employee, and one if they bought her out as -- and she left her position.

**THE COURT:** Employees always say they -- I really want to work there. They really don't, because it never works out. Right?

**MS. DREHER:** She's been there for 24 years.

**THE COURT:** So she might want to stay then.

**MS. DREHER:** Yes. Exactly. So that's -- that's, I think -- it's not like she's definitely looking to leave, but she would be willing to consider --

**THE COURT:** Maybe they want to pay to get her out of there.

**MS. DREHER:** Exactly. It was a long mediation. It was almost, I think, six hours.

**THE COURT:** Constructive? Did you get close, or, I mean, what's -- this is -- this is talking turkey here. It doesn't count against you.

**MR. MEIER:** We gave a last, best, and final, and that was rejected. I'm not sure exactly where they were at. But I maxed out where I was.

**THE COURT:** I guess you're going to have to keep working on the case then.

**MR. MEIER:** I think part of the problem, Your Honor, is that we don't really think there is a case. I mean --

**THE COURT:** Well, you're wrong.

**MR. MEIER:** -- it used to be pretty substantial. Now it's winnowed down to, after the last motion to dismiss, just the race discrimination and disability.

**THE COURT:** She's going to stay in court. You're not going to be able to get rid of it altogether. I'm going to be granting the third motion, getting this stuff out that they've agreed to, basically. You can read it when it comes out. It's close to being ready.

**MR. MEIER:** Okay.

**THE COURT:** But she's going to stay in court. You're going to have to file an answer. So if that was a holdup that you thought you could knock the whole thing out, I don't think that's going to happen now. So she's going to be able to pursue this thing. That will be coming.

I'd say take a look at that and, you know, discuss it with your client. Maybe you can still work it out, once you, you know, percolated through this. If not, do the discovery,

and we've got a trial set. Discovery ends this summer. We'll do a trial, if we have to.

**MR. MEIER:** May I ask whether both of the remaining theories stay in, race and disability, or is it down to just disability? Or I can wait until it comes out.

**THE COURT:** The ones they agreed to take out are out. So I don't know.

**MS. DREHER:** The religious disability was what we agreed to -- which I believe was removed to the third.

**THE COURT:** Do you remember this one, Amanda, the ones that are staying? That's out.

**MS. DREHER:** That's out. Yeah. I think we agreed to that. Yeah.

**THE COURT:** Out. The rest is in? Yeah. I haven't finished it exactly yet, but that's where it's heading. All right. So act accordingly.

What else do we need to do on this?

**MS. DREHER:** I believe we sent the discovery responses last night, yesterday evening, so take it pretty much from there.

**THE COURT:** Okay. Discovery ends in July. I'll give you an August court date to come back after that. Let me know where you are. If you need to come in for something, let me know. We'll talk about it.

What's the August date, Sonya? I didn't bring my

list.

August 28th at 1:30.

All right. Good. Thank you.

**MS. DREHER:** Thank you very much.

**MR. MEIER:** Thank you.

(Proceedings adjourned at 1:23 p.m.)

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

I, Rebekah M. Lockwood, RDR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand at Tampa, Hillsborough County, Florida, this 17th day of April 2026.

Rebekah Lockwood

REBEKAH M. LOCKWOOD, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida