IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHANNON OLSON,<br><br>Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS AMERICA, INC.,<br><br>Defendant. | Case No.: 8:23-CV-590 |

**CASE MANAGEMENT CONFERENCE PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS P. BARBER**
**UNITED STATES DISTRICT JUDGE**

**August 28, 2024**
**2:19 p.m. to 2:24 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:** MICHAEL P. BELTRAN, ESQUIRE
Beltran Litigation
4920 West Cypress Street
Suite 104
Tampa, Florida 33607

**FOR THE DEFENDANT:** ANDREW MCKINLEY, ESQUIRE
Seyfarth Shaw
1075 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30309

(Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813) 301-5380 | r.lockwooduscr@gmail.com
801 North Florida Avenue, Tampa, Florida 33602

(Call to Order of the Court at 2:19 p.m.)

**THE COURT:** Olson versus Takeda Pharmaceuticals.

Who's doing this one?

**MS. BELTRAN:** Good afternoon, Judge. Mike Beltran, standing in for Michael Yoder on behalf of the plaintiff.

**MR. MCKINLEY:** Andrew McKinley for Takeda.

**THE COURT:** I saw you in the back, Mr. Beltran. But I didn't see you on any of the cases, so I didn't know which one you were doing. I thought you might be on that Vampire case.

**MS. BELTRAN:** That one sounds more fun. This one seems kind of fun. But I'm just standing in, so --

**THE COURT:** All right. So this is an employment case. Plaintiff worked as a pharmaceutical rep for 20-something years, as I recall. Kind of a reverse-discrimination-type case here, I guess. Let me see what else we talked about here. I already gave you rulings on the motion to dismiss.

Did you do a mediation, and it impassed?

**MR. MCKINLEY:** Yes, Your Honor.

**THE COURT:** Okay. Let's see. Have you taken the plaintiff's deposition?

**MR. MCKINLEY:** Yes, Your Honor.

**THE COURT:** Did she have some specific examples to give you on things?

**MR. MCKINLEY:** Not in the slightest. She admitted that she couldn't identify anybody who said or did anything differently to her on the basis of her race or disability.

**THE COURT:** Okay. What else needs to be done on this, as far as you can tell?

**MR. MCKINLEY:** Sure. So discovery closes on September 9th. A 30(b)(6) is being taken by the plaintiff on September 5th. They also served discovery that is due on the discovery deadline, so they'll get a response to that on the discovery deadline. And then we're going to file a motion for summary judgment.

**THE COURT:** Okay. Let's see. Do we know what the trial date is on this thing, Sonya?

March 2025. Yeah.

So I'll have to take a look at that and see where we are. It's really nothing else from your guy's standpoint. I mean --

**MS. BELTRAN:** Judge, I don't have a lot to add to that. I obviously wasn't present for the depositions. I wouldn't be able to characterize it. I understand it went a little past record time. That's what I'm informed by lead counsel.

**THE COURT:** Yeah. I mean, you can tell whoever you're covering this for, basically, the idea is that his client didn't have any examples of any discrimination that

she's suing for. And that's a very simplistic way. But he'll know what that is since he -- he was at the depo?

**MR. MCKINLEY:** He was. He appeared remotely.

**THE COURT:** Remotely.

**MR. MCKINLEY:** He appeared remotely.

**THE COURT:** All right. Okay. Is there anything -- did he communicate anything he wanted me to do on this or talk about?

**MR. BELTRAN:** What I understand is the deadlines are set, and the plaintiff is fine with those deadlines. And as Counsel said, there are some paper discovery that's returnable early next month, and also they're set for a 30(b)(6). And so everything is -- everything is pretty much in order from that perspective. And, obviously, I'll reserve comment and defer to Mr. Yoder on characterizing the depo.

**THE COURT:** That's why I set it for today. I was wanting to see what it would -- you know, what would the plaintiff's depo come up with. Maybe he's bloviating, and he's posturing, and it was a really great depo for the plaintiff. I don't know. I read people pretty well, as you do, Mr. Beltran. And, you know, I'm reading him, and he thinks he's got a good case here. So we'll see. We'll see.

I'll look for the motion when you file it. There will be a response. I'll give you a future court date of January 23rd, 2025 at 1:30. It probably won't happen, because

if I end up granting it, then the case is out of court. If I deny it, I'll probably set a sooner date and bring you back in and say, okay, now you didn't win the case, now you've got to defend something, you really, seriously want to do this or not? So we'll have that conversation, depending on how we come out on the summary judgment thing. Okay?

**MR. BELTRAN:** Thank you, Judge.

**MR. MCKINLEY:** Thank you, Your Honor.

**THE COURT:** Take care.

(Proceedings adjourned at 2:24 p.m.)

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, Rebekah M. Lockwood, RDR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand at Tampa, Hillsborough County, Florida, this 17th day of April 2026.

Rebekah Lockwood

REBEKAH M. LOCKWOOD, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida