**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| SHANNON OLSON,<br><br>Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS AMERICA, INC.,<br><br>Defendant. | Case No: 8:23-CV-00590-TPB-CPT |

**DEFENDANT'S RENEWED SUPPLEMENTAL MOTION TO DETERMINE THE AMOUNT OF ATTORNEYS' FEES AND EXPENSES TO BE AWARDED FOR WORK IN THE DISTRICT COURT**

## I. INTRODUCTION

On July 18, 2025, the Court entered an order determining that Takeda is entitled to an award of attorneys' fees resulting from Plaintiff Shannon Olson's indefensible filing and pursuit of her claims in this action. (Dkt. 108.) As the Court noted, "this case was in trouble from the start" (Dkt. 107 at 11), and after Takeda filed its motion to determine the attorney fee amount (Dkt. 113), Olson continued her pattern of problematic filings, requesting relief from judgment under Rule 60(b) (Dkt. 114). Olson lost that motion (Dkt. 129), and she then lost her appeal of that ruling (Dkt. 137). In the interim, the Court had issued an order denying Takeda's motion to determine the amount of attorneys' fees to be awarded, holding that a renewed motion should be filed within twenty-one days of the resolution of

the appeal.[1] (Dkt. 132.) The Eleventh Circuit issued its mandate on October 16, 2026. (Dkt. 138.)

Takeda now renews its request that the Court enter its final order setting the amount of attorneys' fees to be awarded for work performed at the district court level, and finally hold Olson accountable for the consequences of filing and pursuing her frivolous claims.

## II. DISCUSSION

According to the bifurcated procedure established by Local Rule 7.01, a party seeking an award of attorneys' fees must first move the court for an order establishing entitlement to fees. Local Rule 7.01(b). If the motion on entitlement is granted, the party seeking fees must then file a supplemental motion relating to the amount of fees requested. Local Rule 7.01(c). Here, because the Court has previously determined that Takeda is entitled to fees in connection with its defense of the claims asserted by Olson, Takeda now files this renewed supplemental motion on the amount of fees and expenses pursuant to the requirements of Local Rule 7.01(c).

Takeda first discusses its efforts to meet and confer, before discussing the other items required by Local Rule 7.01(c).

[1] "The appeal lasts until [the Eleventh Circuit] issue[s] the mandate." *U.S. Commodity Futures Trading Comm'n*, 946 F.3d 1242, 1251 (11th Cir. 2020).

### A. The Results of the Parties' Meet and Confer, as Well as Outstanding Issues.

Upon the filing of Takeda's original supplemental motion to determine the fee amount, counsel for the Parties engaged in telephonic conversations to discuss the potential for resolving the motion specifically and all outstanding disputes more broadly. At the time, Olson's counsel informed Takeda's counsel that Olson objected to any fee amount, despite Olson's prior acknowledgment that "there is an entitlement to some attorneys' fees and expenses requested in Defendant's motion." (Dkt. 88.) Olson subsequently filed a response brief, outlining her various disputes with Takeda's fee request. (Dkt. 115.)

More recently, in connection with this renewed motion, Takeda's counsel conferred with Olson's counsel, who again confirmed that Olson objects in full to any amount. Thus, as with Takeda's original supplemental motion, all issues related to this renewed motion, including the appropriate hourly rates, time, and overall amount to be awarded, remain unresolved.

### B. The Lodestar Method Applies to the Court's Determination.

In cases brought under fee-shifting statutes like Title VII, the ADA, and the FCRA, the Eleventh Circuit has adopted the lodestar method for determining reasonable attorney fees, which multiplies the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Under the lodestar method, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). Takeda may meet this burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* Notably, "[w]hat [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'" *Dillard v. Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 2000). Even in the absence of evidence, however, the Court may base its determination on its own experience as to the reasonable rates for employment discrimination cases in the relevant geographic area. *See, e.g.*, *Johnson v. Bay Bays Chicken & Waffles, LLC*, No. 17-80021-CIV-MARRA/MATTHEWMAN, 2017 WL 5952895, at *3 (S.D. Fla. Nov. 6, 2017), *R&R adopted*, 2017 WL 5952894 (S.D. Fla. Nov. 28, 2017). That is because "'the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

