**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| SHANNON OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 8:23-cv-00590-TPB-CPT |
| v. | ) | |
| | ) | |
| TAKEDA PHARMACEUTICALS AMERICA, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED SUPPLEMENTAL MOTION TO DETERMINE THE AMOUNT OF ATTORNEYS' FEES AND EXPENSES**

## I. INTRODUCTION AND REQUESTED RELIEF

Takeda asks for $385,032.00 in fees for 646.4 hours and $6,569.16 in non-taxable expenses, a total of $391,601.16 (Docs. 139, 139-1). Plaintiff Shannon Olson worked for Takeda as a pharmaceutical sales representative from December 13, 1999 until March 31, 2026, more than twenty-six years (Ex. B ¶¶ 2, 4). She recognizes the Court's entitlement ruling (Docs. 107–108) and the denial of Rule 60(b)(6) relief (Doc. 129), which the Eleventh Circuit affirmed, and she does not ask the Court to revisit either, reserving all rights as to each. Entitlement, however, is not an amount. A prevailing defendant in a civil-rights case may shift to the plaintiff only reasonable fees attributable to the claims on which entitlement was

found. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978). The burden of documenting reasonable hours and rates is Takeda's.

Although entitlement has been determined, the amount remains subject to proof of reasonable rates, reasonable hours, adequate documentation, and recoverable expenses. She also requests consideration of her documented financial resources under *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 916–17 (11th Cir. 1982).

Plaintiff requests that the Court determine reasonable Tampa-market rates; make the supported, nonduplicative adjustments identified below and in Exhibit A; require sufficient nonprivileged explanation or protected review where the record does not permit meaningful evaluation; and consider her sworn financial evidence in fixing the award. If individual determinations are impractical, she requests one reasoned percentage reduction in place of overlapping individual deductions. Her objections are itemized by date and timekeeper in Exhibit A, as Local Rule 7.01(d) requires; they overlap, and no two category totals should be added to compute a reduction.

## II. RELEVANT PROCEDURAL AND FINANCIAL BACKGROUND

Plaintiff sued in March 2023. After amended pleadings, the Court dismissed the individual defendants and certain counts and allowed the remaining race- and disability-related claims to proceed (Docs. 54, 62). Takeda deposed Plaintiff on

August 15, 2024, and moved for summary judgment on September 27, 2024 (Doc. 77). No opposition to that summary-judgment motion was filed, although Plaintiff's response was due on or before November 1, 2024 (Doc. 81 at 1 & n.1; Doc. 107 at 8). The Court granted the motion on January 29, 2025 (Doc. 81), and judgment followed (Doc. 82). The Magistrate Judge recommended on July 1, 2025 that Takeda be found entitled to fees (Doc. 107). Plaintiff opposed Takeda's entitlement motion (Doc. 84; see Doc. 91; Doc. 107 at 12), and the parties advised the Court that she did not dispute entitlement to some fees but disputed the extent (Doc. 88; Doc. 107 at 4). Document 88 did not stipulate to any hourly rate, number of hours, task, or dollar amount. No objections to the Report and Recommendation were filed (Doc. 108 at 1; see also Doc. 118 at 19), and the Court adopted it on July 18, 2025 (Doc. 108), directing a later motion on amount. Plaintiff opposed Takeda's September 30, 2025 motion on amount (Docs. 113, 115). Neither the absence of a summary-judgment response nor the absence of objections to the entitlement recommendation establishes the reasonableness of the particular hours, rates, or expenses now requested; those amount issues remain for determination under Local Rule 7.01(c)–(d).

Takeda's September 30, 2025 amount motion (Doc. 113) was denied without prejudice on January 8, 2026. The Court permitted renewal within twenty-one days after resolution of the appeal and directed that a renewed motion "shall

not incorporate by reference any other filings or submissions" (Doc. 132). The Court denied Rule 60(b)(6) relief on December 5, 2025 (Doc. 129). On September 16, 2026, the Eleventh Circuit affirmed but denied Takeda's request for sanctions under Federal Rule of Appellate Procedure 38; the mandate issued October 16, 2026 (Docs. 137, 138). Takeda filed the renewed motion on November 6, 2026 (Doc. 139).

