**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| SHANNON OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 8:23-cv-00590-TPB-CPT |
| v. | ) | |
| | ) | |
| TAKEDA PHARMACEUTICALS AMERICA, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**PLAINTIFF'S MOTION TO SEAL EXHIBIT B (DECLARATION OF SHANNON OLSON REGARDING FINANCIAL CIRCUMSTANCES), WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Shannon Olson moves under Local Rule 1.11 to seal Exhibit B to her Response in Opposition to Defendant's Renewed Supplemental Motion to Determine the Amount of Attorneys' Fees and Expenses (Doc. 139). No statute, rule, or order requires sealing, so this is a "Motion to Seal" under Local Rule 1.11(b)(1). A public version of Exhibit B with narrow redactions is filed with the Response.

**1. Description of the item (L.R. 1.11(b)(2))**

Exhibit B is Plaintiff's sworn declaration under 28 U.S.C. § 1746 regarding her financial circumstances, with Schedules 1 through 4 (assets, necessary monthly expenses, liabilities, and a financial summary). It contains line-item account balances and institutions, creditor identities and balances, household expenses, and information about Plaintiff's three adult children, who are not parties, including their ages, residences, schooling, expenses, and custodial-account balances. Account numbers and other identifying numbers have been omitted.

**2. Filing the item is necessary (L.R. 1.11(b)(3))**

Plaintiff asks the Court to consider her financial resources in fixing any award against her. *Durrett v. Jenkins Brickyard, Inc*., 678 F.2d 911, 916–17 (11th Cir. 1982). That inquiry requires evidence of her income, assets, expenses, and liabilities. Exhibit B is that evidence; without it the Court cannot make the finding Plaintiff requests.

**3. Sealing is necessary, and alternatives are unsatisfactory (L.R. 1.11(b)(3))**

Plaintiff has filed a public version of Exhibit B that leaves the declaration's narrative and the summary figures in Schedule 4 (liquid assets, receipts, expenses, deficit, and retirement balances) visible and redacts only (a) the narrative details of her adult children's ages, residences, schooling, and the itemization of their expenses in paragraph 13; (b) the children's custodial-account rows in Schedule 1, including balances; and (c) the names and balances of her non-vehicle creditors in Schedule 3. General household expense categories in Schedule 2 remain public.

That redacted version protects the public interest in understanding the basis of the Court's ruling. It does not, however, give the Court the line-item information it needs to evaluate the declaration, and Plaintiff cannot provide that information publicly without disclosing non-party financial and personal information and detailed personal account and creditor information. Children are already identified by initials; a pseudonym cannot protect the remaining information.

Specific reasons. (a) The children's accounts and details are the property and personal information of three non-party adults who have no stake in this fee dispute; public filing would expose their balances and circumstances to anyone. (b) Creditor names and balances for specific accounts would let the public identify Plaintiff's particular lenders and account standing, which creates identity-theft and solicitation risk and discloses more than the Court needs, because the aggregate liabilities and monthly payments remain public in Schedule 4.

**4. Memorandum of law (L.R. 1.11(b)(4))**

Filings that are material to a court's ruling carry a presumption of public access, which a party may overcome by showing good cause under a balancing of the interests favoring access against the interests favoring confidentiality. See *Romero v. Drummond Co*., 480 F.3d 1234, 1245–46 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311–12 (11th Cir. 2001); see also *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356,

1362–63 (11th Cir. 2021). A party's privacy interest in detailed personal financial information, and the interests of non-parties whose personal information would otherwise be disclosed, weigh in the balance, and those interests are strongest where, as here, the public version discloses the summary figures on which the Court's decision will turn. Plaintiff does not seek to seal any argument or any ruling. The Court's consideration of Exhibit B will remain transparent through the public version and its own findings.

**5. Proposed duration (L.R. 1.11(b)(5))**

Plaintiff proposes that the seal remain until 90 days after this case closes and all appeals are exhausted, consistent with Local Rule 1.11(e).

**6. Retrieval of tangible items (L.R. 1.11(b)(6))**

Not applicable. The proposed sealed item is filed electronically.

**7. Certification of interested non-parties (L.R. 1.11(b)(7))**

The following non-parties have an interest in the seal: Plaintiff's adult children L.M.O., C.R.O., and L.T.O., whose personal and account information appears in Exhibit B. Their names, mailing addresses, email addresses, and telephone numbers are:

**8. Item accompanying this motion (L.R. 1.11(b)(8))**

The proposed sealed item, the complete Exhibit B, is submitted with this motion through the Court's sealed-filing procedure and remains sealed pending an order resolving the motion.

**WHEREFORE**, Plaintiff requests that the Court seal Exhibit B (unredacted) for the duration proposed above and accept the public version filed with the Response.

Respectfully submitted November 20, 2026.

**LAW OFFICES OF JARED M. WICHNOVITZ, P.C.**
By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.
Pro Hac Vice Granted
N.J. Bar I.D. Number 414022022
50 Harrison Street, Suite 206, P.O. Box 631
Hoboken, New Jersey 07030
Phone: (732) 765-2157 | Fax: (732) 358-0178
Email: Jared@WichnovitzLaw.com
Attorneys for Plaintiff

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for the parties have conferred, and Defendant does not object to the filing of this motion or the relief sought as it relates to the sealing of the documents only.

Respectfully submitted November 20, 2026.

**LAW OFFICES OF JARED M. WICHNOVITZ, P.C.**
By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.
Pro Hac Vice Granted
N.J. Bar I.D. Number 414022022
50 Harrison Street, Suite 206, P.O. Box 631
Hoboken, New Jersey 07030
Phone: (732) 765-2157 | Fax: (732) 358-0178
Email: Jared@WichnovitzLaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on November 20, 2026, the foregoing was filed using the Court's CM/ECF system, which will send notice to counsel of record, and that the proposed sealed item was separately served on counsel for Defendant by email.

By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.