# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANNON OLSON,
Plaintiff,
v. Case No. 8:23-cv-00590-TPB-CPT
TAKEDA PHARMACEUTICALS AMERICA, INC.,
Defendant.

**DECLARATION OF SHANNON OLSON REGARDING FINANCIAL CIRCUMSTANCES (DURRETT v. JENKINS BRICKYARD, INC., 678 F.2d 911, 916–17 (11th Cir. 1982))**

I, Shannon Olson, declare as follows:

1. I am the Plaintiff in this action. I am over eighteen, competent to make this declaration, and make it from personal knowledge. I submit it solely to inform the Court of my financial circumstances in connection with Takeda's request for fees and expenses (Doc. 139). I do not ask the Court to revisit any prior ruling.

2. I was employed as a pharmaceutical sales representative from December 13, 1999, until March 31, 2026, a period of more than twenty-six years. My employer was TAKEDA PHARMACEUTICALS AMERICA INC.

3. My gross compensation from that employment was approximately $171,422.96 in 2025 and approximately $43,969.20 in 2026 through March 31, 2026. I have had no employment compensation and/or wages for work performed after March 31, 2026.

4. My employment with Takeda Pharmaceuticals America, Inc. ended on March 31, 2026, after more than 26 years of continuous service, beginning December 13, 1999. Takeda informed me on January 14, 2026, that my position as a Neuroscience Sales Specialist was being eliminated effective March 31, 2026, as part of a company-initiated workforce reduction associated with the elimination of its Trintellix field sales organization. My separation was involuntary. I did not resign or voluntarily elect to leave my employment.

5. Since March 31, 2026, I have not obtained replacement employment. I have applied for approximately 82 positions, including pharmaceutical sales and non-sales positions, and have had approximately 11 interviews. None has resulted in an offer.

6. After my employment ended on March 31, 2026, I submitted a claim for severance benefits under the Takeda U.S. Severance Plan on June 25, 2026. By letter dated August 20, 2026, the Plan's U.S. Benefit Administrative Committee denied the claim, stating that I was ineligible under the Plan's exclusion for employees who fail to promptly and fully repay indebtedness demanded by the Employer. The letter relied on the attorneys' fees and expenses Takeda requested in Doc. 113 (approximately $339,418.66). I have received no severance. I dispute the denial and have appealed it in a separate administrative proceeding, which remains pending. I mention it only because it affects my present resources; I do not ask this Court to decide it.

7. My current sources of money, by amount, frequency and end date are: unemployment benefits: $275.00 per week, ended November 4, 2026 (total amount $3300.00); child support from children's father: $2000.00 per month, ending May 2027. Takeda payments after March 31, 2026, for my FY2025 incentive (paid June 2026) and a vacation payout, totaled $11,099.39 net of taxes and withholdings. I distinguish these sources from withdrawals from my savings and from borrowing, which are described in paragraph 8.

8. Since April 1, 2026, I have borrowed or increased my debt by approximately $115,544: a $30,000 personal loan; a $27,000 vehicle loan to purchase a vehicle (my prior vehicle was a company vehicle provided by Takeda; the loan financed the vehicle and was not cash available for household expenses); and credit card balances that rose from $0.00 on March 31, 2026 to $58,543.79 as of November 20, 2026. The loan amounts are original principal; current balances appear in Schedule 3. This does not include a vehicle loan for LMO's truck that I held before March 31, 2026. I also withdrew approximately $2,600 from savings.

9. Schedule 1 (attached) lists my assets. For each significant asset it states my ownership share, gross value, any secured debt, net equity, liquidity and restrictions on access, and the valuation date and basis. It includes bank and savings balances, retirement and investment accounts, business interests and vehicles. I have not included full account numbers or other identifying numbers.

10. Schedule 2 (attached) lists my necessary monthly expenses, including ordinary housing costs (rent or mortgage), utilities, insurance, health related expenses, transportation, food and other recurring items. It lists only expenses I actually incurred.

11. Schedule 3 (attached) lists my liabilities as of November 20, 2026, with current balances separate from monthly payments. It includes actual unpaid obligations only. It does not deduct legal fees I have already paid, which reduced my cash.