With respect to the reasonableness of hours expended, the touchstone is "billing judgment." *River Cross Land Co., LLC v. Seminole Cnty.*, No. 6:18-CV-1646-ACC-LHP, 2022 WL 20622333, at *5 (M.D. Fla. Dec. 12, 2022), *R&R adopted*, No. 6:18-CV-1646-ACC-LHP, 2023 WL 5748424 (M.D. Fla. Jan. 5, 2023). After the moving party provides sufficient documentation to support a fee award,

the burden shifts to the opposing party to submit specific and reasonably precise objections and proof. *Id.*

After the lodestar is determined, the Court then considers the necessity of an adjustment for the results obtained. "Ultimately the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

Importantly, too, "[f]ees recoverable include both those incurred in obtaining a judgment on the merits and those incurred [in] the preparation of a motion for fees." *Webb v. Venice*, No. 8:19-CV-3045-TPB-TGW, 2024 WL 4132317, at *2 (M.D. Fla. Sept. 10, 2024); *see also Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 F. App'x 543, 550 (11th Cir. 2007) ("[F]ederal statutory fee-shifting provisions ordinarily authorize fees on fees . . . ."). Similarly, fees incurred with respect to a plaintiff's request for post-judgment relief, such as in connection with a Rule 60(b) motion, are included in the lodestar calculation. *See, e.g.*, *Villano*, 254 F.3d at 1309 ("[P]ost-judgment advocacy may generally be included in a § 1988 award."); *Hatfield v. Hayes*, 877 F.2d 717, 720 (8th Cir. 1989) (reversing a district court's refusal to award attorneys' fees in connection with work done opposing a Rule 60(b) motion).

### C. The Amount of Attorneys' Fees Requested and Backgrounds of Timekeepers

Takeda requests $385,032.00 in attorneys' fees. That amount is derived from the timekeepers, hourly rates, and hours billed that are detailed in the following chart:

| Legal Professional | Title | Hourly Rate Billed | Total Hours Billed |
|---|---|---|---|
| Andrew McKinley | Partner | $700.00 until 12/31/24; $755.00 until 4/16/26; $793.00 thereafter | 241.5 |
| Alex Meier | Partner | $700.00 | 64.8 |
| Shannon Cherney | Associate | $490.00 until 12/31/24; $555.00 until 4/16/26; $593.00 thereafter | 260.3 |
| Mariame Dangnokho | Associate | $515.00 | 48.7 |
| Lisa Gonzalez | Paralegal | $335.00 until 12/31/24; $360.00 until 4/16/26; $378.00 thereafter | 31.1 |

(Exhibit A, Decl. of Andrew McKinley, ¶ 6.[2])

Takeda respectfully submits that the experience, credentials, and results in this case support the attorneys' fees sought in this motion. Andrew McKinley is a partner with Seyfarth Shaw LLP. (*Id.* ¶ 2.) He has been a practicing attorney since 2012 and a partner since January 2022. (*Id.* ¶ 3.) Mr. McKinley graduated with honors from the Emory University School of Law, where he also served as Executive Managing Editor of the *Emory Law Journal*. (*Id.*) He previously clerked

[2] Although counsel notes its rates for work performed after April 16, 2026, that work at the district court level was largely tied to the instant Motion. Given the recency of that work, related billing records are not being submitted with this Motoin. Nevertheless, Takeda notes the rate history for purposes of completeness.

for the Honorable Karla R. Spaulding of the U.S. District Court for the Middle District of Florida, Orlando Division, from 2015 to 2016. (*Id.*) He has also served as head of Seyfarth's Worker Classification Group. (*Id.*)

Alex Meier is a former partner with Seyfarth Shaw LLP. (*Id.* ¶ 7.) He became a partner in January 2023, before starting his own law firm in 2024 (at which time his representation in this matter ceased). (*Id.*) Mr. Meier graduated from the Emory University School of Law, where he served on the *Emory Bankruptcy Developments Journal*. (*Id.*) Mr. Meier clerked for the Honorable William C. O'Kelley of the U.S. District Court for the Northern District of Georgia. (*Id.*) Mr. Meier has been recognized in the "Ones to Watch" category of *Best Lawyers in America* from 2022 through 2025. (*Id.*)