The billing submission comprises $332,859.50 for work through July 2025 and $52,172.50 for August through December 2025 (Doc. 139-1 ¶ 14). The last entry produced is dated December 8, 2025; Takeda states that later time is "not being submitted" (Doc. 139 at 6 n.2). The 619 entries and 646.4 hours reconcile to $385,032.00; that arithmetic does not establish reasonableness.

## III. GOVERNING STANDARDS

A reasonable fee is a reasonable hourly rate multiplied by the hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299–1303 (11th Cir. 1988). The applicant bears the burden of documenting both, must exercise billing judgment, and may not recover for excessive, redundant, clerical, or inadequately documented time. *Id.*; *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). The Court may rely on its own knowledge and expertise, *Norman*, 836 F.2d at 1303, and may apply a percentage reduction in lieu of line-by-line review. *Bivins v. Wrap*

*It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008). Local Rule 7.01(c) requires documentation of time, rates, prevailing-market evidence, and expenses, and Local Rule 7.01(d) requires the opponent to state objections by day and timekeeper.

A prevailing defendant stands differently from a prevailing plaintiff. Fees may be shifted to a plaintiff only for claims found "frivolous, unreasonable, or without foundation," or for litigation continued after a claim "clearly became" so. *Christiansburg*, 434 U.S. at 421–22. Where compensable and noncompensable matters are mixed, the question is what fees the defendant would not have incurred but for the claims for which fees were authorized, and the district court may allocate reasonably, without auditing perfection. *Fox v. Vice*, 563 U.S. 826, 836–39 (2011). To the extent any identified work falls outside that ruling, *Fox* requires the Court to limit recovery to fees caused by the claims for which fees were authorized. Independently, every requested hour remains subject to the applicant's burden to establish that it was reasonably expended and adequately documented.

## IV. ARGUMENT

### A. The amount must remain within the authorized scope and exclude unreasonable work.

Documents 107–108 govern entitlement, and Plaintiff does not ask the Court to revisit them. The Report and Recommendation found the lawsuit frivolous as a whole, described it as "in trouble from the start," and rejected the contention that it was not frivolous when filed (Doc. 107 at 11–13). Plaintiff therefore does not ask

the Court to exclude work merely because it preceded her deposition or because the pleadings survived a motion to dismiss. Her objections concern the work actually charged: whether identifiable tasks were necessary to Takeda's defense, whether they concerned another party or a separate matter, and whether the time and staffing were reasonable. Those objections do not depend on disturbing the entitlement ruling. See *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299–1303 (11th Cir. 1988).

*Fox* supplies the allocation rule when compensable and noncompensable work are mixed; it does not itself establish that any earlier phase was nonfrivolous. Plaintiff therefore seeks exclusion only of work the record identifies as outside the authorized scope. Takeda asserts that every entry was reasonable and necessary (Doc. 139 at 9, citing Doc. 139-1 ¶ 15), but its declaration does not allocate time among the individual defendants, the dismissed counts, and the surviving claims (cf. Doc. 107 at 15). Where an entry on its face concerns a different party or a collateral dispute, such as the June 2023 motion concerning prior counsel's pro hac vice filing (Ex. A, entry 12), Plaintiff asks only that Takeda identify the portion necessary to its own defense. Work shared with another defendant is not excluded merely because it also benefited that defendant.

Takeda's records show $165,421.00 billed before Plaintiff's deposition, of which $75,921.50 was billed through January 23, 2024 (Ex. A, Sched. 1). Plaintiff

offers those figures as context for her specific objections, not as a stacked deduction. Plaintiff requests reduction of the discovery-stage charges ($89,499.50) to the extent the record identifies work outside the scope of Documents 107–108 or work that was excessive, duplicative, or inadequately documented.

The June 2023 admission-related entries (entries 12, 15, 16, and 17; 4.1 hours; $2,389.00; Doc. 139-1 at 13–14) concerned the admission and disclosures of Plaintiff's former counsel rather than the substantive adjudication of Takeda's defenses. Takeda should show that the particular services were reasonably necessary to defending the claims for which fees were authorized, and any portion that cannot be so attributed should be excluded.