12. I am the managing member of Fit Life Active Wear, LLC (Florida Document No. L14000158028), a Florida limited liability company in which I own 100 percent. The company is a lifestyle apparel company. Its assets have not been appraised, its liabilities are approximately $0.00, and its net income was $0.00 in 2025 and $0.00 in 2026 through November 20, 2026. The registered trademark FIT LIFE (U.S. Reg. Nos. 4809477 and 5178879) is owned of record by the trustee of the Shannon Olson Revocable Trust. The registrations have not been appraised and their value is undetermined. Sips & Sunsets is a trademark I own; it has not been appraised.

13. I have three children. LMO, age 21, lives at home. CRO, age 19, sophomore in college, lives at home when not in school. LTO, age 18, senior in high school, lives at home. The amount I provide toward their support per month varies. Based on 2026 through end of October I spent approx. $1520.00 per month in addition to living expenses. These expenses include college housing, tuition misc, books, fees, college applications, clothing, etc.

14. Financial summary as of November 20, 2026 (Schedule 4): available liquid assets of approximately $5,943.22; net monthly receipts of approximately $2,000.00, consisting of child support that ends in May 2027; necessary monthly expenses of approximately $11,205.29; a monthly deficit of approximately ($9,205.29), which I have been covering through savings, personal-loan proceeds and credit-card borrowing as described in paragraph 8; and retirement account balances of approximately $1,604,929.32, held in retirement accounts. Cash distributions would reduce my retirement savings and would be subject to federal income tax to the extent taxable, together with any applicable additional early-distribution tax. I reside in Florida. The Fidelity account is an employer-sponsored 401(k) plan account, and the Raymond James account is a traditional individual retirement account. I have no positive realizable equity in my vehicles, and the value of my business interest and trademarks has not been appraised.

15. I make this declaration so the Court can consider my income, necessary expenses, liquid assets, realizable equity, retirement and investment interests, liabilities and dependents as a complete picture and not unemployment alone. If Takeda disputes any material fact in this declaration, I ask for the opportunity to be heard.

16. Schedules 1 through 4 are attached and incorporated into this declaration. I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing, including those schedules, is true and correct.

Executed on November 20, 2026, at St Pete Beach, Florida.



Shannon Olson

## SCHEDULE 1 — ASSETS

| Asset (type) | My ownership share | Gross value | Secured debt | Net equity | Liquidity / restrictions | Valuation date and basis |
|---|---|---|---|---|---|---|
| Fidelity 401K | 100% | $1,541,701.24 | $0.00 | $1,541,701.24 | Retirement account; withdrawals are taxable as ordinary income and, if applicable, subject to an additional 10% early-withdrawal tax. | Balance viewed online Nov. 20, 2026 |
| Fidelity Brokerage | 100% | $1378.30 | $0.00 | $1378.30 | | November 20, 2026 |
| Fidelity Cash Management | 100% | $42.31 | $0.00 | $42.31 | | November 20, 2026 |
| AbbVie Inc | 100% | $140.92 | $0.00 | $140.92 | | November 20, 2026 |
| Raymond James IRA | 100% | $63,228.08 | $0.00 | $63,228.08 | Retirement account; withdrawals are taxable as ordinary income and, if applicable, subject to an additional 10% early-withdrawal tax. | Balance viewed online Nov. 20, 2026 |
| Raymond James- LMO | 0% | $6,438.93 | | $0.00 | Custodial accounts (Florida UTMA) held by me as custodian for my children at Raymond James: The accounts were funded by my father as gifts. The assets are the legal property of my children, are held solely for their benefit, and are not available to me for my own use or to satisfy any obligation of mine. | N/A |
| Raymond James- CRO | 0% | $6,537.39 | | $0.00 | Custodial accounts (Florida UTMA) held by me as custodian for my children at Raymond James: The accounts were funded by my father as gifts. The assets are the legal property of my children, are held solely for their benefit, and are not available to me for my own use or to satisfy any obligation of mine. | N/A |
| Raymond James- LTO | 0% | $6,433.55 | | $0.00 | Custodial accounts (Florida UTMA) held by me as custodian for my children at Raymond James: The accounts were funded by my father as gifts. The assets are the legal property of my children, are held solely for their benefit, and are not available to me for my own use or to satisfy any obligation of mine. | N/A |
| Navy Federal Checking | 100% | $4120.13 | | $4120.13 | Unrestricted / liquid cash | November 20, 2026 |
| Navy Federal Savings | 100% | $6.50 | | $6.50 | Unrestricted / liquid cash | November 20, 2026 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Alliant Credit Union Checking | 100% | $140.68 | | $140.68 | Unrestricted / liquid cash | November 20, 2026 |
| Alliant Credit Union Savings | 100% | $114.38 | | $114.38 | Unrestricted / liquid cash | November 20, 2026 |
| Fit Life Active Wear, LLC | 100% membership interest | Not appraised | N/A | N/A | N/A | Not appraised; value undetermined |
| FIT LIFE trademark registrations (U.S. Reg. Nos. 4809477, 5178879) Held by The Shannon Olson Revocable Trust | 100% through revocable trust | Not appraised | N/A | N/A | N/A | Not Appraised, Value undetermined |
| Sips & Sunsets Trademark | 100% | Not appraised | N/A | N/A | N/A | Not appraised; value undetermined |
| 2023 Jeep Wrangler | 100% | $14,688.00 | $24,635.91 | No positive realizable equity | My vehicle used for daily transportation | $14,688 (per KBB) Nov. 20, 2026 |
| 2018 Ford F150 | 100% | $14,960.00 | $25,227.00 | No positive realizable equity | Personal vehicle used by LMO | $14,960 - $17,660 (KBB) Nov. 20, 2026 |