Shannon Cherney is an associate with Seyfarth Shaw LLP. (*Id.* ¶ 8.) Ms. Cherney graduated with honors from the Emory University School of Law in 2023. (*Id.*) Ms. Cherney was on the Philip C. Jessup International Moot Court Team and was elected to the Order of the Barristers. (*Id.*)

Mariame Dangnokho was an associate with Seyfarth Shaw LLP. (*Id.* ¶ 9.) Ms. Dangnokho graduated from the Georgetown University Law Center in 2021. (*Id.*) Ms. Dangnokho was a Senior Notes Editor for the *Georgetown Journal of Poverty Law and Policy*. (*Id.*)

Lisa Gonzalez has been a paralegal with Seyfarth Shaw LLP since 2019. (*Id.* ¶ 10.) Ms. Gonzalez graduated with a Bachelor of Business Administration from

Hofstra University. (*Id.*) She received her paralegal certificate from Adelphi University in 1992 and has worked as a paralegal for over 30 years. (*Id.*)

In addition to the qualifications outlined above, lead counsel for Takeda verifies that the rates cited for the above-referenced individuals were the rates actually billed to Takeda for the work performed in this litigation and, in fact, reflect a discount from counsel's standard rates and are in line with what counsel's firm has charged for other cases in Florida, including in the Middle District of Florida.[3] (*Id.* ¶ 12; *see also, e.g., Dillard*, 213 F.3d at 1354–55 (observing that the rates actually billed are the "best evidence" of a reasonable market rate, as they are reflective of "supply and demand").)

Further, with this motion, Takeda submits its billing records—with appropriate redactions for attorney-client privilege, confidential settlement communications, and information related to Olson's medical providers—that reflect the specific tasks performed (and time and timekeeper corresponding to the same) over the lifespan of this litigation.[4] (Ex. A ¶ 14.) Tasks for which recovery is not presently sought have been fully redacted. (*Id.*) Lead counsel further verifies that he has reviewed each task on each of the billing records submitted, and that it

[3] Moreover, Eleventh Circuit authority makes clear that Takeda would actually be entitled to recover at the *current* hourly rates for all work performed, further reflecting the reasonableness of Takeda's overall fee figure, which uses rates at the time of the work performed. *See, e.g.*, *Norman*, 836 F.2d at 1302 ("[W]here there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates.").

[4] Although Takeda believes that the redacted information is unnecessary to resolve Takeda's motion to determine the fee amount that should be awarded, Takeda is willing to provide unredacted records upon request, with appropriate protections, should the Court believe the same is needed.

is his opinion that the charges not removed are not excessive, duplicative, clerical, or otherwise unreasonable. (*Id.*)

Takeda also observes that the amount of time it was required to expend on the case was a direct consequence of Olson's stubborn litigiousness. That includes her assertion of claims that she knew from the start had no basis in fact, the continued pursuit of her claims after the Court expressed serious concerns with the same when ruling on early motions to dismiss, her forcing Takeda to file a complete motion for summary judgment (before conceding she had no basis for further pursuing her claims), and her desperate attempt to relitigate her claims and avoid the imposition of fees against her through Rule 60(b) relief with factual arguments that this Court described as "at best, inaccurate." (Dkt. 129.) The time entries for which recovery is now sought were reasonable and necessary to Takeda prevailing on each and every one of the many claims that Olson pursued in this litigation. (Ex. A ¶ 15.)

Thus, the hourly rates, hours worked, and overall fee award requested are reasonable and should be granted to Takeda.

### D. Disputed Reasonable Non-Taxable Expenses

Nontaxable expenses are also recoverable under Federal Rule of Civil Procedure 54(d)(2), including costs for mediation and travel (such as airfare, hotels, transportation, and meals). *See Smith v. New Smyrna Beach*, No. 611CV1110ORL37KRS, 2015 WL 13738777, at *8–9 (M.D. Fla. Apr. 24, 2015), *R&R adopted*, 2015 WL 13738776 (M.D. Fla. May 20, 2015); *Fielder v. Shinseki*,

No. 8:07-CV-1524-T-TBM, 2010 WL 1708621, at *5 (M.D. Fla. Apr. 26, 2010), *aff'd in part, vacated in part on other grounds sub nom. Gowski v. Peake*, 682 F.3d 1299 (11th Cir. 2012); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001).