**B. The Court should determine reasonable Tampa-division rates on a proper market record.**

Takeda seeks $700 and $755 per hour for Andrew McKinley, $700 for Alex Meier, $490 and $555 for Shannon Cherney, $515 for Mariame Dangnokho, and $335 and $360 for paralegal Lisa Gonzalez, and it lists higher "thereafter" rates for work after April 16, 2026 for which it submits no records (Doc. 139 at 6 & n.2; Doc. 139-1 ¶ 6). Its evidence is counsel's declaration that the rates were actually billed, reflect a discount from his firm's rates in other Florida cases, and are similar to or lower than rates billed in Tampa-area employment matters (Doc. 139-1 ¶¶ 6, 11–12). Rates actually billed are probative, *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 2000), and the Court may rely on its own experience,

*Norman*, 836 F.2d at 1303. But the measure is the prevailing rate in the relevant community for comparable skill, *id.* at 1299, and the relevant market is the place where the case was filed, here Tampa. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999); *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The declaration does not identify the years, experience levels, services, or circumstances of the other Tampa-area engagements used as comparators. Local Rule 7.01(c)(4)(F) requires evidence of the prevailing market rate in the division for similar services by lawyers of comparable skill, experience, and reputation; the absence of those comparator details limits the weight of counsel's general market assertion.

Recent Tampa authority supplies a concrete point of comparison. In *Eyth v. Spectrum Charter Communications, Inc.*, No. 8:23-cv-1878-CEH-TGW (M.D. Fla. Feb. 2025) (report and recommendation of the magistrate judge), the magistrate judge recommended approving $635 for a partner with approximately twenty years of experience, $440 for an associate with more than six years, and $290 for a paralegal. *Eyth* arose in employment litigation but concerned a narrower motion to compel arbitration and a contractual fee provision. Its rates are comparators, not a mandatory ceiling, but they warrant close examination of $490–$555 for Ms. Cherney, a 2023 graduate who first billed on December 14, 2023, and $515 for Ms. Dangnokho, a 2021 graduate (Doc. 139-1 ¶¶ 8–9). Ms. Gonzalez's 30-plus years of

paralegal experience are acknowledged, but the work performed must still be evaluated against $335–$360 per hour. Takeda's staffing was also top-heavy: its two partners billed 306.3 of the 646.4 hours (47.4 percent) but $218,711.00 of the $385,032.00 requested (56.8 percent), and tasks such as document collection, tagging, and production (entries 170, 185, 189) were billed at $700. As an illustration only, applying the *Eyth* comparators to the submitted hours (306.3 partner hours at $635, 309.0 associate hours at $440, and 31.1 paralegal hours at $290) yields $339,479.50, or $45,552.50 below the request before any adjustment of hours; this does not concede the submitted hours or any resulting amount (Ex. A, Sched. 4). Plaintiff does not contend that those rates govern each historical year; she asks the Court to determine experience- and year-specific rates using its own expertise. *Norman*, 836 F.2d at 1299, 1303.

Takeda has not established an automatic entitlement to current rates for historical work (Doc. 139 at 8 n.3) or to any enhancement beyond the historical-rate calculation submitted with its motion. *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1044–46 (11th Cir. 2010), rejects compensating twice for the same delay: a court may not add a delay enhancement to current rates, and any permissible enhancement requires specific record evidence and particularized findings. See also *Perdue v. Kenny A.*, 559 U.S. 542, 555–56 (2010) (delay-based enhancement appropriate only in rare and exceptional circumstances). The Court

should decide the request on the proof presented, without adding an uncalculated current-rate enhancement or fees for unsubmitted work.

### C. Certain entries obscure the subject of the requested work and require clarification or protected review.

Certain entries leave the subject of requested work obscured even after considering their visible wording. Examples are Mr. McKinley's entries dated January 29, February 26, May 14, and December 8, 2025, and the separately identifiable 0.2-hour component of his October 15, 2025 entry. Those components total $1,510.00 (Doc. 139-1 at 66, 69, 75, 85, 90; Ex. A, entries 463, 497, 523, 579, and 619). Each states that the work concerned an email or call with S. Das, with the subject redacted. Mr. McKinley states that entries were redacted to protect privilege, confidential settlement communications, medical matters, or work for which no fees are sought, and that unredacted records are available on request (Doc. 139-1 ¶ 14; Doc. 139 at 8 n.4). Takeda also states that tasks for which it seeks no recovery were fully redacted (Doc. 139 at 8), so entries with only the subject redacted are ones for which it does seek payment. Plaintiff does not presume that client communications are noncompensable, and the $1,510.00 is a verified subset requiring explanation, not a finding of overbilling or a ceiling on other properly documented objections.