## SCHEDULE 2 — NECESSARY MONTHLY EXPENSES

| Expense | Monthly amount | Notes |
|---|---|---|
| Rent | $3500.00 | |
| Duke Energy | $372.00 | Monthly Average based on 2026 |
| Waste Connections | $13.00 | |
| Pinellas County Utilities | $97.00 | Average based on 2026 |
| Teco | $52.00 | |
| Spectrum | $173.00 | |
| Grocery | $1800.00 | Average based on 2026 to date/ 3 kids |
| Pool | $100.00 | Non negotiable per home owner |
| Navy Federal Vehicle Loan | $440.16 | My Vehicle |
| USAA Vehicle Loan- LMO | $525.02 | LMO (Son) Vehicle |
| Vehicle Insurance | $274.00 | |
| Gas/Vehicle Maintenance | $500.00 | Aprox |
| CRO College Expenses | See ¶ 13 and Schedule 4 | Varies Per Month |
| LTO High School Expenses | See ¶ 13 and Schedule 4 | Varies Per Month |

**SCHEDULE 3 — LIABILITIES AS OF November 20, 2026**

| Creditor / type | Current balance | Monthly payment | Secured? (netted on Schedule 1?) |
|---|---|---|---|
| USAA Vehicle Loan | $25,227.00 | $525.02 | Netted on Schedule 1 |
| Navy Federal Vehicle Loan | $24,635.91 | $440.16 | Netted on Schedule 1 |
| | | | |
| USAA Credit Card | $5,237.00 | $53.00 | |
| Navy Federal Credit Card | $25,060.79 | $351.51 | |
| Alliant Credit Union Loan | $27,650.55 | $661.60 | |
| Discover Credit Card | $9,799.00 | $392.00 | |
| Target Red Card Credit Card | $4,217.00 | $76.00 | |
| US Bank Credit Card | $11,467.00 | $229.00 | |
| Synchrony One Card Credit Card | $1,917.00 | $47.00 | |
| Synchrony Amazon Credit Card | $846.00 | $29.00 | |

**SCHEDULE 4 — FINANCIAL SUMMARY AS OF November 20, 2026**

| Item | Amount | Calculation / source |
|---|---|---|
| Available liquid assets | $5,943.22 | Sum of unrestricted checking, savings, cash management, brokerage, and stock accounts on Schedule 1 |
| Net monthly receipts | $2,000.00 | Child support of $2,000.00/month, which terminates in May 2027; $0.00 earned income and $0.00 unemployment benefits as of November 4, 2026 |
| Necessary monthly expenses | $11,205.29 | $11,205.29 equals $7,846.18 (Schedule 2, including vehicle loans) plus $1,839.11 (non-vehicle debt minimums) plus $1,520 (children's support) |
| Monthly surplus or (deficit) | ($9,205.29) | Net monthly receipts ($2,000.00) minus necessary monthly expenses ($11,205.29); if other income and expenses remain unchanged, termination of child support would increase the monthly deficit by $2,000.00 |
| Retirement account balances | $1,604,929.32 | Fidelity 401(k) $1,541,701.24 + Raymond James IRA $63,228.08, per balances viewed online November 20, 2026; withdrawals are taxable. There is no positive realizable equity in the vehicles. The LLC and trademarks have not been appraised |