Lead counsel verifies that Takeda incurred nontaxable[5] expenses in the amount of $6,569.16. (Ex. A ¶ 16 & Ex. 3.) The details of those expenses are as follows:

| **Expense Description** | **Amount** |
|---|---|
| Airport parking in connection with 9/27/23 case management conference | $36.00 |
| Roundtrip flight (Atlanta–Tampa) for 9/27/23 case management conference | $611.80 |
| Rideshare from airport to court for 9/27/23 case management conference | $42.00 |
| Rideshare to airport following 9/27/23 case management conference | $20.93 |
| Mediator fee for 1/5/24 mediation | $1,512.50 |
| Airport parking in connection with 1/17/24 case management conference | $72.00 |
| Roundtrip flight (Atlanta–Tampa) for 1/17/24 case management conference | $592.20 |
| Rideshare from airport to hotel in connection with 1/17/24 case management conference | $34.72 |
| Hotel in connection with 1/17/24 case management conference | $378.44 |
| Rideshare from court to airport in connection with 1/17/24 case management conference | $28.32 |
| Airport parking in connection with Plaintiff's 8/15/24 deposition | $38.00 |
| Roundtrip flight (Atlanta–Tampa) for Plaintiff's 8/15/24 deposition | $756.94 |
| Baggage fee for flight to Tampa in connection with Plaintiff's 8/15/24 deposition | $35.00 |

[5] Takeda filed a Bill of Costs on February 13, 2025. (Dkt. 85.) That filing has not yet been resolved by the Court. While it is likely that the Court may intend to resolve all such matters at once, Takeda notes that it in no way waives its right to recover such taxable costs and instead requests that such costs be taxed at the time the Court deems appropriate.

| | |
|---|---|
| Baggage fee for return flight in connection with Plaintiff's 8/15/24 deposition | $35.00 |
| Rental car fuel in connection with Plaintiff's 8/15/24 deposition | $6.20 |
| Hotel in connection with Plaintiff's 8/15/24 deposition | $583.39 |
| Hotel parking in connection with Plaintiff's 8/15/24 deposition | $37.63 |
| 8/14/24 meal in connection with Plaintiff's 8/15/24 deposition | $10.32 |
| 8/14/24 meal in connection with Plaintiff's 8/15/24 deposition | $24.83 |
| 8/15/24 meal in connection with Plaintiff's 8/15/24 deposition | $23.90 |
| Deposition parking in connection with Plaintiff's 8/15/24 deposition | $35.00 |
| Airport parking in connection with 8/28/24 case management conference | $38.00 |
| Roundtrip flight (Atlanta–Tampa) for 8/28/24 case management conference | $994.96 |
| Baggage fee for flight to Tampa in connection with Plaintiff's 8/28/24 case management conference | $35.00 |
| Baggage fee for return flight in connection with Plaintiff's 8/28/24 case management conference | $35.00 |
| Rental car in connection with 8/28/24 case management conference | $60.60 |
| Rental car fuel in connection with 8/28/24 case management conference | $3.28 |
| Hotel in connection with 8/28/24 case management conference | $329.97 |
| Hotel parking in connection with 8/28/24 case management conference | $43.00 |
| 8/27/24 meal in connection with 8/28/24 case management conference | $54.23 |
| 8/28/24 meal in connection with case management conference | $60.00 |
| **Total** | **$6,569.16** |

(*Id.*) Receipts for the foregoing are filed with this motion. (*Id.*) Takeda thus respectfully requests that these amounts be incorporated into the Court's award.

## III. CONCLUSION

For the reasons outlined above, Takeda respectfully requests an award of $385,032.00 in attorneys' fees and $6,569.16 in expenses against Olson.

## LOCAL RULE 3.01(g) CERTIFICATION

Consistent with Local Rule 3.01(g), counsel for Takeda conferred with counsel for Olson, who indicated that Olson objects to the Motion in full.

Respectfully submitted November 6, 2026.

**SEYFARTH SHAW LLP**

By: *_/s/ Andrew M. McKinley_*

Andrew M. McKinley
Florida Bar No. 122069
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, the foregoing document was filed via CM/ECF, which served a copy of the same on all counsel of record.

*/s/ Andrew M. McKinley*
Andrew M. McKinley