Plaintiff does not contend that a fee submission automatically waives privilege. She asks for a narrow process: first, a sufficient nonprivileged

explanation of the task and its connection to the compensable district-court work; second, if the entry and surrounding context still do not permit meaningful review, in-camera review of the specific entry or another court-approved protective procedure; and third, only if Takeda remains unable to substantiate the requested work, disallowance or a reasonable reduction. Plaintiff does not seek unrestricted access to Takeda's files and does not speculate about the subject of any redacted entry. If the Court requires a separate motion for this procedure, Plaintiff requests leave to file one promptly.

Plaintiff does not concede the adequacy of other materially incomplete descriptions. The applicant bears the burden of documenting the hours claimed; where a description, even in context, does not permit the Court to determine necessity, Plaintiff requests supplementation or an appropriate reduction.

**D. Clerical, duplicative, and unsupported time should be excluded, separated, or clarified.**

Entry 575 is a concrete clerical charge: on October 1, 2025, Ms. Cherney billed 0.2 hours at $555 per hour, or $111.00, to "[f]acilitate mailing of motion for fees to chambers" (Doc. 139-1 at 85). Plaintiff requests exclusion of that charge as clerical mailing work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). For entries involving collection, tagging, production, or redaction (for example entries 170, 185, and 189), Plaintiff requests separation of mechanical preparation from any substantive responsiveness, privilege, or legal review; she does not assume

those tasks are clerical in their entirety. Entry 570 (September 29, 2025; 1.6 hours; $1,208.00) expressly includes review of fee records "against legal standard" (Doc. 139-1 at 83). Takeda should identify any mechanical component billed at a partner rate, but the description does not establish that all 1.6 hours were administrative.

Multiple timekeepers, ordinary lawyer conferences, and combined related tasks do not themselves establish duplication. Combined entries nonetheless warrant a reduction when sufficiently distinct tasks or incomplete descriptions prevent assessment of the time claimed. Entry 579 (October 15, 2025; 0.5 hours; $377.50) allocates 0.3 hours to responding to R. Dreher and leaves 0.2 hours, or $151.00, for an email whose subject is obscured (Doc. 139-1 at 85); Plaintiff's clarification request is limited to that residual component. Any reduction should rest on an identified unreasonable component, counted once. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–52 (11th Cir. 2008).

Takeda's records show 30 entries totaling 34.3 hours and $18,889.50, billed by multiple timekeepers on September 24 through 27, 2024, a cluster predominantly concerning summary-judgment work but including production review and obscured communications (Ex. A, Sched. 4). Plaintiff asks the Court to scrutinize that time for duplication with earlier briefing, excessive staffing, and unnecessary tasks, and to make a reasonable, non-duplicative reduction, without

stacking it on other reductions for the same deficiency. *Bivins*, 548 F.3d at 1350–51.

Two entries also differ from the docket. Entry 52 (1.1 hours; $770.00) is dated September 26, 2023, and records attendance at a conference held on September 27, and entry 462 (1.3 hours; $721.50) is dated January 28, 2025, and refers to incorporating the summary-judgment order entered January 29. These differences warrant concise clarification. Plaintiff does not accuse counsel of false billing; if adequately explained, the entries need not be excluded.

Entry 505 (March 25, 2025; L. Gonzalez; 0.2 hours; $72.00) records a telephone conference with the Court Clerk regarding the progress of the Bill of Costs (Doc. 139-1 at 71, PageID 2593). The visible description concerns a routine status inquiry rather than substantive legal analysis, and the entry is also one of the Bill of Costs entries addressed in Part IV.F, so any reduction should be counted once. Plaintiff requests exclusion only of the nonlegal component supported by the record; if Takeda contends the entry included substantive legal work, it should identify that component.

### E. Hearing-related travel expenses should be assessed for reasonable necessity.

Plaintiff recognizes that the Court's practice required in-person appearances at the conferences (Doc. 134 at 3:16–23). The question is whether the requested $3,470.45 in Atlanta-to-Tampa conference travel ($710.73, $1,105.68, and

$1,654.04 for the conferences of September 27, 2023, January 17, 2024, and August 28, 2024; Doc. 139 at 10–11; Ex. A, Sched. 3) was reasonably necessary in light of the subject of each conference, the availability of local representation, and the staffing actually required. Takeda has not explained why local counsel would not have sufficed (see Doc. 115 at 5). Plaintiff asks the Court to evaluate those circumstances and the documented amounts, not to equate a short conference with unnecessary attendance. See *Barnes*, 168 F.3d at 438–39. Preparation and attendance entries for the same conferences (entries 50, 52, 102, 330, and 331) should likewise be evaluated against what was addressed at each.

Plaintiff does not dispute that in-person attendance at her August 15, 2024 deposition was reasonable (deposition-related travel, $1,586.21), and does not challenge the court-ordered mediation expense of $1,512.50 as such. Plaintiff asks that no expense be awarded twice, including any item also claimed in Takeda's Bill of Costs (Doc. 85), and reserves her objections stated in this Part E.

**F. Post-judgment and fee-application time should be limited to what was reasonable and adequately documented.**

Fee-application and post-judgment services are compensable, if at all, only to the extent they were reasonable, adequately documented, and within the scope of the entitlement ruling. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309 (11th Cir. 2001). Entry 551 (September 12, 2025; 4.5 hours; $2,497.50) combines a review of "all billing entries, expenses, and costs" with drafting and

editing the fee motion and supporting declaration (Doc. 139-1 at 81), and entry 557 (3.0 hours; $1,665.00) concerns rate research (id. at 82). The size of these categories warrants scrutiny, but any reduction must rest on demonstrated excess or overlap.

The Court resolved the Rule 60(b)(6) motion on diligence and the record regarding prior counsel (Doc. 129), and the Eleventh Circuit, while affirming, declined to impose sanctions under Rule 38. Plaintiff does not contend that the Rule 38 ruling bars an award or question Doc. 129. Entries 589 and 590 (October 27–28, 2025; 8.1 hours; $6,115.50) identify race- and disability-related merits arguments, and other entries (including 583, 587, 594, 601, and 608) concern prior counsel's declarations and text messages. Alternative arguments may be reasonable even when the Court does not reach them; Plaintiff asks only that these entries be judged on their visible work, necessity, and overlap, and reduced to the extent they duplicate other time.

Takeda's billing records place its post-judgment and fee-related work in four chronological groups totaling $91,773.00 (164 entries; 139.2 hours), which contain mixed work: planning entries, entitlement-motion and Bill of Costs work, admission and conferral issues, the amount motion later denied without prejudice (Doc. 132), and the Rule 60(b)(6) opposition (Ex. A, Sched. 2). When Takeda moved on entitlement on February 13, 2025, it told the Court it expected to seek

approximately $318,869.50 in fees and expenses (Doc. 107 at 1 n.1, citing Doc. 84 at 12); its records show a further $69,113.50 in fees (133 entries; 100.7 hours) billed after that date. Plaintiff opposed the underlying entitlement motion (Doc. 91), but no objections were filed to the resulting Report and Recommendation, which the Court adopted (Doc. 108 at 1–2). Plaintiff does not contend that post-judgment time is never recoverable. She contends that the Court must still ask whether each category falls within the existing entitlement ruling and whether its hours, staffing, and documentation were necessary, proportionate, and fairly attributable to the claims on which fees were authorized, and that Takeda's declaration does not answer those questions. See Local Rule 7.01(c)–(d).

Takeda's Bill of Costs (Docs. 85, 85-1) remains unresolved (Doc. 139 at 10 n.5). Takeda billed eight entries to it (entries 467, 472, 477, 478, 479, 481, 482, and 505; 5.1 hours; $2,796.00), and entry 467 combines fee-documentation and cost work. Plaintiff asks that Takeda distinguish attorney services reasonably necessary to litigate a compensable fee application from routine preparation of a statutory Bill of Costs, that those entries be reduced for any identified duplication or excess, and that Takeda confirm that no item in Doc. 85-1 reappears among the expenses in Doc. 139. These are distinct questions: the reasonableness of professional time and the prohibition on recovering the same expense twice.

### G. Entry 531 requires clarification of its nexus to this action.

Entry 531, dated July 11, 2025 (0.6 hours; $453.00), records work following a call with opposing counsel: pulling discovery materials and emailing counsel about those materials and a severance plan (Doc. 139-1 at 77). To the extent the entry includes work on a distinct benefits matter rather than defense or resolution of this action, that portion should be identified and excluded. The present description does not supply that allocation, but it does not establish that the entire entry was unrelated to this litigation. Plaintiff does not ask the Court to adjudicate any benefits dispute.

### H. The Court should apply Durrett to Plaintiff's documented financial circumstances.

In fixing a fee award against a losing Title VII plaintiff, a court considers the plaintiff's financial resources as a limiting factor, so that the award serves the statute's deterrent purpose without subjecting the plaintiff to financial ruin. *Durrett*, 678 F.2d at 916–17. Limited means reduce but do not eliminate an otherwise authorized award, and the inquiry looks beyond unemployment alone. *Id.* Plaintiff therefore asks the Court first to determine compensable hours and rates, and then to assess the resulting sum against her sworn financial statement. Takeda invokes other statutory grounds as well (Doc. 139 at 3); Plaintiff asks the Court to apply *Durrett* to the extent the governing fee-shifting authority permits. Plaintiff does not rely on the conduct of any prior counsel for this request.

Plaintiff's employment of more than twenty-six years ended March 31, 2026, and despite applications and interviews she has no replacement employment (Ex. B ¶¶ 4–5). She has received no severance, and Takeda relied on the asserted fee indebtedness in denying it (Ex. B ¶ 6). Those disputes are not presented for decision here; they matter only because they bear on her income and resources. Plaintiff relies on her sworn declaration and schedules of income, assets (including retirement accounts), necessary expenses, and liabilities (Ex. B ¶ 14 & Sched. 4), which accompany a motion under Local Rule 1.11 as a proposed sealed item, together with a public version showing only the redactions for which approval is sought. Plaintiff asks the Court to make an express finding on her capacity to pay. If Takeda disputes any material fact in Exhibit B, Plaintiff requests an opportunity to be heard; any request for an evidentiary hearing is made by separate filing under Local Rule 3.01(i).

## I. Alternative relief: one reasoned percentage reduction in place of overlapping deductions.

Plaintiff offers alternative methods for resolving the challenged hours. The Court may make the specific, supported deductions identified in Exhibit A or, if the volume of records makes individual determinations impractical, apply one reasoned percentage reduction to the relevant disputed hours in place of them, removing any separately excluded out-of-scope work from that pool so that no deficiency supports more than one reduction. See *Bivins*, 548 F.3d at 1350–52. The

Court should determine reasonable rates separately and then consider Plaintiff's financial resources under *Durrett*. The order should identify the district-court work included, avoid duplicate recovery of any expense also sought in Doc. 85, and not adjudicate unsubmitted later or appellate work (see Doc. 139 at 6 n.2).

**CONCLUSION**

Plaintiff respectfully requests that the Court (1) determine reasonable Tampa-market rates for each timekeeper; (2) make the supported hour and expense adjustments identified in this response and Exhibit A; (3) require clarification or protected review of specifically challenged entries; (4) make findings limiting the award in light of her sworn financial evidence under *Durrett*; (5) alternatively, apply one reasoned percentage reduction in place of overlapping individual deductions; and (6) grant such further relief as is proper. Plaintiff requests no reconsideration of entitlement and no determination of any separate benefits dispute.

RESERVATION OF RIGHTS: Plaintiff submits this response solely to contest the amount of fees and expenses requested in Document 139. Plaintiff does not seek reconsideration of the existing entitlement ruling, does not request adjudication of separate employment or benefits disputes, and does not concede the accuracy or authorization of representations made by former counsel. Plaintiff does not disclose or waive privileged attorney-client communications or place the

substance of legal advice at issue, and does not rely on any position concerning an attorney's standard of care. No admission, estoppel, or waiver is intended. Nothing herein is intended to waive any privilege or relinquish any claim or defense not adjudicated in this proceeding, and Plaintiff reserves all rights to the extent permitted by law.

Respectfully submitted November 20, 2026.

**LAW OFFICES OF JARED M. WICHNOVITZ, P.C.**

By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.
*Pro Hac Vice Granted*
N.J. Bar I.D. Number 414022022
50 Harrison Street, Suite 206, P.O. Box 631
Hoboken, New Jersey 07030
Phone: (732) 765-2157
Fax: (732) 358-0178
Email: Jared@WichnovitzLaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2026, the foregoing was filed electronically using the Court's CM/ECF system, which will send notice to all counsel of record.

By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.